IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES CARTER and RAEANN
CARTER,

        Plaintiffs,

v.                                            Case Number: 5:19-cv-00284-JPB

TRISTAR PRODUCTS, INC. and KOHL'S
CORPORATION,

        Defendants.

## MOTION TO COMPEL DEFENDANTS TO PRODUCE DISCOVERY

Plaintiffs Charles Carter and RaeAnn Carter, by and through undersigned counsel, respectfully moves this Court for an Order compelling Defendants Tristar Products, Inc. ("Tristar") and Kohls Corporation ("Kolhs") to produce discovery as described herein.[1]

This is a product liability case involving a defectively designed and manufactured Tristar Pressure Cooker (the "Subject Pressure Cooker") that exploded and horribly burned Plaintiff Charles Carter. Dozens of other lawsuits and claims have been filed in various federal and state courts around the country against Defendant Tristar by individuals who have likewise been burned by Tristar Pressure Cookers. Indeed, <u>Defendant Tristar has already settled a class action lawsuit filed in the Northern District of Ohio (related solely to economic damages, not personal injuries) that alleged the *same exact defects* in **19 different** Tristar Pressure Cooker models, *including* the Subject Pressure Cooker model</u>. *See Chapman et al v. Tristar Products, Inc.,* Case No. 16-cv-

---

[1]     Defendants Tristar and Kohls are represented by the same defense counsel.

01114 (N.D. Ohio).[2] This federal class action case settled during trial after the full exchange of discovery. *Id*.

Notably, upon information and belief, all Tristar Pressure Cookers, regardless of model, are substantially similar and contain the same exact alleged defect—namely, a defective safety lid locking mechanism which is supposed to prevent a cooker's lid from coming off if any pressure is still inside the cooker. Yet here, as well as in numerous other similarly reported incidents and filed cases, the Tristar Pressure Cookers' marketed safety features failed, causing the cookers to explode when the lid was released, injuring countless individuals.

Plaintiffs now bring this motion because Defendants, instead of fully answering Plaintiffs' interrogatories and producing all relevant, responsive documents, have refused to produce the discovery described below based on relevancy and burden objections. Specifically, both Defendants Tristar and Kohls have refused to produce, and have improperly limited discovery, regarding, *inter alia*, any other Tristar Pressure Cooker models or other pressure cooker brands besides the Subject Pressure Cooker model and two additional models, despite the fact that the various Tristar Pressure Cooker models (at least 19 different models) are substantially similar and allegedly contain the **<u>same exact defect</u>**. Indeed, the vast majority of the other Tristar Pressure Cooker explosions occurred prior to the Subject Pressure explosion here, putting Defendants on notice of the defects in the Tristar Pressure Cookers. Yet, regardless of the above, <u>Defendants flatly refuse to produce this discovery</u>, **despite the fact that this discovery has already been collected and likely produced in dozens of other Tristar Pressure Cooker lawsuits, including**

---

[2] Tristar Pressure Cooker models with identical defects that were included as part of the class action settlement include model numbers: PPC 770, PPC770-1, PPC 780, PPC 780P, PPC 790, PCXL/PRO8, PC-PR08, YDB60-100, PC-WAL1, PC-TRI6, PCXL/PRO6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC 773, PC-WAL 2, PC-WAL 3, and PC-WAL 4.

**being produced in the class action case which settled after the full exchange of fact and expert discovery**.[3]

As set forth herein, Defendants' objections to producing the discovery described herein are meritless. The Court should issue an Order compelling Defendants to fully answer interrogatories and requests for production of documents, and produce such documents, within ten (10) days of its order.

### FACTS REGARDING TRISTAR'S PRESSURE COOKERS

This case involves Plaintiff Charles Carter, a 48-year-old EMT and a volunteer fireman in Marion County, WV and father of two, who, on February 16, 2018, suffered serious second degree burn injuries and permanent scarring to his abdomen, his left hand, and left arm when the family's Subject Tristar Pressure Cooker exploded, spewing scaling hot liquid onto Charles. *See* May 5, 2020 Affidavit of Patrick C. Booth, Esq. ("Booth Aff"), Pls' Compl. at ¶ 12, attached as Exhibit A. The Subject Pressure Cooker was manufactured and sold by Defendant Tristar, and Plaintiffs purchased the Subject Pressure Cooker at a Defendant Kohls store in West Virginia. *Id*. at ¶ 11.

Defendant Tristar's various electronic pressure cooker models are all substantially similar—they all come with a basic cooker base and lid, but contain slight differences such as quart size (*e.g*., 6 quarts vs. 8 quarts) and additional features (such as faster cooking time). Defendant Tristar touts that all its pressure cooker models are designed with several "Built- In Safety Features," which purport to keep individuals safe while using the pressure cookers. Such safety features include a supposed "lid safety device." The "lid safety device" is intended to prevent the

---

[3] There have been *at least* 19 separate personal injuries lawsuits filed against Tristar related to its Pressure Cookers, in addition to the class action lawsuit refenced above.

cooker from building up pressure inside the cooker if the lid is not closed properly, as well as to prevent the lid from opening or coming off until all pressure is released from the cooker.

Defendant Tristar aggressively warrants, markets, advertises and sells its pressure cookers as "state of the art kitchen science," allowing users to cook "wholesome, sit down, family-style meal[s] with just the push of a button;" "in a fraction of the time" as other kitchen appliances; and that "[t]here's no safer way to cook." Additionally, on its website, Defendant Tristar emphasizes the "Built-In Safety Features" as one of the characteristics that helped its pressure cookers become "The Best Electronic Power Cooker On The Market."

Unfortunately, Tristar Pressure Cookers' "Safety Features" are defective and fail to properly function to prevent a cooker's lid from coming off or being removed with normal force while the cooker remains pressurized, despite the appearance that all the pressure had been released from the cooker. As stated *supra*, at least 19 different Tristar Pressure Cooker models have the same exact defect with their "Built -In Safety Features", and all such models contain the same insufficient and misleading safety warnings.[4] The same defects in these Tristar Pressure Cookers have now horribly burned and injured countless Tristar Pressure Cooker users across the country, including Plaintiff Charles Carter, leading to dozens of lawsuits.

## FACTS REGARDING DISCOVERY SOUGHT

On December 5, 2019, Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents on Defendants Tristar and Kohls. *See* Booth Aff., Exhibit B, Pl's First Set of Requests and Interrogatories to Tristar; Exhibit C; Pl's First Set of Requests and Interrogatories to Kohls. At issue in this case is, *inter alia*, whether Defendant Tristar could have implemented a safer feasible alternative design or could have changed the labeling for the Subject

---

[4] Defendant Tristar has not disclosed the number of Tristar Pressure Cooker models it sells.

Pressure Cooker to make it reasonably safe for its intended use. Also at issue is, *inter alia*, whether Defendant Kohls continued to sell the Subject Pressure Cooker despite knowing of its defects and knowing the dangers regarding the pressure cookers the company sells. Therefore, Defendants' knowledge of the Tristar Pressure Cooker hazards, users' understanding of those hazards, and Defendants' efforts, or lack thereof, to eliminate those hazards are all material and critical issues in this case.

Accordingly, Plaintiff sought discovery regarding, *inter alia*, the Subject Pressure Cooker, as well as discovery regarding other pressure cooker models and brands concerning the issues of ***feasible safer alternative designs*** to the Subject Pressure Cooker, and Defendants' ***notice of the hazard*** that pressure cooker defects posed to unsuspecting consumers. *Id.*, *see, e.g.,* verbatim requests and interrogatories to Tristar at issue, Request Nos. 1-5, 7-15, 19-22, 24-28, 32, 35, 43, 46, 47, 49-54, 57, 60, 62, 65, *passim*; Interrogatory Nos. 3, 10-12, 17, 19, 20, *passim*. Such discovery also included, *inter alia*, Defendants' knowledge of the differences among pressure cookers, and their knowledge and understanding of the pressure cooker hazards at issue. *Id*.

Importantly, as noted above, after the full exchange of discovery, Defendant Tristar already settled a class action lawsuit where the same exact defects and false warnings were alleged in at least 19 different Tristar Pressure Cooker models, including the Subject Pressure Cooker model. *See* Booth Aff., Exhibit D, Notice of Class Action Settlement (listing Tristar models and defects). The Notice of Class Action Settlement, which describes the same exact defects and same false warnings for all 19 models, was approved by Defendant Tristar and owners of all 19 models across the country were eligible to participate in the class action settlement. *Id*.

On February 4, 2020, after seeking and getting an extension to provide responsive discovery, Defendants provided significantly deficient responses to Plaintiffs' First Set of

5

Interrogatories and Requests for Production of Documents.  *See* Both Aff., <u>Exhibits E, F</u>, Defendants' Responses to Pls' First Set of Requests and Interrogatories.  In their responses to Plaintiffs' discovery, Defendant Tristar improperly refused to produce discovery regarding, *inter alia*, Tristar Pressure Cooker models other than the Subject Pressure Cooker model, stating that such interrogatories and requests were "overly broad", "unduly burdensome", and "not reasonably calculated to lead to the discovery of admissible evidence", even though Tristar produced this discovery in other cases, it was not burdensome, and these documents are clearly discoverable.  *Id., see* Defendants' verbatim responses to requests and interrogatories.  Defendant Kohls, likewise, also refused to produce discovery related to any other Tristar Pressure Cooker model, or any other brand of pressure cooker that Kohls sells.  *Id*.

On February 19-20, 2020, Plaintiffs' counsel wrote to Defendants' counsel advising that Defendants' responses and objections were insufficient and meritless, and asking Defendants to change their position described above and produce the discovery described herein and attached.  *See* Booth Aff., <u>Exhibits G, H</u>.

***Specifically***, Plaintiffs are seeking, *inter alia*, the following discovery and information related to <u>all</u> pressure cooker brands and models that Defendants Tristar and Kohls manufacture, market, distribute, and/or sell:

- Prior lawsuit discovery (including, for example, prior produced discovery, expert reports, and deposition transcripts);
- Complaints or reports of pressure cooker defects and/or related injuries;
- Pressure cooker safety and functioning testing and inspection discovery;
- Communications with any individual or entity regarding pressure cooker safety;

- Design, manufacture, and warnings discovery, including discovery on any differences between pressure cooker models or brands;

- Any related pressure cooker trademarks or patents;

- Discovery regarding any alternative pressure cooker designs, including alternative safety features; and

- Any discovery related to pressure cooker dangers and Defendants' knowledge of those dangers.

*See* Document Requests and Interrogatories to Defendant Tristar: Interrogatory Nos. 2, 3, 7, 8, 10-12, 14-20; Request Nos. 1-5, 7-37, 42-47, 49-54, 56-66; Document Requests and Interrogatories to Defendant Kohls: Interrogatory Nos. 3, 9, 11, 15, 16; Request Nos. 5, 12, 32.[5]

Thereafter, the parties exchanged correspondence, and met and conferred, regarding the discovery dispute. *See* Booth Aff., Exhibit I-L.

On April 16, 2020, the parties attended a discovery conference before the Court, and were ordered by the Court to continue to meet and confer. The Court further ordered that if the parties could not reach a resolution by May 1, 2020, Plaintiffs may file their motion to compel discovery.

On April 30, 2020, the parties met and conferred *via* telephone regarding Defendants' objections to producing the requested discovery. On May 4, 2020, Defendants' counsel emailed Plaintiffs' counsel and confirmed that the parties were at an impasse and could not reach a resolution of the discovery dispute. *See* Booth Aff., Exhibit M.

In sum, Defendants have maintained their improper objections and refused to produce responsive discovery despite the fact that much, if not all, of this discovery has already been

---

[5] For the vast majority of Plaintiffs' Document Requests to Defendant Kohls, Defendant Kohls simply responds "None." To the extent Kohls was limiting its responses to the Subject Pressure Cooker model only, Plaintiff also moves to compel responses and discovery related to other pressure cooker brands and models as described herein.

produced in other cases, including in a class action case. Accordingly, Plaintiffs' motion should be granted.

## ARGUMENT

Plaintiffs bring this motion because Defendants have unilaterally limited, and refused to produce, relevant discovery. Defendants' scope, burden, and relevancy objections are meritless, particularly as Defendant Tristar has already collected and produced the majority of the requested discovery in other related litigations. Accordingly, Plaintiffs respectfully request that this Court issue an order compelling Defendants to answer discovery requests and interrogatories described herein, and provide all responsive discovery within ten (10) days of its order.

### I. DEFENDANTS' OBJECTIONS ARE WITHOUT MERIT AND THEIR FAILURE TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS IS A VIOLATION OF THEIR DISCOVERY OBLIGATIONS

#### A. Defendant Tristar Should Be Compelled to Produce Relevant Discovery

Defendant Tristar has impermissibly failed to produce the discovery described herein on the grounds that Plaintiffs' interrogatories and requests are "overly broad", "unduly burdensome", and "not reasonably calculated to lead to the discovery of admissible evidence." Without more, Defendants' objections regarding scope and burden are not a basis for refusing to produce to this discovery, and Defendants have wholly failed to specify how these interrogatories and requests are not reasonably calculated to lead to the discovery of admissible evidence. Indeed, unless limited by a court order, parties in civil litigation enjoy broad discovery as detailed in Fed. R. Civ. P. 26(b)(1) which states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

8

> resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable

Fed. R. Civ. P. 26(b)(1).

"[T]he discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). The discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1). To be relevant, the information sought must be "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Hickman*, 329 U.S. at 501. "Relevancy" for the purposes of Fed. R. Civ. P. 26(b)(1) is construed broadly. *Hughes v. Sears, Roebuck and Co.*, 09-cv-93, 2010 WL 4978996, at *7 (N.D. W.Va. Dec. 2, 2010) (citing *Katz v. Batavia Marine & Sporting Supplies, Inc*., 984 F.2d 422, 425 (Fed. Cir. 1993). "[T]he burden is on the party resisting discovery to support an objection based on lack of relevancy". *Edwards v. Arctic Cat, Inc*., 12-cv-3269, 2013 WL 4017152, at *3-4 (S.D. W.Va. Aug. 6, 2013) (internal citation omitted).

To begin, numerous courts have held that the mere objection that an interrogatory is overly broad and unduly burdensome is inadequate. "[W]hile it is not *per se* unreasonable for a party to object on the basis that a request is overly broad, burdensome, or seeks irrelevant information, the objecting party has an obligation to show specifically why responding to the request would create a burden or how the request is overly broad in relation to the claims and defenses presented in the litigation." *Patrick v. Teays Valley Trustees, LLC*, 297 F.R.D. 248, 256 (N.D. W. Va. 2013).

9

Here, Defendant Tristar does not explain or show how the discovery sought is overly broad and unduly burdensome, nor could it. These objections are meritless, particularly because Tristar has already produced much, if not all, of this discovery in other litigations.

As to whether Plaintiffs' document requests and interrogatories are reasonably calculated to lead to the discovery of admissible and relevant evidence, all of the information sought by Plaintiffs squarely fits into these categories. As described in detail below, evidence of feasible safer alternative designs in similar pressure cookers to the Subject Pressure Cooker model is directly relevant to Plaintiffs' design defect claims and Defendants' knowledge of the defective pressure cooker hazard. *See, e.g., Hughes*, 2010 WL 4978996, at *7; *Edwards v. Arctic Cat, Inc.*, 12-cv-3269, 2013 WL 4017152, at *3-4 (S.D. W. Va. Aug. 6, 2013) (granting plaintiff's motion to compel regarding discovery related to other models of off-road vehicles because "[i]t is widely-accepted that discovery of other incidents involving the same or similar claims and the same or similar products is permissible in a products liability action.").

### 1. The Subject Pressure Cooker and Pressure Cookers Sold for a Similar Purpose

The Subject Pressure Cooker and other model pressure cookers <u>all possess the same basic characteristics pertinent to the legal issues in this case</u>—namely, each possess a defective safety lid that allows the lid to come off the pressure cooker while there is still built-up pressure in the cooker, despite the fact that the cooker's safety features are supposed to lock the lid in place if any pressure is inside the cooker. What steps can be used to prevent a pressure cooker's lid from being removed from the cooker if pressure is still built up inside the cooker, and what warnings Tristar gave to users of its various models of pressure cookers, is relevant to, *inter alia*, (i) Tristar's defective design of the Subject Pressure Cooker, (ii) whether the Subject Pressure

Cooker was reasonably safe for its intended use, and (iii) what alternative warnings should have been provided to pressure cooker users.

**"[D]iscovery of similar, if not identical, models is routinely permitted in product liability cases**." *Cohalan v. Genie Indust., Inc.*, 276 F.R.D. 161, 164-67 (S.D.N.Y. 2011)(internal citation omitted)(emphasis added); *see also Brewster v. Dorel Juvenile Group, Inc.*, No. 05-cv-005, 2005 WL 2495761, at *3 (W.D. Wis. Oct. 7, 2005) ("evidence that that defendant knew of different, safer design [] would be directly relevant to plaintiffs' theory that defendant had safer alternatives that it could have employed exclusively but declined to do. None of this evidence by itself would suffice to establish a disregard for plaintiffs' rights, but all of it is relevant to the process. Therefore, it is discoverable.")

In *Brownlow v. General Motors Corp.*, 05-cv-414, 2007 WL 2712925, at *5-7 (W.D. Ky. Sept. 13, 2007), for example, the court granted plaintiff's motion to compel discovery on vehicle models other than the model at issue because "[i]nformation concerning prior models [] would remain relevant to issues of defect, notice of defect and GM's possible failure to respond to an alleged defect; whereas, discovery of information related to later models would remain relevant to reasonable alternative designs and their performance." *Id*. According to the court, "[i]nformation relating to the feasibility and effectiveness of alternative designs, and GM's knowledge of potentially safer designs, is highly relevant and thus discoverable." *Id*.

Likewise, in *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 614-16 (D. Kan. 2005), the Court granted plaintiff's motion to compel the production of information concerning the manufacturer's various models of child car seats because relevant to the feasibility of a safer, alternative design.

Here, the need to produce discovery regarding other pressure cooker models *is even more pronounced* than the supporting authority above, as all pressure cookers have the same basic design, safety features, and warnings, but contain slight feature differences such as quart size (e.g., 6 quarts vs. 8 quarts) and additional features (such as faster cooking time). To the extent there are any other differences in such Tristar models, such differences go *directly* to alternative feasible safer design to the Subject Pressure Cooker. In contrast, differences in automobiles, for example, can be significant (heavy truck vs. lightweight sedan), but even in those cases discovery on other models must still be produced.

In short, evidence of alternative sources of design and warnings are *directly* related to Plaintiffs' warnings and design defect claims for the Subject Pressure Cooker and are discoverable. Accordingly, such evidence related to other Tristar Pressure Cooker models is relevant and should be produced.

### 2. Evidence of Tristar's Knowledge of the Pressure Cooker Hazard

The discovery that Plaintiffs are seeking related to other pressure cooker models is also reasonably calculated to lead to relevant evidence of Defendants' notice and actual knowledge of the hazard that the Subject Pressure Cooker posed to unsuspecting coker users, including Plaintiffs.

As noted above, all pressure cooker models possess the same basic characteristics, including the same risks and defective designs. Upon information and belief, each of Tristar's Pressure Cooker models comes with an identical safety feature to prevent a pressure cooker's lid from coming off the cooker if pressure is still inside the product, and each comes with the same safety warnings. Each pressure cooker can also injure a user in a similar fashion—namely, a

user can be doused with scaling hot liquid when the cooker's lid comes off and violently ejects the liquid onto the unsuspecting user, which is exactly what happened to Plaintiff Charles Carter.

Here, Plaintiffs' interrogatories and requests are narrowly tailored to request information regarding Tristar's knowledge of pressure cooker hazards and knowledge of feasible alternative designs in light of those hazards. Such evidence is relevant to the claims or defenses raised in this action and certainly discoverable. *See Hughes*, 2010 WL 4978996, at *7 (granting plaintiff's motion to compel discovery concerning defendant's knowledge of problems with models of treadmills other than the model at issue); *Brewster*, 2005 WL 2495761, at *3 ("it is reasonable for plaintiffs to seek information about all of defendant's [] infant restraint seats because whatever defendant might have learned about a danger present in one such system could be viewed by a jury as information that defendant should have applied to its other models."); *Thompson v. Department of Housing and Urban Development*, 199 F.R.D. 168, 172 (D. Md. 2001) ("[O]ther incidents of the same type, or involving the same product could be properly discoverable....").

*Edwards v. Arctic Cat, Inc.*, 12-cv-3269, 2013 WL 4017152, at *3-4 (S.D. W. Va. Aug. 6, 2013) is instructive. In *Edwards*, Magistrate Judge Eifert in the Southern District of West Virginia soundly rejected similar arguments made by defendants in that case that discovery related to models other the model at issue was not relevant or discoverable. *Id*. In granting plaintiff's motion to compel discovery related to similar models other than the model at issue, Judge Eifert held that:

> Defendants' knowledge of defects and failure to warn, and to the issues of causation and punitive damages, evidence of other incidents involving the failure of [the product at issue in different models] is relevant. Thus, Plaintiffs have met their burden of apparent relevancy under Rule 26. To the contrary, Defendants have failed to show lack of relevance or that the discovery is of 'such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery.'

13

*Id.* (quoting *United Oil Co., Inc.*, 227 F.R.D. at 412).

Simply put, discovery of Defendant Tristar's knowledge of pressure cooker hazards is probative of Tristar's knowledge of the hazard, and what corrective steps it could have taken to prevent unsuspecting users, such as Plaintiffs, from being injured. Tristar makes no argument otherwise, nor could it. This information is discoverable and is not over broad or unduly burdensome, particularly since Tristar has already collected and/or produced this discovery in other litigations. Accordingly, Plaintiffs' motion should be granted.

### B. Defendant Kohls Should Be Compelled to Produce Relevant Discovery

Similar to Defendant Tristar, Defendant Kohls also refuses to produce discovery on any other pressure cooker brand or model other than the Subject Tristar Pressure Cooker model. For the reasons stated above, Defendant Kohls should also be compelled to produce discovery regarding other defective pressure cookers brands and models.

Defendant Kohls is a national retail chain that, upon information and belief, has sold various pressure cooker brands and models. Discovery regarding other pressure cooker brands and models that the company sold or sells goes directly to Defendant Kohls' knowledge of the defective pressure cooker hazards at issue here. More to the point, reports, complaints, and lawsuits filed against Defendant Kohls regarding pressure cooker defects goes directly to Plaintiffs' negligence and other claims against Kohls, as this discovery will show Defendant Kohls' knowledge of pressure cooker hazards, and its failure to warn its customers or take any preventable action to protect its customers for burn injuries, including Plaintiffs.

For the reasons stated herein, Defendant Kohls should be compelled to produce responsive discovery regarding any pressure cooker brand or model the company sold to unsuspecting consumers.

## CONCLUSION

This Court should compel Defendants to fully answer the above described interrogatories and discovery requests and produce responsive documents within ten (10) days of its order.

Dated: May 6, 2020

s/ Patrick C. Booth_____
Eric T. Chaffin, Esq.
Patrick C. Booth, Esq.
Steven D. Cohn, Esq., admitted *pro hac vice*
**CHAFFIN LUHANA LLP**
3200 Main Street
Weirton, WV 26062
Phone: (888) 480-1123
Fax: (888) 499-1123

Timothy Manchin, Esq.
Taylor B. Downs, Esq.
**MANCHIN INJURY LAW GROUP**
1543 Fairmont Ave., Suite 203
Fairmont, WV 26554

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that I caused the foregoing document to be served on the counsel of record below *via* the Court's ECF system on May 6, 2020.

s/ Steven D. Cohn
Steven D. Cohn

Jeffrey A. Holmstrand, Esq.
GROVE, HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, West Virginia 26003
jholmstrand@ghdlawfirm.com


Thaddeus J. Hubert, IV, Esq.
GOLDBERG SEGALLA
301 Carnegie Center Drive, Suite 200
Princeton, NJ 08540-6587
Thubert@goldbergsegalla.com

*Counsel for Defendant Tristar Products, Inc.
and Kohl's Corporation*