# Exhibit A

## IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

| | |
|---|---|
| CHARLES CARTER and RAEANN CARTER,<br><br>*Plaintiffs,*<br><br>vs.<br><br>TRISTAR PRODUCTS, INC.,<br>2620 Westview Drive<br>Wyomissing, Pennsylvania 19610,<br><br>and<br><br>KOHL'S CORPORATION,<br>N56 W17000 Ridgewood Drive<br>Menomonee Falls, WI 53051,<br><br>*Defendants* | Civil Action No.<br><br>Judge: |

## COMPLAINT

COMES NOW Plaintiffs Charles Carter and RaeAnn Carter, by and through their undersigned attorneys, and for the Complaint herein allege as follows:

## BACKGROUND AND NATURE OF THE ACTION

1. This is an action for damages arising from severe and disfiguring personal injuries suffered by Plaintiff Charles Carter from a defective Tristar Power Pressure Cooker ("Pressure Cooker") that suddenly and unexpectedly forcibly ejected its scalding hot contents from the Pressure Cooker and onto Plaintiff. The Pressure Cooker was designed, manufactured, marketed, sold, and/or distributed by Defendants Tristar Products, Inc. and Kohl's Corporation. Plaintiff's severe and disfiguring personal injuries include, but are not limited to, second degree burns to Plaintiff's abdomen, his left hand, and left arm, resulting in permanent injuries.

2. This action seeks to recover for the damages Plaintiffs have suffered as a direct and proximate result of the Defendants' strict liability, negligence, and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the Pressure Cooker.

## PARTIES

3. Plaintiff Charles Carter, at all relevant times herein, was a resident of Monongah, West Virginia.

4. Plaintiff RaeAnn Carter, at all relevant times herein, was a resident of Monongah, West Virginia.

5. Upon information and belief, Defendant Tristar Products, Inc. ("Tristar") is a Pennsylvania Corporation with its principle place of business located at 2620 Westview Drive, Wyomissing, Pennsylvania 19610. Defendant Tristar is a manufacturer and distributor of a wide range of consumer products, including the Pressure Cooker. Upon information and belief, at all relevant times, Defendant Tristar was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling

the Pressure Cooker throughout the United States, including in the State of West Virginia and in Ohio County in particular, which was intended and was in fact sold to consumers in Ohio County, West Virginia, and throughout the United States. At all relevant times, Defendant Tristar transacted, solicited, and conducted business in the State of West Virginia and in Ohio County, and derived substantial revenue from such business. At all relevant times, Defendant Tristar expected or should have expected that its acts would have consequences for residents of the State of West Virginia and for Ohio County in particular.

6. Upon information and belief, Defendant Kohl's Corporation ("Kohls") is a Delaware corporation with its principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, WI 53051. Upon information and belief, Defendant Kohls is the largest department store retail chain in the United States, with over 1,100 locations. Upon information and belief, at all relevant times, Defendant Kohls was engaged in the business of testing, packaging, promoting, marketing, distributing, labeling, and/or selling the Pressure Cooker, including in the State of West Virginia and in Ohio County in particular, which was intended and was in fact sold to consumers in West Virginia and Ohio County and throughout the United States. At all relevant times, Defendant Kohls transacted, solicited, and conducted business in the State of West Virginia and Ohio County, and derived substantial revenue from such business. At all relevant times, Defendant Kohls expected or should have expected that its acts would have consequences for residents of the State of West Virginia and in Ohio County.

7. Defendants Tristar and Kohls are hereinafter referred to collectively as "Defendants."

## JURISDICTION & VENUE

8. Defendants are authorized to do business and/or were transacting business in the State of West Virginia at all times material herein, and are liable for Plaintiffs' tortious injuries caused by acts and/or omissions committed in the State of West Virginia as is set forth herein.

9. Venue is proper in this Court pursuant to W.Va. Code §56-1-1 in that Defendants sold Pressure Cookers and other products in Ohio County, West Virginia as discussed *supra*.

## FACTUAL ALLEGATIONS

10. Defendants were the designers, manufacturers, testers, suppliers, sellers, and/or distributors of the Pressure Cooker.

11. Prior to February 16, 2018, Plaintiffs purchased the Subject Pressure Cooker from Kohls in West Virginia.

12. On or about February 16, 2018, when Plaintiff Charles Carter was at home in West Virginia, he attempted to turn the lid on the Pressure Cooker, when the Pressure Cooker's scalding hot contents suddenly and unexpectedly were forcefully ejected from the Pressure Cooker and onto Plaintiff, causing severe and disfiguring personal injuries to Plaintiff, including but not limited to second degree burns to Plaintiff's abdomen, his left hand, and left arm, resulting in permanent injuries.

13. Defendants sold and held out the Pressure Cooker as safe to use, and represented that a user could not remove the Pressure Cooker's lid if any pressure was still inside the Pressure Cooker. However, the Pressure Cooker's design made it unreasonably dangerous to operate. Safer alternative designs to the Pressure Cooker were available at the time Defendants sold the Pressure Cooker, but Defendants failed to utilize such safer alternative designs.

14. Defendants had a duty to test for, discover, and eliminate hazards wherever possible first before utilizing a potentially dangerous product design. Defendants also had a duty to guard against and warn of potential dangers if it was not possible to first eliminate hazards through a safer alternative design. As described below, Defendants failed to test for, discover, eliminate, guard against, and warn of hazards in the Pressure Cooker before utilizing its dangerous design. There were safer alternative designs that were available and feasible to Defendants' design of the Pressure Cooker. Defendants failed to utilize these feasible alternative designs, resulting in Plaintiffs' injuries.

## COUNT I
## (STRICT LIABILITY)

15. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint as if fully set forth herein.

16. At all times material to this action, the Defendants were responsible for formulating, designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling and/or selling the Pressure Cooker.

17. The Pressure Cooker was in a defective condition at the time that it was designed, manufactured, sold, and/or marketed by the Defendants and at the time it left Defendants' possession. The Pressure Cooker reached Plaintiffs without any substantial change in its condition and the Pressure Cooker was in the possession of the Defendants at the time the defect occurred.

18. The condition of the Pressure Cooker made it unreasonably dangerous for its intended use. Plaintiffs were users of the Pressure Cooker and were unaware of the defect and used the Pressure Cooker in a reasonable, foreseeable and intended manner. The injuries suffered by Plaintiffs were the exact type of injuries that can be caused by a defective Pressure Cooker.

19. The Pressure Cooker failed to perform as safely as an ordinary consumer, such as Plaintiff Charles Carter, would expect when used in an intended or reasonably foreseeable manner. The benefits of the design of the Pressure Cooker do not outweigh the risk of danger inherent in such design.

20. Defendants knew or should have known that the ultimate users of the products would not, and could not, inspect the Pressure Cooker or otherwise investigate so as to discover the latent defects described above.

21. Defendants could have provided a safer alternative design to the Pressure Cooker. Such safer alternative designs existed at the time the Pressure Cooker was manufactured, and it would not have substantially impaired the Pressure Cooker's utility. Such safer alternative designs were economically and technologically feasible at the time the Pressure Cooker left the control of the Defendants by the application of existing or reasonably achievable scientific knowledge. The Pressure Cooker's defective design was a proximate cause of Plaintiffs' injuries and damages.

22. The Pressure Cooker manufactured and/or supplied by Defendants was defective in manufacture, construction and/or composition in that, when it left the hands of Defendants, it deviated in a material way from Defendants' manufacturing performance standards and/or it differed from otherwise identical products manufactured from the same design. Defendants knew or should have known that the Pressure Cooker could fail, therefore giving rise to injuries like those suffered by Plaintiffs as described herein. Despite the aforementioned, Defendants continued to market and/or sell the Pressure Cooker as a safe and effective product.

23. The Pressure Cooker was also not accompanied by adequate instructions and/or warnings to fully apprise consumers, including Plaintiffs, of the full nature and extent of the risks associated with its use, thereby rendering Defendants liable to Plaintiffs.

24. The warnings that were given by the Defendants also were not accurate, clear, and/or were ambiguous and/or conspicuous. The warnings that were given by the Defendants failed to adequately warn of the dangers of using the Pressure Cooker.

25. The Defendants had a continuing duty to warn Plaintiffs of the dangers associated with the Pressure Cooker.

26. The Defendants, as manufacturers, distributors and/or sellers of the Pressure Cooker, that it did not uphold reasonably prudent standards of reasonable safeness and warning.

27. Had Plaintiff Charles Carter received adequate warnings regarding the risks of using the Pressure Cooker, Plaintiff would not have used the Pressure Cooker.

28. As alleged herein, as a direct and proximate result of the Defendants' acts and omissions, and the defective characteristics of the Pressure Cooker, Plaintiff Charles Carter suffered severe and permanent physical injuries, including but not limited to, second degree burns to Plaintiff's abdomen, his left hand, and left arm, resulting in permanent injuries. Plaintiff has endured substantial pain and suffering. Plaintiff has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has suffered a loss of earning capacity. Plaintiff has suffered and will continue to suffer economic loss, and/or has otherwise been physically, emotionally, and economically injured. Plaintiff's injuries and damages are permanent and will continue into the future. Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

## COUNT II
### (NEGLIGENCE)

29. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint as if fully set forth herein.

30. At all times material hereto, Defendants had a duty to exercise reasonable care to consumers and/or users, including Plaintiffs, in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling, and/or sale of the Pressure Cooker.

31. The Defendants breached their duty of reasonable care to Plaintiffs in that they negligently designed, developed, manufactured, tested, inspected, packaged, promoted, marketed, distributed, labeled, and/or sold the Pressure Cooker.

32. Plaintiffs' injuries and damages alleged herein were and are the direct and proximate result of the carelessness and negligence of the Defendants as follows:

   a) In their design, development, research, manufacture, testing, packaging, promotion, marketing, guarding, sale and/or distribution of the Pressure Cooker;

   b) In their failure to warn or instruct, and/or adequately warn or adequately instruct, users of the Pressure Cooker, including Plaintiff Charles Carter, of the Pressure Cooker's dangerous and defective characteristics;

   c) In their promotion of the Pressure Cooker in an overly aggressive, deceitful and fraudulent manner, despite evidence as to the Pressure Cooker's defective and dangerous characteristics due to its propensity to cause serious injury;

   d) In representing that the Pressure Cooker was safe for its intended use when, in fact, the product was unsafe for its intended use;

   e) In failing to perform appropriate pre-market testing of the Pressure Cooker;

   f) In failing to perform appropriate post-market testing of the Pressure Cooker; and

8

g) In failing to perform appropriate post-market surveillance of the Pressure Cooker.

33. The Defendants knew or should have known that users such as Plaintiff Charles Carter would foreseeably suffer injury as a result of the Defendants' failures to exercise reasonable and ordinary care.

34. As alleged herein, as a direct and proximate result of the Defendants' acts and omissions, and the defective characteristics of the Pressure Cooker, Plaintiff Charles Carter suffered severe and permanent physical injuries, including but not limited to, second degree burns to Plaintiff's abdomen, his left hand, and left arm, resulting in permanent injuries. Plaintiff has endured substantial pain and suffering. Plaintiff has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has suffered a loss of earning capacity. Plaintiff has suffered and will continue to suffer economic loss, and/or has otherwise been physically, emotionally, and economically injured. Plaintiff's injuries and damages are permanent and will continue into the future. Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

## COUNT III
## (BREACH OF IMPLIED WARRANTIES)

35. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint as if fully set forth herein.

36. The Defendants designed, manufactured, marketed, distributed, supplied, and/or sold the Pressure Cooker.

37. At the time that the Defendants manufactured, marketed, distributed, supplied, and/or sold the Pressure Cooker, they knew of the use for which the Pressure Cooker was intended and impliedly warranted it to be of merchantable quality and safe and fit for such use.

38. At the time the Defendants made implied warranties, the Defendants knew of or should have known of the concerns about the reasonably safe operation of the Pressure Cooker, but Defendants did not take the opportunity to cure the defects to make the Pressure Cooker of merchantable quality, safe or fit for its intended uses and purposes.

39. Plaintiff Charles Carter reasonably relied upon the skill, superior knowledge, and judgment of the Defendants.

40. Plaintiff Charles Carter used the Pressure Cooker for its intended purpose.

41. Due to the Defendants' wrongful conduct as alleged herein, Plaintiff Charles Carter could not have known about the nature of the risks associated with the Pressure Cooker until after Plaintiff used it.

42. Contrary to the implied warranty for the subject product, the Pressure Cooker was not of merchantable quality, and was not safe or fit for its intended uses and purposes, as alleged herein.

43. As alleged herein, as a direct and proximate result of the Defendants' acts and omissions, and the defective characteristics of the Pressure Cooker, Plaintiff Charles Carter suffered severe and permanent physical injuries, including but not limited to, second degree burns to Plaintiff's abdomen, his left hand, and left arm, resulting in permanent injuries. Plaintiff has endured substantial pain and suffering. Plaintiff has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has suffered a loss of earning capacity. Plaintiff has suffered and will continue to suffer economic loss, and/or has otherwise been physically, emotionally, and economically injured. Plaintiff's injuries and damages are permanent and will continue into the future. Plaintiff seeks actual and punitive

damages from the Defendants as alleged herein. Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

## COUNT IV
## (BREACH OF EXPRESS WARRANTY)

44. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint as if fully set forth herein.

45. Defendants expressly warranted that the Pressure Cooker was safe and fit for use by consumers and users, including Plaintiffs, for its intended purpose, that it was of merchantable quality, and that it was adequately tested and fit for its intended use.

46. At the time of the making of the express warranties, Defendants knew or should have known of the purpose for which the Pressure Cooker was to be used and warranted the same to be, in all respects, fit, safe, effective, and proper for such purpose.

47. At the time of the making of the express warranties, Defendants knew or should have known that, in fact, said representations and warranties were false, misleading, and untrue in that the Pressure Cooker was not safe and fit for its intended use and, in fact, produces serious injuries to the user.

48. Plaintiff Charles Carter relied on the Defendants' express warranties.

49. Defendants breached said express warranties, in that the Pressure Cooker was not safe and fit for its intended use and, in fact, causes debilitating injuries as described herein.

50. As alleged herein, as a direct and proximate result of the Defendants' acts and omissions, and the defective characteristics of the Pressure Cooker, Plaintiff Charles Carter suffered severe and permanent physical injuries, including but not limited to, second degree burns to Plaintiff's abdomen, his left hand, and left arm, resulting in permanent injuries. Plaintiff has endured substantial pain and suffering. Plaintiff has incurred significant expenses for medical care and

treatment, and will continue to incur such expenses in the future. Plaintiff has suffered a loss of earning capacity. Plaintiff has suffered and will continue to suffer economic loss, and/or has otherwise been physically, emotionally, and economically injured. Plaintiff's injuries and damages are permanent and will continue into the future. Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

51. Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

## COUNT V
## (VIOLATION OF WEST VIRGINIA'S CONSUMER PROTECTION LAW)

52. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint as if fully set forth herein.

53. Defendants engaged in consumer-oriented, consumer commerce and trade, including advertising, offering for sale, sale or distribution of tangible or personal property by selling, distributing and/or advertising the Pressure Cooker to Plaintiffs to use, including but limited to, for Plaintiffs' personal use.

54. The State of West Virginia enacted the West Virginia Consumer Credit and Protection Act, §46A-6-101 et seq. (the "Consumer Protection Act") to protect consumers from unfair or deceptive acts or practices.

55. Defendants' conduct in connection with their sale of the Pressure Cooker was impermissible and illegal in violation of the Consumer Protection Act in that Defendants engaged in unfair or deceptive acts or practices by engaging in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, because Defendants misleadingly, falsely, unconscionably and/or deceptively misrepresented and/or omitted material facts regarding, among other things, the safety of the Pressure Cooker as described herein.

Defendants' conduct violated the Consumer Protection Act and caused Plaintiffs an ascertainable loss.

56. The Defendants were or should have been in possession of evidence demonstrating that their product caused and/or has the potential to cause the above injuries. Nevertheless, Defendants continued to market, sell and/or distribute the Pressure Cooker. As a result, Plaintiffs were not adequately warned of the potential for injury, continued to use the Pressure Cooker, and suffered ascertainable losses.

57. The Defendants' action and inaction described above were performed willfully, intentionally and/or with reckless disregard for the rights and safety of Plaintiffs and the public.

58. As a result of Defendants' violations of the Consumer Protection Act, Plaintiffs were misled about the unreasonably dangerous and defective characteristics of the Pressure Cooker, and Plaintiff Charles Carter suffered severe and permanent physical injuries, including but not limited to, second degree burns to Plaintiff's abdomen, his left hand, and left arm, resulting in permanent injuries. Plaintiff has endured substantial pain and suffering. Plaintiff has incurred significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff has suffered a loss of earning capacity. Plaintiff has suffered and will continue to suffer economic loss, and/or has otherwise been physically, emotionally, and economically injured. Plaintiff's injuries and damages are permanent and will continue into the future. Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.

## COUNT VI
## (LOSS OF CONSORTIUM)

59. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint as if fully set forth herein.

13

60. At the time of Plaintiff Charles Carter's injuries, he was lawfully married to Plaintiff RaeAnn Carter and is still married to her today.

61. As a direct and proximate result of Plaintiff Charles Carter's injuries as described herein, his wife, Plaintiff RaeAnn Carter, has suffered damages and harm, including, but not limited to, a loss of support, love, companionship, affection, society, sexual relations, and solace.

## COUNT VII
## (PUNITIVE DAMAGES)

62. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint as if fully set forth herein.

63. The wrongs done by Defendants were aggravated by the kind of malice, fraud, and reckless disregard for the rights of others, the public, and Plaintiffs, for which the law would allow, and which Plaintiffs will seek at the appropriate time under West Virginia or governing law for imposition of punitive damages, in that Defendants' conduct: was specifically intended to cause substantial injury to Plaintiffs; when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually and/or subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; or included a material representation that was false, with Defendants knowing that it was false or with reckless disregard as to its truth and as a positive assertion, with the intent that the representation is acted on by Plaintiffs.

64. Plaintiff Charles Carter relied on Defendants' representations and suffered injuries as a proximate result of this reliance.

65. Plaintiffs therefore will seek to assert claims for punitive damages at the appropriate time as provided by West Virginia or governing law. Plaintiffs also alleges that the acts and

omissions of Defendants, whether taken singularly or in combination with others, constitute reckless disregard from which malice can be inferred that proximately caused the injuries to Plaintiffs. In that regard, Plaintiffs will, as noted, seek exemplary damages in an amount that would punish Defendants for their conduct and which would deter other manufacturers from engaging in such misconduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against each of the Defendants, individually and jointly, for:

   a) Reasonable compensatory damages for harm and losses caused by the use of the Pressure Cooker;

   b) Punitive damages for the Defendants' malicious, willful, wantonness and/or conscious indifference toward the safety of the consuming public, including Plaintiffs;

   c) Pre-judgment interest on economic losses; and

   d) Allowable costs and the expenses of this litigation.

### JURY DEMAND

Plaintiffs demand a trial by jury.

DATE: August 28, 2019                    *Attorneys for the Plaintiff by:*

*[signature]*

Eric T. Chaffin, Esq.


Eric T. Chaffin, Esq.
WV Bar No. 10636
Patrick C. Booth, Esq.
WV Bar No. 12299
**CHAFFIN LUHANA LLP**
3200 Main Street
Weirton, WV 26062
Email: chaffin@chaffinluhana.com
Email: booth@chaffinluhana.com
Telephone: (888) 316-2311
Fax: (888) 317-2311


Timothy Manchin, Esq.
WV Bar No. 2304
Taylor B. Downs, Esq.
WV Bar No. 11605
**MANCHIN INJURY LAW GROUP**
1543 Fairmont Ave., Suite 203
Fairmont, WV 26554
Email: tmanchin@manchininjurylaw.com
Email: tdowns@manchininjurylaw.com
Telephone: 304-367-1862
Fax: 304-367-1867