# Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Charles Carter, Jr. and RaeAnn Carter,

    Plaintiffs,

  vs.

Tristar Products, Inc., et al.;

    Defendants.

CIVIL ACTION

No: 5:19-cv-00284-FPS

To: Jeffrey A. Holmstrand, Esq.
  GROVE, HOLMSTRAND & DELK, PLLC
  44 ½ 15th Street
  Wheeling, West Virginia 26003
  jholmstrand@ghdlawfirm.com

  *Counsel for Defendant Kohl's Corporation*

### PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT KOHL'S CORPORATION

Plaintiffs, through counsel, herein propound the following First Set of Interrogatories and First Requests for Production of Documents on the Defendant, Kohl's Corporation, to be answered separately and fully in writing and under oath within thirty (30) days of service hereof, pursuant to the Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms are defined as follows:

(A) The pronoun "you" or "your" refers to the party to whom these requests are addressed, counsel for such party, such party's agents, representatives, employees, contractors, servants, experts, consultants, affiliates, subsidiaries, assigns, employees, directors or officers,

related entity or entities, including but not limited to any entity in the business of insurance, both collectively and individually.

(B)     The term "Plaintiffs" refers to Plaintiffs Charles Carter and RaeAnn Carter.

(C)     The term "Defendant" or "Kohls" refers to Kohl's Corporation and all related entities, and any of their respective agents, contractors, representatives, servants, experts, consultants, affiliates, subsidiaries, assigns, employees, directors or officers, both collectively and individually.

(D)     The term "Tristar" refers to Tristar Products, Inc. and all related entities, and any of their respective agents, contractors, representatives, servants, experts, consultants, affiliates, subsidiaries, assigns, employees, directors or officers, both collectively and individually.

(E)     The term "Incident" refers to the February 16, 2018 incident referenced in Plaintiffs' Complaint.

(F)     The term "Pressure Cooker" includes any model of Pressure Cooker, including but not limited to all Tristar Power Pressure Cookers, including but not limited to Tristar Power Pressure Cooker XL, Model No. PPC780, that are designed, manufactured, marketed, and/or sold by any company, including but not limited to Defendant Tristar.

(G)     The Relevant Time Period for the below Interrogatories and Requests is January 1, 2008 to present.

(H)     The term "person" is used in its broadest possible sense and includes, without limitation, any natural person, corporation, partnership, limited partnership, limited liability partnership, limited liability company, business trust, proprietorship, joint venture, association, government entity, group, or other form of legal entity.

2

(I)     The term "document" is to be construed in its broadest possible sense and includes, but is not limited to, all paper writings, mechanical or electrical transcriptions, notes of oral conversations, reports, studies and test results, if any, in the possession of or under the control of the Defendant, Defendant's agents, employees or representatives.

(J)     The term "document" or "documents" also means the original and any non-identical copy, regardless of origin or location, of any writing or record of any type or description; including but not limited to the original and any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study inter-office or intra-office communication, regardless of whether stored in tangible or electronic form.

(K)     The term "communication" is used in its broadest sense and refers to any oral, written, video, photographic, or other means utilized to express an idea, thought, or information from one person to another, or among persons. "Communication" includes, without limitation, the substance of oral or written information recorded by a person in any way or transmitted from one person to another in any way and includes the tangible or intangible things in which such information is embodied, including documents, instant messaging, SMS messaging, voicemail, electronic communications, e-mails, facsimiles, telephone conversations, correspondence, exchange of written or recorded information, or face-to-face meetings.    The phrase "communication between" includes instances where one party addresses one or more other parties, regardless of whether the other part(ies) respond.

(L)     The term "concerning," "involving," "reflecting," "relating to," "related to," or "regarding" include, without limitation, the following concepts:    discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying,

3

surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

(M)    The term "thing" is to be construed in its broadest possible sense, including tangible things and things stored in electronic form.

(N)    The term "all" includes the collective as well as the singular and shall also mean "each," "any," and "every." "Any" shall be construed to mean "any and all."

(O)    The term "or", "and" and "and/or" should be construed so as to require the broadest possible response. If, for example, an interrogatory calls for information about "A or B" or "A and B," You should provide all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" mean "and/or."

(P)    Each of the following Interrogatories shall be deemed continuing up to the time of trial in that supplementary answers shall be supplied by the Defendant if different, more complete, or additional information becomes known to the Defendant.

(Q)    Each of the following Interrogatories not only calls for your knowledge, but also for all knowledge that is available to you by reasonable inquiry, including inquiry of your employees, representatives, agents, investigators and attorneys and not only such information known to you by your personal knowledge.

(R)    Where the Interrogatory answer requested, or any part thereof, is based upon information not within the personal knowledge of the person or persons responding, that answer shall also identify, as defined below, the source of that information.

(S)    If you cannot answer the following Interrogatories in full and complete detail after exercising due diligence to secure the information to do so, please state and answer to the extent possible, specifying in each instance your inability to answer the remainder and stating whatever

4

information or knowledge you have concerning the unanswered portions, and to the best of your knowledge the names, addresses and telephone numbers of all persons and organizations where such information is, will be or is believed to be. The following Interrogatories must be answered in full even if you believe that the number of Interrogatories or subparts to Interrogatories has exceed the number of Interrogatories allowed per the Federal Rules of Civil Procedure or local rule.

(T)    The Requests for production are to be considered continuing in nature such that all requested documents and things obtained, prepared or otherwise generated in the future through the completion of these proceedings are requested to be produced.

(U)    Each document or thing produced in response to any of the specifications herein is to be marked to indicate the specific number in response to which it is being submitted.

(V)    In answering these Requests for production, please furnish all documents or things which are available to you or your agents, including documents or tangible things in the possession of your counsel or investigators for you or your counsel, and note merely such documents or tangible things in your personal possession.

(W)    If any documents or things are withheld under any claim of privilege, with respect to each such document or thing, please produce a privilege log regarding the source of any such information, which includes:

    (1)    the identity of the document or thing;

    (2)    the document or thing's date of creation;

    (3)    if sent to any person or entity, its sender and its recipient(s), both of the original and any copies; and

    (4)    the subject matter and basis for any claim of privilege.

(X)    "Identify", "identity" or "identification", as applied to a person, including persons living or dead, means to state the following:

      (1)    Full name, including maiden name, if applicable;

      (2)    Relationship of the person to Defendant, including job title;

      (3)    Job description;

      (4)    Present business and home address;

      (5)    The name of the person's immediate supervisor; and

      (6)    The telephone number where that person may be reached.

(Y)    "Identify", "identity" or "identification" as applied to any writing or documents means to state the following:

      (1)    The creation date or date on which it was executed;

      (2)    The identity of its author;

      (3)    The identity of its sender, if applicable;

      (4)    The identity of its recipient, if applicable;

      (5)    The document title and format;

      (6)    A complete summary of its contents;

      (7)    The identity of persons knows or believed to have possession, custody, or access to the writing;

      (8)    The document's location; and

      (9)    In lieu of subparagraphs 1, 5, and 6, above, and to obviate a request to produce said writing or document, the Defendant may attach a true and accurate copy thereof to the answers to these Interrogatories.

(Z)    "Identify", "identity" or identification", as applied to a company, corporation, association, partnership, or any legal entity other than a natural person, means to state its:

(1)    Full name and type of organization or entity;

(2)    Address of principal place of business;

(3)    Jurisdiction and date of incorporation of organization.

## INTERROGATORIES

### INTERROGATORY NO. 1

Please identity and describe any and all of Your owners or shareholders, and state Your full corporate name and provide a complete corporate history regarding any and all names You have previously gone by, been known by, done business as, or by which You have previously represented yourself to the public, and include the full legal name of all of Your subsidiaries, parent companies, or companies that you have a legal relationship with, and detail Your legal relationship with each such entity, the ownership of your company and each such entity, and include any and all addresses You or Your subsidiaries, parent companies or companies you have a legal relationship with have used in the United States or elsewhere.

ANSWER:


### INTERROGATORY NO. 2

Please identify and describe any and all information related to the design, manufacture, and sale of Tristar Pressure Cookers, including but not limited to Tristar Power Pressure Cooker XL, Model No. PPC780 (the "Subject Pressure Cooker"), including but not limited to Tristar Pressure Cookers' complete design, manufacture, and sale history, including who manufactured, sold and/or bought the Subject Pressure Cooker, and on what dates.

ANSWER:


### INTERROGATORY NO. 3

Please identify any and all personal injury lawsuits of any kind that You have been a party to in any Court in the United States that involve any pressure cooker, whether in federal or any state court, and include:

(a)    Counsel of record for all parties in each action;
(b)    The alleged occurrence and nature of the action;
(c)    Whether it was alleged that a Pressure Cooker was defective and, if so, the alleged defects;

(d)     The status of each such action, including whether there was a resolution to the legal action, and, if so, the result;

(e)     The names and addresses of each expert witness who testified in each such action, if any, identifying whether an expert witness for You or for the plaintiff(s); and

(f)     The names and addresses of each fact witness who testified on Your behalf in each such action.

ANSWER:


## INTERROGATORY NO. 4

Please identify by name, position, job description, last known address, and training and experience all Your personnel and agents with the most knowledge concerning Pressure Cookers, and including but not limited to all individuals whose responsibilities include any aspects of the safety of Pressure Cookers, and investigating complaints or reports of injuries, deaths, and/or product hazard(s) involving Pressure Cookers.

ANSWER:


## INTERROGATORY NO. 5

Please identify by name, position, job description, last known address, and training or experience all Your personnel and agents whose responsibilities include communicating with any employees or agents of any company that designs and./or manufactures Pressure Cookers and/or any company regarding Pressure Cooker safety, and the safe operation of Pressure Cookers, including but not limited to the Subject Pressure Cooker.

ANSWER:


## INTERROGATORY NO. 6

Did You perform any of the following described functions with respect to the Subject Pressure Cooker?

a.  Designing;
b.  Manufacturing;
c.  Distributing;
d.  Marketing; or
e.  Selling.

If yes, please state the inclusive dates for each product with respect to each activity.  If no, as to any of the functions listed above, please set forth in full detail:

8

a. Who performed the functions in the items listed and the name and address of the person or corporation involved;

b. The details of the relationship between You and that company, entity or person, legal, contractual, business, factual or otherwise and the dates of each relationship;

c. Complete descriptions of the design(s) for the Subject Pressure Cooker;

d. Any right of use You acquired and the arrangement by which You acquired the right of use.

ANSWER:

## INTERROGATORY NO. 7

Please identify any and all actions, and the reasons for implementing any such action, taken by You to prevent or minimize the risk of injury or death resulting from liquid or steam or items being released or ejected from a Pressure Cooker when there is or can be any pressure whatsoever inside the Pressure Cooker (hereafter, "under pressure"), including that a Pressure Cooker's lid may be removed or come off while pressure is still inside a Pressure Cooker, or any Pressure Cooker safety feature(s) designed to prevent liquid or steam or items being ejected from a Pressure Cooker, including but not limited to the Subject Pressure Cooker. Please state the dates on which such action was taken, and include any design changes, adjustments, or implementation of additional features, such as safety features.

ANSWER:

## INTERROGATORY NO. 8

Please identify any statutes, governmental, company or industry-wide standards, regulations, safety manuals or handbooks relating to the design, manufacture, marketing, and/or sale of Pressure Cookers, including but not limited to the Subject Pressure Cooker, including all such Documents related to the risk of injury or death resulting from liquid or steam or items being released or ejected under pressure from a Pressure Cooker, including that a Pressure Cooker's lid may be removed or come off while pressure is still inside a Pressure Cooker, or any Pressure Cooker safety feature(s) designed to prevent liquid or steam or items being ejected from a Pressure Cooker, including:

a. The person(s) with any such knowledge and the source of each person's knowledge (whether by statute, government, company or industry-wide standards, regulations, safety manuals or handbooks);

b. The date when such knowledge was acquired;

c. The precise nature of the knowledge.

ANSWER:

**INTERROGATORY NO. 9**

Please identify by manufacturer, trade name, brand name or other identifying designation any and all Pressure Cookers You know of that are intended for the same or similar use as the Subject Pressure Cooker.  For each such product, please identify:

    a.  The inclusive dates of manufacture; and
    b.  The precise difference between the Subject Pressure Cooker and other manufacturers' Pressure Cookers related to the risk that a Pressure Cooker may release or eject liquid or steam or items under pressure from a Pressure Cooker.

ANSWER:

**INTERROGATORY NO. 10**

Identify the gross volume of sales by revenue and item quantity of Pressure Cookers sold by You from 2008 to the present, broken down by product and by year.

ANSWER:

**INTERROGATORY NO. 11**

Please identify and describe every model of Pressure Cooker You manufacture, market, sell, distribute, and/or design, and state the date You began manufacturing, marketing, selling, distributing, and/or designing each Pressure Cooker model in question, and identify any modification relating in any way to safety and/or preventing the release or ejection of liquid or steam or items while under pressure from a Pressure Cooker, and state when such modification was made.

ANSWER:

**INTERROGATORY NO. 12**

Please identify and describe any and all safety testing You did of any Pressure Cooker, including but not limited to the Subject Pressure Cooker, including but not limited to the risk that a Pressure Cooker may release or eject liquid or steam or items while under pressure from a Pressure Cooker, and/or Pressure Cooker user safety.

If You conducted or are aware of any such testing, please identify:

    a.     The date of each such testing;
    b.     The identity of each individual and/or company who conducted such testing;
    c.     The results of any such testing;

    d.    Whether any reports were drafted regarding such testing, and if so, the dates of such reports; and

    e.    The conclusions of any such testing.

ANSWER:

## INTERROGATORY NO. 13

Please identify by name and address each person to be called as an expert at trial or provide an expert opinion at trial, the subject matter on which each expert is expected to testify, the substance of each expert's testimony, the expert's full curriculum vitae (CV), a complete list of every case that the expert has provided testimony or given an opinion in, and a copy of all published articles by the expert.

ANSWER:

## INTERROGATORY NO. 14

Please identify and describe any and all patents or trademarks or pending patents or trademarks relating to the safety of any Pressure Cooker You designed, manufactured, marketed, and/or sold, including but not limited to the Subject Pressure Cooker, or to preventing any Pressure Cooker You designed, manufactured, marketed, and/or sold, including but not limited to the Subject Pressure Cooker, from releasing or ejecting liquid or steam or items while under pressure.

ANSWER:

## INTERROGATORY NO. 15

Please identify and describe any and all communications with any other company or organization, whether private or governmental organization, regarding safe operation of Pressure Cookers, the risk that a Pressure Cooker may release or eject liquid or steam or items while under pressure, and/or any complaints or reports of injuries or deaths involving any Pressure Cooker.

ANSWER:

**INTERROGATORY NO. 16**

Please identify and describe any and all communications with any and all companies or organizations, whether private or governmental organizations, regarding the manufacture, marketing, sale, distribution, and/or design of any Pressure Cooker, including but not limited to the Subject Pressure Cooker.

ANSWER:

**INTERROGATORY NO. 17**

Identify and describe each complaint or report that You have received involving an injury or death related in any way to a Pressure Cooker, or involving a Pressure Cooker's safety features failing or to a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure, regardless of whether an injury or property damage was reported, and include all date(s) of any such complaint or report. Please identify and describe any and all investigation(s), testing, reports, and/or analysis You or a third party did in response to any such complaints or reports.

ANSWER:

**INTERROGATORY NO. 18**

Identify whether You have been notified or aware of any violations of any Current Good Manufacturing Practices with regard to the manufacture of any Pressure Cookers, including but not limited to the Subject Pressure Cooker, and for each please identify:

a.    The date You or Your agents were notified of said violation of a Current Good Manufacturing Practices;

b.    Identify the entity or individual who told You or Your agents that there was a violation of a Current Good Manufacturing Practices;

c.    Identify what the specific violation of Current Good Manufacturing Practices at issue was reported;

d.    State whether a root cause analysis was performed to determine why the violation of Current Good Manufacturing Practices occurred; and

e.    State whether any corrective action was taken to address the violation of Current Good Manufacturing Practices, and, if so, identify what corrective action was taken.

ANSWER:

12

**INTERROGATORY NO. 19**

Identify all audits and quality re-audits of the manufacturing facilities involved in the manufacture of Tristar Pressure Cookers, including but not limited to the Subject Pressure Cooker, and for each please identify the date the quality audit or quality re-audit was performed, the entity or individual who performed the audit, the quality audit or quality re-audit procedures, whether the quality audit or quality re-audit found any problems with the manufacturing processes, any recommendations made by the auditor to improve the problem(s) found, and state whether any corrective action was taken to address the quality audit or quality re-audit findings, and, if so, identify what corrective action was taken.

ANSWER:


**INTERROGATORY NO. 20**

Identify all warranties, representations, and promotional statements regarding Pressure Cookers, including but not limited to the Subject Pressure Cooker, made by You, or that you are aware of, during the relevant time period.

ANSWER:


**INTERROGATORY NO. 21**

Identify and describe any and all insurance policies and agreements, excess coverage policies and agreements, other insurance policies and agreements, or indemnification agreements that You believe may relate to any or all of Plaintiffs' claims, and identify the dates of coverage and specific type of coverage.

ANSWER:


**INTERROGATORY NO. 22**

Do You have any, or do You know of any, representatives, agents, and/or inspectors at the plant where the Subject Pressure Cooker was manufactured to observe production and ensure the quality of Subject Pressure Cooker?  If yes, please state any and all jobs and responsibilities of any such representative, agent, or inspector.

ANSWER:

13

## REQUESTS FOR PRODUCTION

**Request No. 1.**

All Documents concerning harm, risk of harm, injuries, death, complaints, concerns, or reports of harm related to Pressure Cookers, including but not limited to the Subject Pressure Cooker, regardless of source.

**Request No. 2.**

All Documents and reports concerning any safety aspect of Pressure Cooker, including but not limited to the Subject Pressure Cooker, including but not limited to preventing or minimizing the risk of injury or death resulting from liquid or steam or items being released or ejected from a Pressure Cooker when there is or can be any pressure whatsoever inside the Pressure Cooker (hereafter, "under pressure"), including that a Pressure Cooker's lid may be removed or come off while pressure is still inside a Pressure Cooker, or any Pressure Cooker safety feature(s) designed to prevent liquid or steam or items being ejected from a Pressure Cooker

**Request No. 3.**

All Documents regarding Your ownership and the relationship with any and all of Your subsidiaries or parent companies, or to Your relationship with any other company, that designs, manufactures, sells, distributes, or markets Pressure Cookers, including but not limited to the Subject Pressure Cooker.

**Request No. 4.**

All Documents regarding Your relationship with any company that may have designed and/or manufactured Pressure Cookers, including but not limited to the Subject Pressure Cooker, including but not limited to any and all contracts, agreements, service agreements, marketing agreements, revenue agreements, manufacturing agreements, and customer agreements.

**Request No. 5.**

All Documents regarding any and all Pressure Cooker sales activity, marketing activity, manufacturing activity, licensing activity, and agreements or contracts made with any company or corporation.

**Request No. 6.**

All Documents showing and/or identifying all individuals, companies or entities who have an ownership interest in You, including showing the percentage of ownership.

**Request No. 7.**

All Communications between You and any other company that may have designed and/or manufactured Tristar Pressure Cookers, including but not limited to the Subject Pressure Cooker, concerning designing, manufacturing, selling, distributing, or marketing Tristar Pressure Cookers and the Subject Pressure Cooker, including any Communication regarding the risk of user injury or death from a Pressure Cooker or that a Pressure Cooker may release or eject liquid or steam or items while under pressure

**Request No. 8.**

All Documents, including all contracts and agreements, related to the manufacture and sale of the Subject Pressure Cookers, including but not limited to when the Subject Pressure Cooker was manufactured, and their complete sale history.

**Request No. 9.**

All Documents related to the sale and/or marketing of Pressure Cookers, including but not limited to the Subject Pressure, including all purchase brochures or materials.

**Request No. 10.**

All Documents concerning how You track Pressure Cookers after the Pressure Cookers are placed into the stream of commerce, including any and all information regarding serial numbers or other identifying marks on Pressure Cookers You design, manufacture, market, sell, or distribute.

**Request No. 11.**

All Documents regarding monitoring, compiling, evaluating, reporting, responding to, and/or reviewing injuries, complaints, concerns or reports pertaining to any way to a Pressure Cooker, including but not limited to a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Request No. 12.**

All Documents, including but not limited to all produced discovery documents, expert reports, deposition transcripts, and trial transcripts, from all legal actions that have been filed against You or by You in any Court in the United States involving injuries or alleged injuries in any way from a Pressure Cooker.  Please also include:

(a) The caption, jurisdiction, filing number, and counsel of record for all parties in each action;
(b) The alleged occurrence and nature of the injury alleged to have been caused by the Pressure Cooker, if applicable;

(c) Whether it was alleged that the Pressure Cooker was defective and, if so, the alleged defects, if applicable;

(d) The status of each such action, including whether there was a resolution to the legal action, and, if so, the result;

(e) The names and addresses of each expert witness who testified in each such action, identifying whether an expert witness for You or for the plaintiff(s); and

(f) The names and addresses of each fact witness who testified on Your behalf in each such action.

**Request No. 13.**

All Documents reflecting action taken by You in response to any United States federal or state reporting requirements regarding the safety of Pressure Cookers, including but not limited to the risk that liquid or steam or items may be ejected or released from a Pressure Cooker while under pressure.

**Request No. 14.**

All Documents regarding Pressure Cooker safety and the safe operation of any Pressure Cooker, and any governmental, regulatory or industry-related entity, including but not limited to the Consumer Product Safety Commission ("CPSC"), and/or any trade organizations.

**Request No. 15.**

All Documents relating to any recalls of Pressure Cookers, whether discussed or realized; and if discussed but not realized, all Documents involving why a proposed recall was not realized.

**Request No. 16.**

All Documents relating to safety recalls of manufacturers' and/or sellers' Pressure Cookers.

**Request No. 17.**

Documents sufficient to show Your membership in or participation in trade or industry groups or associations that involve product safety in any way.

**Request No. 18.**

All Documents involving Your participation in trade or industry group meetings or conferences in which Pressure Cooker safety or safe use of a Pressure Cooker was discussed.

**Request No. 19.**

All Documents relating to any potential safety problems or risks involving Pressure Cookers, including the Subject Pressure Cooker.

**Request No. 20.**

All Documents reflecting governmental, company or industry standards, statutes, or regulations that impact any safety design or safety testing of Pressure Cookers.

**Request No. 21.**

All Documents involving any changes or modifications relating to any safeguards or warnings related to the Pressure Cookers You design, manufacture, market, distribute, and/or sell, whether proposed but not realized or actually realized, since the date in which You first possessed, developed, manufactured, marketed, distributed or sold Pressure Cookers, including but not limited to changes or modifications to the safeguards and/or warnings; and if changes or modifications were proposed but not realized, all Documents involving why the proposed changes or modifications were not realized.

**Request No. 22.**

All Documents, including but not limited handbooks and manuals, involving safeguards or warnings given to users of Pressure Cookers or related to operating a Pressure Cooker, and all Documents used in formulating safeguards or warnings for Pressure Cookers, including all drafts and final versions of warnings and changes thereto, whether considered or effectuated by You, for Pressure Cookers.

**Request No. 23.**

All Documents reflecting similarities and/or differences between Tristar Pressure Cookers, and similar Pressure Cookers made by other manufacturers, which relate to preventing a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Request No. 24.**

All Documents reflecting any safety differences in any different models of Tristar Pressure Cookers.

**Request No. 25.**

All Documents relating to studies You or Your agents performed regarding any changes that may lessen the risk that a Pressure Cooker may release or eject liquid or steam or items while under pressure.

**Request No. 26.**

All documents relating to any and all alternatives considered by You or Tristar or any other company or agent for adding any and all safety features to a Pressure Cooker that would protect a Pressure Cooker user or operator from injury or harm from a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Request No. 27.**

All Documents involving You or Your agents and any government agency relating to safety, safeguards, precautions, directions, warnings, and/or alternative designs for any Pressure Cooker related to preventing injury or death from use of a Pressure Cooker, including injury or death from a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure, and any changes thereto, whether considered or effectuated by You.

**Request No. 28.**

All Documents relating to any testing, examination, inquiry, study, investigation or evaluation as to the safety of Pressure Cookers, including the Subject Pressure Cooker, conducted by any person, entity and/or governmental body not employed by or affiliated with You, including but not limited to protocols, data, reports, results, published materials, and/or Communications about or with the persons, entities and/or governmental body conducted such testing, examination, inquiry, study, investigation or evaluation.

**Request No. 29.**

All Documents relating to press releases or reports in the press involving injuries or death from a Pressure Cooker, or relating to a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Request No. 30.**

All Documents involving any retention of or analysis or studies performed by a human factors expert or professional related to the safe operation of Pressure Cookers, the noticeability of any safety device on Pressure Cookers, and any comprehension studies related to any warnings on Pressure Cookers.

**Request No. 31.**

All Documents involving any studies performed regarding or analysis of consumer expectations regarding the safety of Pressure Cookers, or the safe operation of a Pressure Cooker.

**Request No. 32.**

All Documents relating to the foreseeability of a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Request No. 33.**

All Documents comparing safety warnings on Tristar Pressure Cookers to safety warnings on any similar competitor Pressure Cooker.

**Request No. 34.**

All Documents involving former and/or present employees or agents relating to their responsibilities for or involvement with any safety designs related to Pressure Cookers, including the risk that a Pressure Cooker may release or eject liquid or steam or items while under pressure.

**Request No. 35.**

If any entities other than You design or manufacture Tristar Pressure Cookers, including the Subject Pressure Cooker, Documents sufficient to identify any entities or employees thereof who design, manufacture and/or sell Tristar Pressure Cookers.

**Request No. 36.**

All Documents relating to Your consulting agreements, engagement agreements, employment agreements, and any other agreements, however titled, relating in any way to third parties and Pressure Cookers, including but not limited to developing, testing, precautions, research, development, manufacture, evaluation, safety or promotion of Pressure Cookers.

**Request No. 37.**

All Documents concerning experts that have been retained by You regarding the safety of Pressure Cookers, and the possibility that a Pressure Cooker may release or eject liquid or steam or items while under pressure, including but not limited to reports prepared in legal proceedings; opinions expressed in depositions or trial; reports submitted to journals; and opinions provided as testimony, reports or statements in regulatory activities, including but not limited to the CPSC, or other regulatory authority, or any advisory committee thereof.

**Request No. 38.**

All Documents concerning all experts and consultants that You have retained regarding this litigation. For each expert, please state their name and address, the subject matter on which each expert is expected to testify, and the substance of each expert's testimony.

**Request No. 39.**

All Documents, video recordings, or audio recordings relating to, commenting on, or constituting any statement or identifying any witness to the events and occurrences alleged in the Complaint.

**Request No. 40.**

All liability insurance policies and agreements, excess coverage policies and agreements, any other insurance policies and agreements, or indemnity agreements that may potentially cover any or all of Plaintiffs' claims alleged in the Complaint.

**Request No. 41.**

All Documents You sent or submitted to any indemnifier or insurance company, agent, broker, adjuster, or investigator, dealing with any issue arising out of the incident alleged in Plaintiffs' Complaint, including but not limited to applications, notices, proof of loss, reports, letters, Correspondence, or other Documents.

**Request No. 42.**

All Documents involving Your overall profits and sales from the relevant period, including but not limited to Your Profits and Loss statements, sales data, gross volume of sales by revenue and item quantity of any Pressure Cooker sold, and any breakdown of profits and sales derived from the manufacture, marketing, or sale of Pressure Cookers.

**Request No. 43.**

All Documents involving the advertising, marketing, promotion, sale, or public relations efforts or campaigns planned and/or implemented by You or on Your behalf concerning Pressure Cooker safety that include but are not limited to drafts and final versions of any advertising and/or promotional literature concerning Pressure Cooker, whether authored by You or any advertising agency.

**Request No. 44.**

All Documents or videos, including any videos posted to any website or social media platform, made by You or any of Your agents during the Relevant Period that contains any safety representations about Pressure Cookers made at any point during the Relevant Period, including representations about the safety of Pressure Cookers.

**Request No. 45.**

All Documents relating to Communications with former and/or present sales representatives or other Persons responsible for, or involved with, the marketing or selling of Pressure Cookers and/or safety issues or problems with Pressure Cookers, including the risk that a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Request No. 46.**

All transcripts to all depositions in which You or any of Your present and former employees, representatives, and/or agents testified in any case involving injuries or damages allegedly sustained from a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Request No. 47.**

All Documents reflecting warranties, express or implied, given by You to distributors, retailers or purchasers of Tristar Pressure Cookers.

**Request No. 48.**

All Documents that relate to your document retention or destruction policies, including but not limited to documents sufficient to identify the steps taken by or on behalf of you to preserve documents that are or may be discoverable in this action. This request includes, but is not limited to, policies for: Paper documents, databases, electronic mail, electronic documents, voicemail and instant messaging. This request includes all documents in the possession, custody and control of You and Your agents.

**Request No. 49.**

All documents that relate to or reflect the any Current Good Manufacturing Practices with regard to the manufacture of Pressure Cookers, including but not limited to the Subject Pressure Cooker, including:

    a.    All Documents that relate to any investigation or analysis by you or anyone else concerning potential design or manufacturing problems, product defects, or manufacturing defects; and

    b.    All Documents that relate to any changes you considered making to the design of Pressure Cookers or to the manufacturing process, regardless of whether or not you implemented the changes.

**Request No. 50.**

All Documents that relate to any specifications, whether design, manufacturing or performance specifications, concerning the manufacture and assembly of the Subject Pressure Cooker.

**Request No. 51.**

All Documents that relate to any Pressure Cooker failure or malfunction, whether actual, purported or potential.

**Request No. 52.**

All Documents that relate to the regulation or oversight of Pressure Cooker by any U.S. governmental agency, including but not limited to the United States Consumer Product Safety Commission ("CPSC"), or its foreign equivalent or any foreign regulatory body, including but not limited to the regulation of the approval, testing, sale, marketing, safety, recall, design, manufacture, withdrawal or investigation of Pressure Cookers.

**Request No. 53.**

All Documents and Communications that relate to any communication with the CPSC concerning any safety issues with Pressure Cookers.

**Request No. 54.**

All Documents that reflect transcripts, recordings of meetings, or meeting minutes, with the CPSC, any foreign regulatory body, other regulatory agency regarding Pressure Cooker safety.

**Request No. 55.**

All Documents relating to Your Corporate Compliance Agreement(s) and Code of Business Conduct and Ethics.

**Request No. 56.**

All Documents that relate to any inspection of any facility where Tristar Pressure Cookers, including the Subject Pressure Cooker, or any component thereof, were manufactured, including but not limited to any Investigation Report, any response thereto, and any internal communication regarding the inspection.

**Request No. 57.**

Documents sufficient to identify where each Pressure Cooker You design, manufacture, market, or sell has ever been manufactured, including the Subject Pressure Cooker.

**Request No. 58.**

All Documents that relate to any Communication between You and any sales representatives, third party sales representatives (both natural persons and entities), and any person or entity who sold, distributed or promoted Tristar Pressure Cookers, including but not limited to the Subject Pressure Cooker, regarding any compensation non-monetary compensation, and/or bonus for any such sales, including also any sales or distribution territory and related dates of supply, distribution or promotion. For each person identified, produce a copy of the following: (a) their custodial file; (b) personnel file; (c) call notes/sheets; (d) customer notes; (e) weekly sales notes; (f) customer belief notes; (g) tracking notes; (h) postings on message boards; (i) video files; (j) and/or contracts, agreements, and payments, between you and any person or entity who sold, distributed or promoted the Subject Pressure Cooker.

**Request No. 59.**

All Documents that relate to or reflect information or materials intended to market or promote for sale or purchase the Pressure Cookers, including the Subject Pressure Cooker, including but not limited to sales brochures, selling or promotional aids, instructional materials to sales representatives, website materials, videos or webcasts, literature, scripts, voice mail blasts, questions and answers or FAQ, and any drafts of same.

**Request No. 60.**

All Documents that relate to warranties, representations, and promotional statements made by You regarding the safety, efficacy or performance of Pressure Cookers.

**Request No. 61.**

All Documents that relate to or reflect training materials for the training of sales representatives, distributors or the like employed You or by third parties to promote Pressure Cookers, including but not limited to instructions, memorandum, powerpoints, emails, newsletters, films, scripts, questions and answers, alerts, role plays, electronic media and videos, voice mail blasts, webcasts, pictures, scientific or medical information or other materials or information.

**Request No. 62.**

All Documents that relate to or reflect any packaging and accompanying documentation provided with the Subject Pressure Cooker.

**Request No. 63.**

All Documents that relate to notice of claims, claims projections, loss estimates or risk management that relate to any Pressure Cookers.

**Request No. 64.**

Any and all specifications, drawings, blueprints, or other Documents regarding Tristar Pressure Cookers, including but not limited to the Subject Pressure Cooker, or its individual components or mechanisms, including all Documents which show measurements for the same.

**Request No. 65.**

Any and all Documents related to any engineering, design and/or manufacturing changes ("Engineering Change Orders") Tristar Pressure Cookers, including but not limited to the Subject Pressure Cooker, including any such changes that were considered but never implemented.

**Request No. 66.**

All Documents responsive to or reflected in Your responses to Plaintiffs' Interrogatories.

DATE: December 5, 2019

Eric T. Chaffin, Esq.
Patrick C. Booth, Esq.
Steven D. Cohn, Esq. admitted *pro hac vice*
CHAFFIN LUHANA LLP
615 Iron City Drive
Pittsburgh, PA 15205

Timothy Manchin, Esq.
Taylor B. Downs, Esq.
MANCHIN INJURY LAW GROUP
1543 Fairmont Ave., Suite 203
Fairmont, WV 26554

## **VERIFICATION**

I, _____ _ _____, hereby state that I am _____; that I am authorized to make this verification on behalf of _____ in the foregoing action; that I have personal knowledge of the statements made in the foregoing Answers to _____; and that the statements made herein are true and correct to the best of my knowledge, information, and belief.


_____
Name

_____
Job Title

Dated:

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2019, I caused PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT KOHL'S CORPORATION to be served on the below counsel of record *via* U.S. Mail and electronic mail.

Jeffrey A. Holmstrand, Esq.
GROVE, HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, West Virginia 26003
jholmstrand@ghdlawfirm.com

*Counsel for Defendant Tristar Products, Inc.*
*and Kohl's Corporation*

s/ Steven D. Cohn
Steven D. Cohn