# Exhibit E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

Charles Carter, Jr. and RaeAnn Carter,

     Plaintiffs,

          vs.                      CIVIL ACTION No: 5:19-cv-00284-JPB

Tristar Products, Inc., et al.;

     Defendants.

**OBJECTIONS, ANSWERS, AND RESPONSES OF TRISTAR PRODUCTS, INC., TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**OBJECTIONS TO "DEFINITIONS AND INSTRUCTIONS"**

1.    The responding Defendant objects to the following DEFINITIONS AND INSTRUCTIONS" to the extent they are inconsistent with the provisions of the Northern District of West Virginia Local Rule of Civil Procedure 26.02.  The responding Defendant will use the definitions set forth in that rule:

    a.    "You" or "Your" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(5);

    b.    "Defendant" or "Tristar" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(5);

    c.    "Kohls" as being inconsistent with N.D.W.Va. L. R.Civ.P. 26.02(c)(5);

    d.    "Person" as being inconsistent with N.D.W.Va. L. R. Civ.P. 26.02(c)(6);

    e.    "Document" or "Documents" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(2);

    f.    "Communication" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(1);

    g.    "Concerning," "involving," "reflecting," "relating to," "relating to," and "regarding" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(7); and

h.    "Identify," "identity," or "identification" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(3) and (4).

2.    Responding Defendant objects to the Paragraph (G) of the "Instructions and Definitions (purporting to define "Relevant Time Period") as not being  proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3.    Responding Defendant objects to Paragraphs (P) and (T) of the "Instructions and Definitions" as being inconsistent with Federal Rule of Civil Procedure 26(3) and the Court's November 18, 2019 Scheduling Order.

4.    Responding Defendant objects to Paragraph Q of the "Instructions and Definitions" to the extent that it purports to extend the requirement of "reasonable inquiry" beyond that encompassed in Federal Rule of Civil Procedure 26(g).

5.    Responding Defendant objects to Paragraph (S) of the "Instructions and Definitions" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.01(c).

6.    Responding Defendant objects to Paragraph (W) of the "Instructions and Definitions" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.04(a)(2).

## GENERAL OBJECTIONS

Defendant asserts the following Objections to the Interrogatories.  Defendant's Answers to Interrogatories are subject to and otherwise limited in accordance with the following Objections, which are incorporated therein as if fully set forth, and information subject to those objections will not be provided unless otherwise indicated.  Defendant hereby expressly reserves the right to object

to the introduction into evidence, at trial or in any other proceeding, of any information contained in or referred to in the following discovery Answers on any ground, including, without limitation, relevance and materiality.

a.     Nothing herein is intended to waive the following objections, which are all expressly reserved: (a) objections as to competency, relevancy, materiality and/or admissibility of the subject matter of the Interrogatories; (b) objections on any ground as to the use of any information provided in response to the Interrogatories; and (c) objections on any ground to any request for further Answers to those Interrogatories.

b.     All of the Answers herein will be subject to and limited by these Objections, and information subject to those objections will not be disclosed unless otherwise indicated.  Defendant's failure to object to an individual Interrogatory, or its agreement to produce documents/information, does not constitute a representation that such documents/information exist, or that the documents/information produced are all of the documents/information responsive to the Interrogatories in Defendant's possession, custody and control, but only that Defendant has made, and will continue to make a good faith effort to search for and retrieve responsive documents/information and, subject to any and all of the Objections, to produce such responsive documents/information when and if they are located.

c.     While specific objections may be raised in answers to the Interrogatories, each of the Objections are expressly incorporated in these answers as well.

d.     Subject to the foregoing objections and to the particular objections set forth in the answers below, Defendant has made a good faith effort to answer Plaintiff's Interrogatories to the extent they seek relevant and material information and as though they were properly propounded and reserve the right to object on these grounds to any further discovery.

25335823.v1
25368363.v1

e.    Defendant reserves the right to amend or supplement its objections and answers as may be appropriate.

25335823.v1
25368363.v1

## TRISTAR'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Responding Defendant objects to Plaintiffs Interrogatories as exceeding the number of discovery requests permitted under N.D.W.Va. Local Rule of Civil Procedure 26.01(c) and the Court's November 18, 2019 Scheduling Order.

INTERROGATORY NO. 1.  Please identity and describe any and all of Your owners or shareholders, and state Your full corporate name and provide a complete corporate history regarding any and all names You have previously gone by, been known by, done business as, or by which You have previously represented yourself to the public, and include the full legal name of all of Your subsidiaries, parent companies, or companies that you have a legal relationship with, and detail Your legal relationship with each such entity, the ownership of your company and each such entity, and include any and all addresses You or Your subsidiaries, parent companies or companies you have a legal relationship with have used in the United States or elsewhere.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**With respect to the non-objectionable portion of this interrogatory,, TriStar Products, Inc. is a Florida corporation with a principal place of business in New Jersey. TriStar was previously known as TriStar Innovative Products.  Defendant otherwise refers Plaintiff to its pleadings.**

INTERROGATORY NO. 2.  Please identify and describe any and all information related to the design, manufacture, and sale of Your Pressure Cookers, including but not limited to Tristar Power Pressure Cooker XL, Model No. PPC780 (the "Subject Pressure Cooker"), including but not limited to Your Pressure Cookers' complete design, manufacture, and sale history, including who manufactured, sold and/or bought the Subject Pressure Cooker, and on what dates.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence the extent it purports to seek information concerning products other than the product model at issue.  Responding Defendant further objects to this Interrogatory as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to seek "any and all information" as described in the Interrogatory with respect to the product model at issue.**

**With respect to the non-objectionable portion of this Interrogatory, Responding Defendant states that the documents being produced in response to Plaintiff's Requests for Production of Documents contain information responsive to this Interrogatory.  Responding Defendant reserves the right to supplement this Response as discovery and investigation continues.**

INTERROGATORY NO. 3.  Please identify any and all personal injury lawsuits of any kind that You have been a party to in any Court in the United States, whether in federal or any state court, and include:

(a)    Counsel of record for all parties in each action;
(b)    The alleged occurrence and nature of the action;
(c)    Whether it was alleged that a Pressure Cooker was defective and, if so, the alleged defects;
(d)    The status of each such action, including whether there was a resolution to the legal action, and, if so, the result;
(e)    The names and addresses of each expert witness who testified in each such action, if any, identifying whether an expert witness for You or for the plaintiff(s); and
(f)    The names and addresses of each fact witness who testified on Your behalf in each such action.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

INTERROGATORY NO. 4. Please identify by name, position, job description, last known address, and training and experience all Your personnel and agents with the most knowledge concerning Pressure Cookers, and including but not limited to all individuals whose responsibilities include any aspects of the safety of Pressure Cookers, and investigating complaints or reports of injuries, deaths, and/or product hazard(s) involving Pressure Cookers.

**ANSWER: Objection. This interrogatory is overly broad and vague and it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to seek information concerning products other than the product model at issue.  Responding Defendant further objects to this Interrogatory to the extent it purports to seeks the identify person(s) with the "most knowledge with respect to the product at issue."  Responding Defendant further objects to this Interrogatory as being overly broad, unduly burdensome and not reasonably calculated to lead to the to the discovery of admissible evidence to the extent it asks Responding Defendant to identify "all" personnel,  "all" purported agents, and "all individuals whose responsibilities …"    Finally, Responding Defendant objects to the extent this Interrogatory purports to expand the scope of "identify" beyond that found in N.D.W.Va. L.R.Civ. P. 26.02(c)(3).**

**With respect to the non-objectionable portion of this Interrogatory, Responding Defendant states that the documents produced in response to Plaintiff's Request for Production of Documents, which identify certain persons involved with the product in question.  Responding Defendant reserves the right to supplement this Response as discovery and investigation continues.**

INTERROGATORY NO. 5.  Please identify by name, position, job description, last known address, and training or experience all Your personnel and agents whose responsibilities include communicating with any employees or agents of any company that designs and./or manufactures Your Pressure Cookers and/or any company regarding Pressure Cooker safety, and the safe operation of Pressure Cookers, including but not limited to the Subject Pressure Cooker.

**ANSWER:  Objection.  This interrogatory is overly broad as it seeks information that goes beyond the knowledge of TriStar and it is not reasonably calculated to lead to the discovery of admissible evidence.**

**With respect to the non-objectionable portion of this Interrogatory, Responding Defendant states that the documents produced in response to Plaintiff's Request for Production of Documents, contain information responsive to this Interrogatory.  Responding Defendant reserves the right to supplement this Response as discovery and investigation continues.**

INTERROGATORY NO. 6.  Did You perform any of the following described functions with respect to the Subject Pressure Cooker?

a.  Designing;
b.  Manufacturing;
c.  Distributing;
d.  Marketing; or
e.  Selling.

If yes, please state the inclusive dates for each product with respect to each activity. If no, as to any of the functions listed above, please set forth in full detail:

a.  Who performed the functions in the items listed and the name and address of the person or corporation involved;
b.  The details of the relationship between You and that company, entity or person, legal, contractual, business, factual or otherwise and the dates of each relationship;
c.  Complete descriptions of the design(s) for the Subject Pressure Cooker; Any right of use You acquired and the arrangement by which You acquired the right of use.

**ANSWER:  Objection.  This interrogatory is overly broad as it seeks information that goes well beyond the scope of the product in question in this suit, and includes information that is outside of the control of this Defendant.**

**With respect to the non-objectionable portion of this Interrogatory, Answering Defendant designed the product referenced in the Complaint.  Further, Responding Defendant states that the documents produced in response to Plaintiff's Request for Production of Documents, contain information responsive to this Interrogatory.  Responding**

Defendant reserves the right to supplement this Response as discovery and investigation continues.

INTERROGATORY NO. 7. Please identify any and all actions, and the reasons for implementing any such action, taken by You to prevent or minimize the risk of injury or death resulting from liquid or steam or items being released or ejected from a Pressure Cooker when there is or can be any pressure whatsoever inside the Pressure Cooker (hereafter, "under pressure"), including that a Pressure Cooker's lid may be removed or come off while pressure is still inside a Pressure Cooker, or any Pressure Cooker safety feature(s) designed to prevent liquid or steam or items being ejected from a Pressure Cooker, including but not limited to the Subject Pressure Cooker. Please state the dates on which such action was taken, and include any design changes, adjustments, or implementation of additional features, such as safety features.

**ANSWER:   Objection. This interrogatory is overly broad, unduly burdensome, and disproportionate to the needs of the case.**

**With respect to the non-objectionable portion of this Interrogatory, Responding Defendant states that the documents produced in response to Plaintiff's Request for Production of Documents, contain information responsive to this Interrogatory. Responding Defendant reserves the right to supplement this Response as discovery and investigation continues.**

INTERROGATORY NO. 8. Please identify any statutes, governmental, company or industry-wide standards, regulations, safety manuals or handbooks relating to the design, manufacture, marketing, and/or sale of Pressure Cookers, including but not limited to the Subject Pressure Cooker, including all such Documents related to the risk of injury or death resulting from liquid or steam or items being released or ejected under pressure from a Pressure Cooker, including that a Pressure Cooker's lid may be removed or come off while pressure is still inside a Pressure Cooker, or any Pressure Cooker safety feature(s) designed to prevent liquid or steam or items being ejected from a Pressure Cooker, including:

   a.  The person(s) with any such knowledge and the source of each person's knowledge (whether by statute, government, company or industry-wide standards, regulations, safety manuals or handbooks);
   b.  The date when such knowledge was acquired;
   c.  The precise nature of the knowledge.

**ANSWER:   Objection.  This interrogatory is overly broad as it seeks the source of each person's knowledge without limitation or time constraints.**

**With respect to the non-objectionable portion of this Interrogatory, Responding Defendant states that the documents produced in response to Plaintiff's Request for Production of Documents, contain information responsive to this Interrogatory.  Responding**

Defendant reserves the right to supplement this Response as discovery and investigation continues.

INTERROGATORY NO. 9.  Please identify by manufacturer, trade name, brand name or other identifying designation any and all Pressure Cookers You know of that are intended for the same or similar use as the Subject Pressure Cooker. For each such product, please identify:

    a.  The inclusive dates of manufacture; and
    b.  The precise difference between the Subject Pressure Cooker and other manufacturers' Pressure Cookers related to the risk that a Pressure Cooker may release or eject liquid or steam or items under pressure from a Pressure Cooker.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request is disproportionate to the needs of this case.  It is vague in that the request does not limit such information as is otherwise publically available, which is equally accessible to the Plaintiff as it is to Defendant.**

INTERROGATORY NO. 10.   Identify the gross volume of sales by revenue and item quantity of Pressure Cookers sold by You from 2007 to the present, broken down by product and by year.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request goes beyond the product at issue in this matter and is not relevant to the claims alleged by Plaintiff herein.  Without waiving this objection, TriStar will provide sales numbers and revenue for the subject pressure cooker.  Discovery is ongoing and Defendant reserves its rights to amend this response.**

INTERROGATORY NO. 11. Please identify and describe every model of Pressure Cooker You manufacture, market, sell, distribute, and/or design, and state the date You began manufacturing, marketing, selling, distributing, and/or designing each Pressure Cooker model in question, and identify any modification relating in any way to safety and/or preventing the release or ejection of liquid or steam or items while under pressure from a Pressure Cooker, and state when such modification was made.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request goes beyond the product at issue in this matter and is not relevant to the claims alleged by Plaintiff herein.  It is disproportionate to the needs of this case.  With respect to the non-objectionable portion of this Interrogatory, TriStar refers Plaintiffs to documents produced in response to the requests to produce, its pleadings and Initial Disclosures.  Responding Defendant reserves the right to supplement this Response as discovery and investigation continues.**

INTERROGATORY NO. 12. Please identify and describe any and all safety testing You did of any Pressure Cooker, including but not limited to the Subject Pressure Cooker, including but not limited to the risk that a Pressure Cooker may release or eject liquid or steam or items while under pressure from a Pressure Cooker, and/or Pressure Cooker user safety.

If You conducted or are aware of any such testing, please identify:

      a.    The date of each such testing;
      b.    The identity of each individual and/or company who conducted such testing;
      c.    The results of any such testing;
      d.    Whether any reports were drafted regarding such testing, and if so, the dates of such reports; and
The conclusions of any such testing.

**ANSWER:**  **Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**With respect to the non-objectionable portion of this Interrogatory, Responding Defendant states that the documents produced in response to Plaintiff's Request for Production of Documents, contain information responsive to this Interrogatory.  Responding Defendant reserves the right to supplement this Response as discovery and investigation continues.**

INTERROGATORY NO. 13.  Please identify by name and address each person to be called as an expert at trial or provide an expert opinion at trial, the subject matter on which each expert is expected to testify, the substance of each expert's testimony, the expert's full curriculum vitae (CV), a complete list of every case that the expert has provided testimony or given an opinion in, and a copy of all published articles by the expert.

**ANSWER:  Responding Defendant has not determined which expert or experts will be called at the time of trial.  Responding Defendant will provide information regarding testifying expert witnesses accordance with the Court's November 18, 2019 Scheduling Order, the applicable Federal Rules of Civil Procedure and the N.D.W.Va. Local Rules.**

INTERROGATORY NO. 14.  Please identify and describe any and all patents or trademarks or pending patents or trademarks relating to the safety of any Pressure Cooker You designed, manufactured, marketed, and/or sold, including but not limited to the Subject Pressure Cooker, or to preventing any Pressure Cooker You designed, manufactured, marketed, and/or sold, including but not limited to the Subject Pressure Cooker, from releasing or ejecting liquid or steam or items while under pressure.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

INTERROGATORY NO. 15.    Please identify and describe any and all communications with any other company or organization, whether private or governmental organization, regarding safe operation of Pressure Cookers, the risk that a Pressure Cooker may release or eject liquid or steam or items while under pressure, and/or any complaints or reports of injuries or deaths involving any Pressure Cooker.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

INTERROGATORY NO. 16.    Please identify and describe any and all communications with any and all companies or organizations, whether private or governmental organizations, regarding the manufacture, marketing, sale, distribution, and/or design of any Pressure Cooker, including but not limited to the Subject Pressure Cooker.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

INTERROGATORY NO. 17.    Identify and describe each complaint or report that You have received involving an injury or death related in any way to a Pressure Cooker, or involving a Pressure Cooker's safety features failing or to a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure, regardless of whether an injury or property damage was reported, and include all date(s) of any such complaint or report. Please identify and describe any and all investigation(s), testing, reports, and/or analysis You or a third party did in response to any such complaints or reports.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**With respect to the non-objectionable portion of this Interrogatory, Responding Defendant states that the documents produced in response to Plaintiff's Request for Production of Documents, contain information responsive to this Interrogatory.  Responding Defendant reserves the right to supplement this Response as discovery and investigation continues.**

INTERROGATORY NO. 18.    Identify whether You have been notified or aware of any violations of any Current Good Manufacturing Practices with regard to the manufacture of Your Pressure Cookers, including but not limited to the Subject Pressure Cooker, and for each please identify:

      a.    The date You or Your agents were notified of said violation of a Current Good Manufacturing Practices;

     b.       Identify the entity or individual who told You or Your agents that there was a violation of a Current Good Manufacturing Practices;

     c.       Identify what the specific violation of Current Good Manufacturing Practices at issue was reported;

     d.       State whether a root cause analysis was performed to determine why the violation of Current Good Manufacturing Practices occurred; and

     e.       State whether any corrective action was taken to address the violation of Current Good Manufacturing Practices, and, if so, identify what corrective action was taken.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

INTERROGATORY NO. 19.      Identify all audits and quality re-audits of the manufacturing facilities involved in the manufacture of Your Pressure Cookers, including but not limited to the Subject Pressure Cooker, and for each please identify the date the quality audit or quality re-audit was performed, the entity or individual who performed the audit, the quality audit or quality re-audit procedures, whether the quality audit or quality re-audit found any problems with the manufacturing processes, any recommendations made by the auditor to improve the problem(s) found, and state whether any corrective action was taken to address the quality audit or quality re-audit findings, and, if so, identify what corrective action was taken.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**With respect to the non-objectionable portion of this Interrogatory, Responding Defendant states that the documents produced in response to Plaintiff's Request for Production of Documents, contain information responsive to this Interrogatory. Responding Defendant reserves the right to supplement this Response as discovery and investigation continues.**

INTERROGATORY NO. 20.      Identify all warranties, representations, and promotional statements regarding Your Pressure Cookers, including but not limited to the Subject Pressure Cooker, made by You, or that you are aware of, during the relevant time period.

**ANSWER:  Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**With respect to the non-objectionable portion of this Interrogatory, Responding Defendant states that the documents produced in response to Plaintiff's Request for Production of Documents, contain information responsive to this Interrogatory.  Responding**

**Defendant reserves the right to supplement this Response as discovery and investigation continues.**


INTERROGATORY NO. 21.          Identify and describe any and all insurance policies and agreements, excess coverage policies and agreements, other insurance policies and agreements, or indemnification agreements that You believe may relate to any or all of Plaintiffs claims, and identify the dates of coverage and specific type of coverage.

**ANSWER:  Objection.  Beyond the required insurance information sought in Rule 26(a) and within all local rules, this request seeks information that is not relevant or related to the subject claims in this suit.  TriStar will produce the required insurance information.**


INTERROGATORY NO. 22.          Do You have any representatives, agents, and/or inspectors at the plant where the Subject Pressure Cooker was manufactured to observe production and ensure the quality of Subject Pressure Cooker? If yes, please state any and all jobs and responsibilities of any such representative, agent, or inspector.

**ANSWER:  Discovery is ongoing and investigation continues.  Answering Defendant reserves the right to amend this response.**

## DEFENDANT TRISTAR PRODUCTS, INC.'S RESPONSES TO
## <u>FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Defendant Tristar Products, Inc. ("Defendant" or "Tristar"), through counsel, hereby propounds the following Responses to the Plaintiff's First Set of Requests for Production of Documents.

## <u>GENERAL RESPONSES</u>

1.    Tristar has not concluded its investigation of the facts relating to this case or completed formal discovery, expert reports that may be filed, or preparation for trial. The following responses are based only on information and documents presently known and reasonably available to Tristar. Tristar reserves the right to amend, supplement and/or modify these responses in the event that any facts, documents or other evidence may be subsequently discovered.

2.    Tristar's responses are made solely for purposes of this action, and not for purposes of any other action.

## <u>GENERAL OBJECTIONS</u>

In addition to the specific objections separately set forth in response to each Request, Tristar's responses are subject as a whole to the following general objections, which are incorporated into each response and objection, whether or not specifically referred to therein.

1.    Tristar generally objects to these Requests to the extent they seek confidential or proprietary business information or to the extent they seek confidential patient information in violation of statutory, regulatory, and common law privacy rights. Tristar will only produce documents containing confidential or proprietary business information under the terms of the agreed upon protective order governing the production of confidential documents and information.

2.    Tristar generally objects to these Requests to the extent they seek information regarding pressure cookers other than its PC-TRI6 Pressure Cooker at issue in this case. Tristar

further objects to Plaintiff's definition of "Pressure Cooker Products," and its responses will therefore be directed solely to the "Subject Cooker" as defined in Plaintiff's Requests, i.e., to the PC-TRI6 model pressure cookers and to "Subject Pressure Cooker," i.e., the item allegedly involved in the incident giving rise to this action.

**Request No. 1.**

All Documents concerning harm, risk of harm, injuries, death, complaints, concerns, or reports of harm related to Pressure Cookers, including but not limited to the Subject Pressure Cooker, regardless of source.

**Response No. 1.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as overly broad insofar as it seeks documents relating to pressure cookers other than the PC-TRI6 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce inspection reports for the PC-TRI6 pressure cookers with the same manufacturing date the Subject Pressure Cooker, and Tristar's correspondence with the Consumer Product Safety Commission ("CPSC") containing documents responsive to this Request. Tristar will also produce reports made to Tristar by Plaintiff regarding the alleged incident.**

**Request No. 2.**

All Documents and reports concerning any safety aspect of Pressure Cookers, including,  but not limited to the Subject Pressure Cooker, including but not limited to preventing or minimizing the risk of injury or death resulting from liquid or steam or items being released or ejected from a Pressure Cooker when there is or can be any pressure whatsoever inside the Pressure Cooker (hereafter "under pressure"), including that a Pressure Cooker's lid may be removed or come off while pressure is still inside a Pressure Cooker, or any Pressure Cooker safety feature(s) designed to prevent liquid or steam or items being ejected from a Pressure Cooker.

**Response No. 2.**

      **Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as overly broad insofar as it seeks documents relating to pressure cookers other than the PC-TRI6 at issue in this case.**

      **With respect to the non-objectionable portion of this Request, Tristar will produce inspection reports for the PPC-780 pressure cooker with the same manufacturing date the Subject Pressure Cooker, and Tristar's correspondence with the CPSC containing documents responsive to this Request.  Tristar will also produce reports made to Tristar by Plaintiff regarding the alleged incident.**

**Request No.3**

All Documents regarding Your ownership and the relationship with any and all of Your subsidiaries parent companies, or to Your relationship with any other company, that designs, manufactures, sells, distributes, or markets Pressure Cookers, including, but not limited to the Subject Pressure Cooker.

**Response No. 3.**

      **Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. By way of further objection, Tristar objects to this Request as overly broad insofar as it seeks documents relating to pressure cookers other than the PC-TRI6 at issue in this case.**

      **With respect to the non-objectionable portion of this Request, Tristar will produce purchase orders between Tristar and the manufacturer of the Subject Pressure Cooker at issue in this case for units with the same manufacturing date code as Subject Pressure Cooker.**

**Request No. 4.**

All Documents regarding Your relationship with any company that may have designed and/or manufactured Your Pressure Cookers, including but not limited to the Subject Pressure Cooker, including, but not limited to any and all contacts, agreements, service agreements, marketing agreements, revenue agreements, manufacturing agreements, and customer agreements.

**Response No. 4.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PC-TRI6 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce purchase orders between Tristar and the manufacturer of the Subject Pressure Cooker at issue in this case for units with the same manufacturing date code as the Subject Pressure Cooker.**

**Request No. 5.**

All Documents regarding any and all Pressure Cookers sales activity, marketing activity, manufacturing activity, licensing activity, and agreements or contracts made with any company or corporation.

**Response No. 5.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. By way of further objection, this request improperly seeks documents relating to pressure cookers other than the PC-TRI6 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce the purchase orders for the PC-TRI6 with the same manufacturing date as the Subject Pressure Cooker.**

**Request No. 6.**

All Documents showing and/or identifying all individuals, companies or entities who have an ownership interests in You including showing the percentage of ownership.

**Response No. 6.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar also objects to this Request as seeking documents regarding the ownership of Tristar that are neither relevant to either party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Tristar objects to this Request as it seeks proprietary and confidential business information.**

**Request No. 7.**

All Communication between You and any other company that may have designed and/or manufactured Your Pressure Cookers, including but not limited to the Subject Pressure Cooker, concerning designing, manufacturing, selling, distributing, or marketing Your Pressure Cookers and the Subject Pressure Cooker, including any Communication regarding the risk of user injuring or death from a Pressure Cooker or that a Pressure Cooker may release or eject liquid or steam or items while under pressure.

**Response No. 7.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as overly broad insofar as it seeks documents relating to pressure cookers other than the PC-TRI6 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce the purchase orders and inspection reports for PC-TRI6 Pressure Cookers with the same manufacturing date as Subject Pressure Cooker.  Tristar will also provide correspondence with the CPSC containing documents responsive to this Request**.

**Request No. 8.**

All Documents, including all contracts and agreements, related to the manufacture and sale of Your Pressure Cookers, including but not limited to the Subject Pressure Cooker, including but not limited to when the Subject Pressure Cooker was manufactured, and their complete sale history.

**Response No. 8.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as overly broad insofar as it seeks documents relating to pressure cookers other than the PC-TRI6 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce the purchase orders for all Pressure Cookers with the same manufacturing date code as the Subject Pressure Cooker and correspondence with the CPSC containing documents responsive to this Request**.

**Request No. 9.**

All Documents, related to the sale and/or marketing of Pressure Cookers, including but not limited to the Subject Pressure [Cooker], including all purchase brochures or materials.

**Response No. 9.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as overly broad insofar as it seeks documents relating to pressure cookers other than the PC-TRI6 at issue in this case and "All Documents related to the sale and/or marketing."**

**With respect to the non-objectionable portion of this Request, Tristar will produce the CPSC correspondence containing documents responsive to this Request.**

**Request No. 10.**

All Documents concerning how You track Pressure Cookers after the Pressure Cookers are placed into the stream of commerce, including any and all information regarding serial numbers or other identifying marks on Pressure Cookers You design, manufacture, market, sell, or distribute.

**Response No. 10.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar objects to this Request as overly broad insofar as it seeks documents relating to pressure cookers other than the PC-TRI6 at issue in this case. Tristar also objects to this Request as vague in its request for documents concerning how Tristar "tracks" pressure cookers after they are placed into the stream of commerce.**

**With respect to the non-objectionable portion of this Request, Tristar will produce the CPSC correspondence containing documents responsive to this Request.**

**Request No. 11.**

All Documents regarding monitoring, compiling, evaluating, reporting, responding to, and/or reviewing injuries, complaints, concerns or reports pertaining to any way to a Pressure Cooker, including but not limited to a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Response No. 11.**

Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PC-TRI6 at issue in this case.

With respect to the non-objectionable portion of this Request, Tristar will produce the CPSC correspondence containing documents responsive to this Request.

**Request No. 12.**

All Documents, including but not limited to all produced discovery documents, expert reports, deposition transcripts, and trial transcripts from all legal actions that have been filed against You or by You in any Court in the United States involving injuries or alleged injuries in any way from a Pressure Cooker.  Please also include:

(a) The caption, jurisdiction, filing umber, and counsel of record for all parties of each action;

(b) The alleged occurrence and nature of the injury alleged to have been caused by the Pressure Cooker, if applicable;

(c) Whether it was alleged that the Pressure Cooker was defective and, if so, the alleged defects, if applicable;

(d) The status of each such action, including whether there was a resolution to the legal action, and if so, the result;

(e) The names and addresses of each expert witness who testified in each such action, identifying whether an expert witness for You or for the plaintiff(s); and

(f) The names and addresses of each fact witness who testified on You behalf in each such action.

**Response No. 12.**

Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PC-TRI6 at issue in this case.

With respect to the non-objectionable portion of this Request, Tristar will produce responsive, non-privileged depositions, trial transcripts, or expert reports produced in prior PPC-780 cases which do not contain personal plaintiff information subject to privacy restraints.

Request No. 13.

All Documents reflecting action taken by You in response to any United States federal or state reporting requirements regarding the safety of Pressure Cookers including but not limited to the risk that liquid or steam or items may be ejected or released from a Pressure Cooker while under pressure.

Response No. 13.

Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PC-TRI6 at issue in this case.

With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.

Request No. 14

All Documents regarding Pressure Cooker safety and the safe operation of any Pressure Cooker, and any government, regulatory or industry-related entity, including but not limited to the Consumer Product Safety Commission ("CPSC"), and/or any trade organizations.

Response No. 14.

Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PC-TRI6 at issue in this case.

With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.

**Request No. 15.**

All Documents relating to any recalls of Your Pressure Cookers, whether discussed or realized; and if discussed but not realized, all Documents involving why a proposed recall was not realized.

**Response No. 15.**

Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PC-TRI6 at issue in this case.

With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.

**Request No. 16.**

All Documents relating to safety recalls of other manufacturers and/or sellers' Pressure Cookers.

**Response No. 16.**

Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PPC-780 at issue in this case, and to other manufacturers' pressure cookers.

**Request No. 17.**

Documents sufficient to show Your membership in or participation in trade or industry groups or associations.

**Response No. 17**

Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to the vague and ambiguous reference to "trade or industry groups," without enough specification to allow Tristar to understand the documents sought.

**Request No 18.**

25335823.v1
25368363.v1

All Documents involving Your participation in trade or industry group meetings or conferences in which Pressure Cooker safety or safe use of a Pressure Cooker was discussed.

**Response No. 18.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PPC-780 at issue in this case.  Tristar also objects to the vague and ambiguous reference to "trade or industry group meetings or conferences," without enough specification to allow Tristar to understand the documents sought.**

**Request No. 19.**

All Documents relating to any potential safety problems or risks involving Pressure Cookers including the Subject Pressure Cooker.

**Response No. 19.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PPC-780 product line at issue in this case.**

**With respect to the non-objectionable portion of this Request, please see warnings affixed to the subject pressure cooker and correspondence with the CPSC.**

**Request No. 20.**

All Documents reflecting governmental, company or industry standards, statutes, or regulations that impact any safety design or safety testing of Pressure Cookers.

**Response No. 20.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PC-TRI6 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.**

**Request No. 21.**

All Documents involving any changes or modifications relating to any safeguards or warnings related to Pressure Cookers You design, manufacture, market, distribute, and/or sell, whether proposed but not realized or actually realized, since the date in which You first possessed, developed,  manufactured, marketed, distributed or sold Pressure Cookers, including but not limited to changes or modifications to the safeguards and/or warnings; and if changes or modifications were proposed but not realized all Documents involving why the proposed changes or modifications were not realized.

**Response No. 21.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PPC-780 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.**

**Request No. 22.**

All Documents including but not limited handbooks and manuals involving, safeguards or warnings given to users of Pressure Cookers or related to opening a Pressure Cooker, and all Documents used in formulating safeguards or warnings for Pressure Cookers, including all drafts and final versions of warnings and changes thereto, whether considered or effectuated by You, for Pressure Cookers.

**Response No. 22.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request to the extent it seeks documents relating to pressure cooker models other than the PPC-780  product line at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar refers Plaintiff to the warnings affixed to the Subject Cooker and will produce correspondence with the CPSC containing documents responsive to this Request.**

**Request No. 23.**

All Documents reflecting similarities and/or differences between Your Pressure Cookers, and similar Pressure Cookers made by other manufacturers, which relate to preventing a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Response No. 23.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar also objects to this Request as it requests documents related to Pressure Cookers "made by other manufacturers" who are not involved in this litigation and to pressure cooker models other than the Tristar PPC-780 product line at issue in this case.**

**Request No. 24.**

All Documents reflecting any safety differences in any different models of Your Pressure Cookers.

**Response No. 24.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request to the extent it seeks documents relating to pressure cooker models other than the Tristar PPC-780 product line at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.**

**Request No. 25.**

All Documents relating to studies You or Your agents performed regarding any changes that may lessen the risk that a Pressure Cooker may release or eject liquid or steam or items while under pressure.

**Response No. 25.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request to the extent it seeks documents relating to pressure cooker models other than the Tristar PPC-780 product line at issue in this case.**

With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.

**Request No. 26.**

All documents relating to any and all alternatives considered by YOU for adding any and all safety features to a Pressure Cooker that would protect a Pressure Cooker user or operative form injury or harm from a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Response No. 26.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request to the extent it seeks documents relating to pressure cooker models other than the Tristar PPC-780 product line at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.**

**Request No. 27.**

All Documents involving You or Your agents and any government agency relating to safety, safeguards, precautions, directions, warnings, and/or alternative designs for any Pressure Cooker related to preventing injury or death from use of a Pressure Cooker, including injury or death from a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure, and any changes thereto, whether considered or effectuated by You.

**Response No. 27.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request to the extent it seeks documents relating to pressure cooker models other than the Tristar PPC-780 product line at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.**

**Request No 28.**

All Documents relating to any testing, examination, inquiry, study, investigation or evaluation as to the safety of Pressure Cookers, including the Subject Pressure Cooker, conducted by any person entity and/or governmental body not employed by or affiliated with YOU, including my not limited to protocols, data, reports, results, published materials, and/or Communications about or with the persons, entities and/or governmental body conducted such testing, examination, inquiry, study, investigation or evaluation.

### Response No. 28.

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request to the extent it seeks documents relating to pressure cooker models other than the Tristar PPC-780 product line at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.**

### Request No. 29.

All Documents relating to press releases or reports in the press involving inquiries or death from a Pressure Cooker, or relating to a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

### Response No. 29.

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request to the extent it seeks documents relating to pressure cooker models other than the Tristar PPC-780 product line at issue in this case**.

### Request No. 30.

All Documents involving any retention or analysis or studies performed by a human factors expert or professional related to safe operation of Pressure Cookers, the noticeability of any safety devices on Your Pressure Cookers, and any comprehension studies related to any warnings on Your Pressure Cookers.

**Response No. 30.**

Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request to the extent it seeks documents relating to pressure cooker models other than the Tristar PPC-780 product line at issue in this case.

**Request No. 31.**

All Documents involving any studies performed regarding or analysis of consumer expectations regarding the safety of Pressure Cookers, or the safe operation of a Pressure Cooker.

**Response No. 31**

Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request to the extent it seeks documents relating to pressure cooker models other than the Tristar PPC-780 product line at issue in this case.

**Request No. 32.**

All Documents relating to the foreseeability of a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Response No. 32.**

Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.

**Request No. 33.**

All documents comparing safety warnings on Your Pressure Cookers to safety warnings on any similar competitor Pressure Cooker.

**Response No. 33.**

Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar also objects to this Request as it requests documents related to "similar competitor Pressure Cooker(s)" that are not

involved in this litigation. **Tristar further objects to this Request insofar as it seeks documents relating to pressure cooker models other than the Tristar PC-TRI6 product line at issue in this case.**

### Request No. 34.

All Documents involving former and/or present employees or agents relating to their responsibilities for or involvement with any safety designs related to Pressure Cookers, including the risk that a Pressure Cooker may release or eject liquid or steam or items while under pressure.

### Response No, 34.

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request to the extent it seeks documents relating to pressure cooker models other than the Tristar PC-TRI6 product line at issue in this case.**

### Request No. 35.

If any entities other than You design or manufacture Your Pressure Cookers, including the Subject Pressure Cooker, Documents sufficient to identify any entities or employees thereof who design, manufacture and/or sell Your Pressure Cookers.

### Response No. 35

**Tristar objects to this Request as overly broad insofar as it does not specify any time period  Tristar further objects to this Request to the extent it seeks documents relating to pressure cooker models other than the Tristar PC-TRI6 product line at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce the purchase orders for all Pressure Cookers with the same manufacturing date code as the Subject Pressure Cooker.**

### Request No. 36.

All Documents relating to Your consulting agreements, engagements agreements, employment agreements, and any other agreements, however titled, relating in any way to third parties and Pressure Cookers, including but not limited to developing, testing, precautions, research, development, manufacture, evaluation, safety or promotion of Pressure Cookers.

**Response No. 36.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PPC-780 at issue in this case.**

**Request No. 37.**

All Documents concerning experts that have been retained by You regarding the safety of Pressure Cookers, and the possibility that a Pressure Cooker may release or eject liquid or steam or items while under pressure, including but not limited to reports prepared in legal proceedings; opinions expressed in depositions or trial; reports submitted to journals; and opinions provided as testimony, reports or statements in regulatory activities, including but not limited to the CPSC, or other regulatory authority, or any advisory committee thereof.

**Response No. 37.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar objects to this Request as premature to the extent it seeks expert discovery from Tristar for this lawsuit before it is required to disclose information and/or opinions that may or may not be used.  Tristar further objects to this Request to the extent it seeks material protected by the attorney-client privilege, the work product doctrine, and/or the consulting expert privilege.  Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PC-TRI6 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar states that it will comply with scheduling orders and court rules regarding the disclosure of experts and expert opinions in this case, and reserves the right to supplement this response as discovery continues.**

**Request No. 38.**

All Documents concerning all experts and consultations that You have retained regarding this litigation.  For each expert, please state their name and address, the subject matter on which each expert is expected to testify, and the substance of each expert's testimony.

**Response No. 38.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar objects to this Request as premature as it seeks expert discovery from Tristar before it is required to disclose information and/or opinions that may or may not be used in this case. This lawsuit is in the early stages, and Tristar has not completed its discovery of the facts in this case. Tristar further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, the work product doctrine, and/or the consulting expert privilege.**

**With respect to the non-objectionable portion of this Request, Tristar states that it will comply with scheduling orders and court rules regarding the disclosure of experts and expert opinions in this case, and reserves the right to supplement this response as discovery continues.**

**Request No. 39.**

All Documents, video recordings, or audio recordings relating to, commenting on, or constituting any statement or identifying any witness to the events and occurrences alleged in the Complaint.

**Response No. 39.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**With respect to the non-objectionable portion of this Request, Tristar will produce any documents that are responsive to this Request.**

**Request No. 40.**

All liability insurance policies and agreements, excess coverage policies and agreements, any other insurance policies and agreements, or indemnity agreements that may potentially cover any or all of Plaintiff's claims alleged in the Complaint.

**Response No. 40.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**With respect to the non-objectionable portion of this Request, and after entry of an appropriate protective order, Tristar will produce insurance policies relevant to the Plaintiff Subject Cooker and date of the incident at issue in this case, as is required under the Federal Rules of Civil Procedure, Rule 26(a).**

**Request No. 41.**

All Documents You sent or submitted to any indemnifier or insurance company, agents, broker, adjuster, or investigator, dealing with any issue arising out of the incident alleged Plaintiff's Complaint, including but not limited to applications, notices proof of loss, reports, letters, Correspondence, or other Documents.

**Response No. 41.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. See Response to No. 40.**

**Request No. 42.**

All Documents involving Your overall profits and sales from the relevant period, including but not limited to Your Profits and Loss statement, sales data gross volume sales by revenue and item quality of any Pressure Cooker sold, and any breakdown of profits and sales derived from the manufacture, marketing, or sale of Pressure Cookers.

**Response No. 42.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers and are in fact entirely different products other than the PPC-780 at issue in this case.**

**Request No. 43.**

All Documents involving the advertising, marketing, promotion, sale, or public relations efforts or campaigns planned and/or implemented by You or on Your behalf concerning Pressure Cooker safety that include but are not limited to drafts and final versions of any advertising and/or promotional literature concerning Pressure Cooker, whether authored by You or any advertising agency.

**Response No. 43.**

25335823.v1
25368363.v1

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar objects to this Request as seeking documents relating to pressure cookers other than the PPC-780 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.**

**Request No. 44.**

All Documents or videos, including any videos posted to any website or social media platform, made by You or any of Your agents during the Relevant Period that contains any safety representations abut Pressure Cooker made at any point during the Relevant Period, including representations about the safety of Pressure Cookers.

**Response No. 44.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than PPC-780 at issue in this case.**

**Request No. 45.**

All Documents relating to Communications with former and/or present sales representatives or other Persons responsible for, or involved with, the marketing or selling of Pressure Cookers and/or safety issues or problems with Pressure Cookers, including the risk that a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Response No. 45.**

**Objection. Tristar objects to this Request as overly broad insofar as it seeks documents relating to people involved with the marketing or selling of pressure cookers and relating to pressure cookers other than the PPC-780 at issue in this case.**

**Request No. 46.**

All transcripts to all depositions in which You or any Your present or former employees, representatives and/or agents testified in any case involving or damages allegedly sustained from a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Response No. 46.**

**Objection.  Tristar objects to this Request as overly broad insofar as it seeks documents relating to pressure cookers other than the PPC-780 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce responsive, non-privileged depositions transcripts produced in prior PC-TRI6 cases which do not contain personal plaintiff information subject to privacy restraints.**

**Request No. 47.**

All Documents reflecting warranties, express or implied, given by You to distributors, retailers or Purchasers or Your Pressure Cookers.

**Response No. 47.**

**Objection.  Tristar objects to this Request on the ground that the Plaintiff's request for "all Documents reflecting warranties, express or implied, given by You to distributors, retailers or Purchasers" is overly broad, unduly burdensome, and not proportional to the needs of this case.  Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PPC-780 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.**

**Request No. 48.**

All Documents that relate to your document retention or destruction policies, including but not limited to documents sufficient to identify the steps taken by or on behalf of you to preserve documents that are or may be discoverable in this action.  This request includes, but is not limited to, policies for:  paper documents, databases, electronic mail, electronic documents, voicemail and instant messaging.  This request includes all documents in the possession, custody and control of You and Your agents.

**Response No. 48.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Request No. 49.**

All documents that relate to or reflect the any Current Good Manufacturing Practices with regard to the manufacture of Your Pressure Cookers, including but not limited to the Subject Pressure Cooker, including:

> a.  All Documents that relate to any investigation or analysis by you or anyone else concerning potential design or manufacturing problems, product defects, or manufacturing defects; and

> b.  All documents that relate to any changes you considered making to the design of Pressure Cookers or to the manufacturing process, regardless of whether or not you implemented the changes.

**Answer**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar also objects to this Request insofar as "Current Good Manufacturing Practices" is vague and undefined.  Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PPC-780 at issue in this case.**

**With respect to the non-objectionable portion of this Request, and upon entry of an appropriate Protective Order, Tristar will produce correspondence with the CPSC containing documents concerning its manufacturing practices.**

**Request No. 50.**

All Documents that relate to any specifications, whether design, manufacturing or performance specifications concerning the manufacture and assembly of the Subject Pressure Cooker.

**Response No. 50.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.**

**Request No. 51.**

All Documents that relate to any Pressure Cooker failure or malfunction, whether actual, purported or potential.

**Response No. 51.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar also objects to this Request as it is not limited in time or scope. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PC-TRI6 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.**

**Request No. 52.**

All Documents that relate to the regulation or oversight of Pressure Cooker by any U.S. governmental agency, including but not limited to the United States Consumer Product Safety Commission ("CPSC"), or its foreign equivalent or any foreign regulatory body, including but not limited to the regulation of the approval, testing, sale, marketing, safety, recall, design, manufacture, withdrawal or investigation of Pressure Cookers.

**Response No. 52.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PPC-780 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.**

**Request No 53.**

All Documents and Communications that relate to any communication with the CPSC concerning

any safety issues with Pressure Cookers.

**Response No. 53.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably
calculated to lead to the discovery of admissible evidence. Tristar further objects to this
Request to the extent it seeks documents relating to pressure cooker models other than the
Tristar PPC-780 product line at issue in this case. Further, Tristar Objects to the request for
documents related to "any safety issues" rather than the specific safety allegations made by
the Plaintiff regarding the Subject Cooker.**

**With respect to the non-objectionable portion of this Request, Tristar will provide
correspondence with the CPSC containing documents responsive to this Request.**

**Request No. 54.**

All Documents that reflect transcripts, recordings of meeting or meeting minutes, with the CPSC,

any foreign regulatory body, other regulatory agency regarding Pressure Cooker safety.

**Response No. 54.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably
calculated to lead to the discovery of admissible evidence. Tristar further objects to this
Request to the extent it seeks documents relating to pressure cooker models other than the
Tristar PC-TRI6 product line at issue in this case. Further, Tristar objects to the vague
request for documents related to "safety" rather than the specific safety allegations made by
the Plaintiff regarding the Subject Cooker.**

**With respect to the non-objectionable portion of this Request, Tristar will provide
correspondence with the CPSC containing documents responsive to this Request.**

**Request No. 55.**

All Documents relating to Your Corporate Compliance Agreement(s) and Code of Business

Conduct and Ethics.

**Response No. 55.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably
calculated to lead to the discovery of admissible evidence. Tristar also objects to this Request
as vague in its reference to a "Corporate Compliance Agreement" and a "Code of Business
Conduct and Ethics."**

25335823.v1
25368363.v1

**Request No. 56.**

All Documents that relate to any inspection of any facility where Your Pressure Cookers, including the Subject Pressure Cooker, or any component thereof, were manufactured, including but not limited to any Investigation Report, any response thereto, and any internal communication regarding the inspection.

**Response No. 56.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request for documents relating to "any inspection of any facility" as overly broad and as seeking documents that are neither relevant to either party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers and in fact entirely different products other than the PPC-780 at issue in this case.**

**Request No. 57.**

Documents sufficient to identify where each Pressure Cooker You deign, manufacturer, market, or sell has ever been manufactured, including the Subject Pressure Cooker.

**Response No. 57.**

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PPC-780 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce purchase orders for PPC-780 Pressure Cookers with the same manufacture date as the Subject Pressure Cooker at issue in this case.**

**Request No 58.**

All Documents that relate to any Communication between You and any sales representatives, third party sales representatives (both natural persons and entities) and any person or entity who sold, distributed or promoted Your Pressure Cookers, including but not limited to the Subject Pressure Cooker, regarding any compensation non-monetary compensation, and/or bonus for au such sales,

including also any sales or distribution territory and related dates of supply, distribution or promotion. For each person identified, produce a copy of the following: (a) their custodial file; (b) personnel file; (c) call notes/sheets; (d) customer notes; € weekly sales notes; (f) customer belief notes; (g) tracking notes; (h) postings on message boards; (i) video files; (j) and/or contracts, agreements, and payments, between you and any person or entity who sold, distributed or promoted the Subject Pressure Cooker.

### Response No. 58.

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request for "All Documents that relate to any Communication between You and any sales representatives, third party sales representatives (both natural persons and entities) and any person or entity who sold, distributed or promoted Your Pressure Cookers…" and for "…compensation, non-monetary compensation, and/or bonus…" regarding a vast array of people as overly broad and as seeking documents that are neither relevant to either party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PC-TRI6 at issue in this case.**

### Request No. 59

All Documents that relate to or reflect information or materials intended to market or promote for sale or purchase the Pressure Cookers, including the Subject Pressure Cooker, including but not limited to sales brochures, selling or promotional aids, instructional materials to sales representatives, website materials, video or webcasts, literature, scripts, voice mail blasts, questions and answers or FAQ, and any drafts of same.

### Response No. 59.

**Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar objects to this Request for "All Documents that relate to or reflect information or materials intended to market or promote for sale or purchase the Pressure Cookers…" as overly broad and as seeking documents that are neither relevant to either party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, it seeks the entire universe of Pressure Cooker advertising rather than any advertising relevant to what**

Plaintiff saw, read, watched and/or heard.  Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PPC-780 at issue in this case.

**Request No. 60.**

All Documents that relate to warranties, representations, and promotional statements made by You regarding the safety, efficacy or performance of Pressure Cookers.

**Response No. 60.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as it is not limited in time and scope, and seeks documents relating to pressure cookers other than the PC-TRI6 at issue in this case.**

**With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.  See also Tristar's response to Request No. 47.**

**Request No. 61.**

All Documents that relate to or reflect training materials for the training of sales representatives, distributors or the like employed by You or by third parties to promote Pressure Cookers, including but not limited to instructions, memorandum, power points, emails, newsletters films scripts, questions and answers, alerts, roleplays, electronic media and videos, voice mail blasts, webcasts, Pictures scientific or medical information or other materials or information.

**Response No. 61.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as it is not limited in time and scope.  Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PC-TRI6 at issue in this case.**

**Requests No. 62.**

All Documents that relate to or reflect any packaging and accompanying documentation provided with the Subject Pressure Cooker.

**Response No. 62.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

**With respect to the non-objectionable portion of this Request, Tristar refers Plaintiff to the "accompanying documentation" that was attached to the Subject Pressure Cooker or contained within the packaging when Plaintiff purchased Subject Pressure Cooker.**

**Requests No. 63.**

All Documents that relate to notice of claims, claims projections, loss estimates or risk management that relate to any Pressure Cookers.

**Response No. 63.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff seeks documents that have no relation to Subject Pressure Cooker or the injuries alleged by Plaintiff in this litigation. Tristar also objects to this Request as it is not limited in time or scope.**

**Requests No. 64.**

Any and all specifications, drawings, blueprints, or other Documents regarding Your Pressure Cookers, including but not limited to the Subject Pressure Cooker, or its individual components or mechanism, including all Documents which show measurements for the same.

**Response No. 64.**

**Objection.  This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PPC-780 at issue in this case.**

**Requests No 65.**

Any and all Documents related to any engineering, design, and/or manufacturing changes ("Engineering Change Orders") Your Pressure Cookers, including but not limited to the Subject Pressure Cooker, including any such changes that were considered but never implemented.

**Response No. 65.**

**Objection.** This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PC-TRI6 at issue in this case.

With respect to the non-objectionable portion of this Request, Tristar will produce correspondence with the CPSC containing documents responsive to this Request.

<u>**Request No. 66.**</u>

All Documents responsive to or reflected in Your responses to Plaintiff's Interrogatories.

<u>**Response No. 66.**</u>

**Objection.** This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

With respect to the non-objectionable portion of this Request, Tristar will produce documents identified in its answers to Interrogatories.

TRISTAR PRODUCTS, INC.,

By: _____

Its counsel

Jeffrey A. Holmstrand (#4893)
Jeffrey A. Grove (#6065)
GROVE HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, West Virginia  26003
(304) 905-1961
jholmstrand@ghdlawfirm.com
jgrove@ghdlawfirm.com