# Exhibit F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

Charles Carter, Jr. and RaeAnn Carter,

      Plaintiffs,

          vs.                             CIVIL ACTION No: 5:19-cv-00284-JPB

Tristar Products, Inc., et al.;

      Defendants.


**DEFENDANT KOHL'S CORPORATION'S RESPONSE TO PLAINTIFFS' FIRST SET**
**OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**
**OBJECTIONS TO "DEFINITIONS AND INSTRUCTIONS"**

1.     The responding Defendant objects to the following DEFINITIONS AND INSTRUCTIONS" to the extent they are inconsistent with the provisions of the Northern District of West Virginia Local Rule of Civil Procedure 26.02.  The responding Defendant will use the definitions set forth in that rule:

     a.     "You" or "Your" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(5);

     b.     "Defendant" or "Tristar" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(5);

     c.     "Kohls" as being inconsistent with N.D.W.Va. L. R.Civ.P. 26.02(c)(5);

     d.     "Person" as being inconsistent with N.D.W.Va. L. R. Civ.P. 26.02(c)(6);

     e.     "Document" or "Documents" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(2);

     f.     "Communication" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(1);

     g.     "Concerning," "involving," "reflecting," "relating to," "relating to," and "regarding" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(7); and

h.      "Identify," "identity," or "identification" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(3) and (4).

2.      Responding Defendant objects to the Paragraph (G) of the "Instructions and Definitions (purporting to define "Relevant Time Period") as not being  proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3.      Responding Defendant objects to Paragraphs (P) and (T) of the "Instructions and Definitions" as being inconsistent with Federal Rule of Civil Procedure 26(3) and the Court's November 18, 2019 Scheduling Order.

4.      Responding Defendant objects to Paragraph Q of the "Instructions and Definitions" to the extent that it purports to extend the requirement of "reasonable inquiry" beyond that encompassed in Federal Rule of Civil Procedure 26(g).

5.      Responding Defendant objects to Paragraph (S) of the "Instructions and Definitions" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.01(c).

6.      Responding Defendant objects to Paragraph (W) of the "Instructions and Definitions" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.04(a)(2).

## INTERROGATORIES

Responding Defendant objects to Plaintiffs Interrogatories as exceeding the number of discovery requests permitted under N.D.W.Va. Local Rule of Civil Procedure 26.01(c) and the Court's November 18, 2019 Scheduling Order.

## INTERROGATORY NO. 1

Please identity and describe any and all of Your owners or shareholders, and state Your full corporate name and provide a complete corporate history regarding any and all names You have previously gone by, been known by, done business as, or by which You have previously represented yourself to the public, and include the full legal name of all of Your subsidiaries, parent companies, or companies that you have a legal relationship with, and detail Your legal relationship with each such entity, the ownership of your company and each such entity, and include any and all addresses You or Your subsidiaries, parent companies or companies you have a legal relationship with have used in the United States or elsewhere.

**ANSWER:    Responding Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to the lead to the discovery of admissible evidence beyond that portion seeking its full corporate name.  With respect to the non-objectionable portion of this Interrogatory, Responding Defendant states Kohl's Corporation. ("Kohl's").  These Answers have been prepared with input from various persons with knowledge within the organization, with input from counsel, and have been verified by Stephanie Sailsbury, the store manager where Plaintiffs allege they purchased the product.**

## INTERROGATORY NO. 2

Please identify and describe any and all information related to the design, manufacture, and sale of Tristar Pressure Cookers, including but not limited to Tristar Power Pressure Cooker XL, Model No. PPC780 (the "Subject Pressure Cooker"), including but not limited to Tristar Pressure Cookers' complete design, manufacture, and sale history, including who manufactured, sold and/or bought the Subject Pressure Cooker, and on what dates.

**ANSWER:    Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to seek information concerning products other than the product model at issue.  Responding Defendant further objects to this Interrogatory as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to seek "any and all information" as described in the Interrogatory with respect to the product model at issue.**

**Without waiving said objection, see attached vendor agreement and Merchandise Purchase Order Agreement.  Kohl's did not design or manufacture the subject pressure cooker. Kohl's does not have information related to Tristar's sale history of its own products.**

## INTERROGATORY NO. 3

Please identify any and all personal injury lawsuits of any kind that You have been a party to in any Court in the United States that involve any pressure cooker, whether in federal or any state court, and include:

(a)    Counsel of record for all parties in each action;

(b)     The alleged occurrence and nature of the action;
(c)     Whether it was alleged that a Pressure Cooker was defective and, if so, the alleged defect

The status of each such action, including whether there was a resolution to the legal action, and, if so, the result;

(d)     The names and addresses of each expert witness who testified in each such action, if any, identifying whether an expert witness for You or for the plaintiff(s); and
(e)     The names and addresses of each fact witness who testified on Your behalf in each such action.

**ANSWER:    Upon advice of counsel, Defendant objects.  This request is overly broad and unduly burdensome. The store where Plaintiffs allege they purchased the product at issue was simply a retailer.**

## INTERROGATORY NO. 4

Please identify by name, position, job description, last known address, and training and experience all Your personnel and agents with the most knowledge concerning Pressure Cookers, and including but not limited to all individuals whose responsibilities include any aspects of the safety of Pressure Cookers, and investigating complaints or reports of injuries, deaths, and/or product hazard(s) involving Pressure Cookers.

**ANSWER:    Objection.  This interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to seek information concerning products other than the product model at issue.  Responding Defendant further objects to this Interrogatory to the extent it purports to seeks the identify person(s) with the "most knowledge with respect to the product at issue.  Responding Defendant further objects to this Interrogatory as being overly broad, unduly burdensome and not reasonably calculated to lead to the to the discovery of admissible evidence to the extent it asks Responding Defendant to identify "all" personnel, "all" purported agents, and "all individuals whose responsibilities …"    Finally, Responding Defendant objects to the extent this Interrogatory purports to expand the scope of "identify" beyond that found in N.D.W.Va. L.R.Civ. P. 26.02(c)(3).**

**        With respect to the non-objectionable portion of this Interrogatory, Responding Defendant states that the documents being produced in response to Plaintiff's Request for Production of Documents contain information responsive to this Interrogatory.  Responding Defendant reserves the right to supplement this Response as discovery and investigation continues.**

## INTERROGATORY NO. 5

Please identify by name, position, job description, last known address, and training or experience all Your personnel and agents whose responsibilities include communicating with any employees

or agents of any company that designs and./or manufactures Pressure Cookers and/or any company regarding Pressure Cooker safety, and the safe operation of Pressure Cookers, including but not limited to the Subject Pressure Cooker.

**ANSWER:**    **This Defendant has no knowledge as to any responsive information.**

INTERROGATORY NO. 6

Did You perform any of the following described functions with respect to the Subject Pressure Cooker?
      a.     Designing;
      b.     Manufacturing;
      c.     Distributing;
      d.     Marketing; or
      e.     Selling.

If yes, please state the inclusive dates for each product with respect to each activity. If no, as to any of the functions listed above, please set forth in full detail:

      a.     Who performed the functions in the items listed and the name and address of the person or corporation involved;
      b.     The details of the relationship between You and that company, entity or person, legal, contractual, business, factual or otherwise and the dates of each relationship;
      c.     Complete descriptions of the design(s) for the Subject Pressure Cooker;
      d.     Any right of use You acquired and the arrangement by which You acquired the right of use.

**ANSWER:**    **The store where Plaintiffs alleged they purchased the pressure cooker sells pressure cookers boxed and packaged and does not have information to answer this Interrogatory.**

**INTERROGATORY NO. 7**

Please identify any and all actions, and the reasons for implementing any such action, taken by You to prevent or minimize the risk of injury or death resulting from liquid or steam or items being released or ejected from a Pressure Cooker when there is or can be any pressure whatsoever inside the Pressure Cooker (hereafter, "under pressure"), including that a Pressure Cooker's lid may be removed or come off while pressure is still inside a Pressure Cooker, or any Pressure Cooker safety feature(s) designed to prevent liquid or steam or items being ejected from a Pressure Cooker, including but not limited to the Subject Pressure Cooker. Please state the dates on which such action was taken, and include any design changes, adjustments, or implementation of additional features, such as safety features.

**ANSWER:**    **This question is best asked as to Tristar.  This Defendant has no knowledge as to any responsive information.**

**INTERROGATORY NO. 8**

Please identify any statutes, governmental, company or industry-wide standards, regulations, safety manuals or handbooks relating to the design, manufacture, marketing, and/or sale of Pressure Cookers, including but not limited to the Subject Pressure Cooker, including all such Documents related to the risk of injury or death resulting from liquid or steam or items being released or ejected under pressure from a Pressure Cooker, including that a Pressure Cooker's lid may be removed or come off while pressure is still inside a Pressure Cooker, or any Pressure Cooker safety feature(s) designed to prevent liquid or steam or items being ejected from a Pressure Cooker, including:

    a.    The person(s) with any such knowledge and the source of each person's knowledge (whether by statute, government, company or industry-wide standards, regulations, safety manuals or handbooks);

    b.    The date when such knowledge was acquired;

    c.    The precise nature of the knowledge.

**ANSWER:**    **Defendant has no knowledge responsive to this interrogatory.**

**INTERROGATORY NO. 9**

Please identify by manufacturer, trade name, brand name or other identifying designation any and all Pressure Cookers You know of that are intended for the same or similar use as the Subject Pressure Cooker. For each such product, please identify:

    a.    The inclusive dates of manufacture; and

    b.    The precise difference between the Subject Pressure Cooker and other manufacturers' Pressure Cookers related to the risk that a Pressure Cooker may release or eject liquid or steam or items under pressure from a Pressure Cooker.

**ANSWER:**    **Objection. This request overly broad, vague and is not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving this objection, and in a good faith effort to be responsive, Defendant is unaware of other pressure cookers' date of manufacture, and is unaware of precise differences with other pressure cookers related to the release of steam or liquid or contents under pressure. Kohl's does not manufacture any of the pressure cookers they sell. The store where Plaintiffs allege they purchased the product at issue was simply a retailer.**

**INTERROGATORY NO. 10**

Identify the gross volume of sales by revenue and item quantity of Pressure Cookers sold by You from 2008 to the present, broken down by product and by year.

**ANSWER:    Upon advice of counsel, objection.  This request is vague and seeks information that goes beyond the scope of the within litigation.**

**Without waiving this objection, and in a good faith effort to be responsive, Kohl's is a retailer of many brands of many products and does not maintain records that monitor sales revenue in the manner described in this request. Kohl's does not have information related to Tristar's sale history of its own products.  The store where Plaintiffs allege they purchased the product at issue was simply a retailer.**

**INTERROGATORY NO. 11**

Please identify and describe every model of Pressure Cooker You manufacture, market, sell, distribute, and/or design, and state the date You began manufacturing, marketing, selling, distributing, and/or designing each Pressure Cooker model in question, and identify any modification relating in any way to safety and/or preventing the release or ejection of liquid or steam or items while under pressure from a Pressure Cooker, and state when such modification was made.

**ANSWER:    Kohl's does not have any information responsive to this request. The store where Plaintiffs allege they purchased the product at issue was simply a retailer.**
**and did not perform the functions identified in this interrogatory as it relates to modifications related to the release or ejection of liquid or steam or items while under pressure.**

**INTERROGATORY NO. 12**

Please identify and describe any and all safety testing You did of any Pressure Cooker, including but not limited to the Subject Pressure Cooker, including but not limited to the risk that a Pressure Cooker may release or eject liquid or steam or items while under pressure from a Pressure Cooker, and/or Pressure Cooker user safety.

If You conducted or are aware of any such testing, please identify:

      a.      The date of each such testing;
      b.      The identity of each individual and/or company who conducted such testing;
      c.      The results of any such testing;
      d.      Whether any reports were drafted regarding such testing, and if so, the dates of such reports; and
      e.      The conclusions of any such testing.

**ANSWER:    Kohl's does not have any information responsive to this request The store where Plaintiffs allege they purchased the product at issue was simply a retailer.**

**and did not perform the functions identified in this interrogatory as it relates to modifications related to the release or ejection of liquid or steam or items while under pressure**.

## INTERROGATORY NO. 13

Please identify by name and address each person to be called as an expert at trial or provide an expert opinion at trial, the subject matter on which each expert is expected to testify, the substance of each expert's testimony, the expert's full curriculum vitae (CV), a complete list of every case that the expert has provided testimony or given an opinion in, and a copy of all published articles by the expert.

**ANSWER:    None known at this time.  This matter was tendered to Tristar Products, Inc. and the tender was accepted.  Kohl's intends to rely on all experts proffered by TriStar.**

**Kohl's reserves the right to amend this response should additional details become available.**

## INTERROGATORY NO. 14

Please identify and describe any and all patents or trademarks or pending patents or trademarks relating to the safety of any Pressure Cooker You designed, manufactured, marketed, and/or sold, including but not limited to the Subject Pressure Cooker, or to preventing any Pressure Cooker You designed, manufactured, marketed, and/or sold, including but not limited to the Subject Pressure Cooker, from releasing or ejecting liquid or steam or items while under pressure.

**ANSWER:    Defendant has no such patents or trademarks.**

## INTERROGATORY NO. 15

Please identify and describe any and all communications with any other company or organization, whether private or governmental organization, regarding safe operation of Pressure Cookers, the risk that a Pressure Cooker may release or eject liquid or steam or items while under pressure, and/or any complaints or reports of injuries or deaths involving any Pressure Cooker.

**ANSWER:    Upon advice of counsel, objection.  The requested information is irrelevant and overly broad.    Without waiving said objection, Defendant is not aware of any communications specifically related to pressure cookers releasing or ejecting steam at times while under pressure. Kohl's reserves the right to amend this response should additional details become available.**

## INTERROGATORY NO. 16

Please identify and describe any and all communications with any and all companies or organizations, whether private or governmental organizations, regarding the manufacture,

marketing, sale, distribution, and/or design of any Pressure Cooker, including but not limited to the Subject Pressure Cooker.

**ANSWER:   Upon advice of counsel, objection.   The requested information is irrelevant and overly broad.   Defendant is not aware of any communications specifically related to pressure cookers releasing or ejecting steam at times while under pressure. Kohl's reserves the right to amend this response should additional details become available**

## INTERROGATORY NO. 17

Identify and describe each complaint or report that You have received involving an injury or death related in any way to a Pressure Cooker, or involving a Pressure Cooker's safety features failing or to a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure, regardless of whether an injury or property damage was reported, and include all date(s) of any such complaint or report. Please identify and describe any and all investigation(s), testing, reports, and/or analysis You or a third party did in response to any such complaints or reports.

**ANSWER:   Defendant is not aware of any such complaints, investigations or analysis. Kohl's reserves the right to amend this response should additional details become available.**

## INTERROGATORY NO. 18

Identify whether You have been notified or aware of any violations of any Current Good Manufacturing Practices with regard to the manufacture of any Pressure Cookers, including but not limited to the Subject Pressure Cooker, and for each please identify:

    a.    The date You or Your agents were notified of said violation of a Current Good Manufacturing Practices;

    b.    Identify the entity or individual who told You or Your agents that there was a violation of a Current Good Manufacturing Practices;

    c.    Identify what the specific violation of Current Good Manufacturing Practices at issue was reported;

    d.    State whether a root cause analysis was performed to determine why the violation of Current Good Manufacturing Practices occurred; and

    e.    State whether any corrective action was taken to address the violation of Current Good Manufacturing Practices, and, if so, identify what corrective action was taken.

**ANSWER:   Kohl's does not have any information responsive to this request.  Defendant is not a manufacturer.**

## INTERROGATORY NO. 19

Identify all audits and quality re-audits of the manufacturing facilities involved in the manufacture of Tristar Pressure Cookers, including but not limited to the Subject Pressure Cooker, and for each please identify the date the quality audit or quality re-audit was performed, the entity or individual who performed the audit, the quality audit or quality re-audit procedures, whether the quality audit or quality re-audit found any problems with the manufacturing processes, any recommendations made by the auditor to improve the problem(s) found, and state whether any corrective action was taken to address the quality audit or quality re-audit findings, and, if so, identify what corrective action was taken.

**ANSWER:**    **Defendant has no such information.**

**INTERROGATORY NO. 20**

Identify all warranties, representations, and promotional statements regarding Pressure Cookers, including but not limited to the Subject Pressure Cooker, made by You, or that you are aware of, during the relevant time period.

**ANSWER:**    **Defendant did not make any pressure cookers. Kohl's does not have any information responsive to this request.**

**INTERROGATORY NO. 21**

Identify and describe any and all insurance policies and agreements, excess coverage policies and agreements, other insurance policies and agreements, or indemnification agreements that You believe may relate to any or all of Plaintiffs' claims, and identify the dates of coverage and specific type of coverage.

**ANSWER:**    **Not applicable in that indemnification has been extended by Tristar Products, Inc. Kohl's reserves the right to amend this response should additional details become available.**

**INTERROGATORY NO. 22**

Do You have any, or do You know of any, representatives, agents, and/or inspectors at the plant where the Subject Pressure Cooker was manufactured to observe production and ensure the quality of Subject Pressure Cooker? If yes, please state any and all jobs and responsibilities of any such representative, agent, or inspector.

**ANSWER:**    **No.**

## REQUESTS FOR PRODUCTION

**Request No. 1.**

All Documents concerning harm, risk of harm, injuries, death, complaints, concerns, or reports of harm related to Pressure Cookers, including but not limited to the Subject Pressure Cooker, regardless of source.

**None.**

**<u>Request No. 2.</u>**

All Documents and reports concerning any safety aspect of Pressure Cooker, including but not limited to the Subject Pressure Cooker, including but not limited to preventing or minimizing the risk of injury or death resulting from liquid or steam or items being released or ejected from a Pressure Cooker when there is or can be any pressure whatsoever inside the Pressure Cooker (hereafter, "under pressure"), including that a Pressure Cooker's lid may be removed or come off while pressure is still inside a Pressure ,Cooker, or any Pressure Cooker safety feature(s) designed to prevent liquid or steam or items being ejected from a Pressure Cooker

**None.**

**<u>Request No. 3.</u>**

All Documents regarding Your ownership and the relationship with any and all of Your subsidiaries or parent companies, or to Your relationship with any other company, that designs, manufactures, sells, distributes, or markets Pressure Cookers, including but not limited to the Subject Pressure Cooker.

**See attached vendor agreement and Merchandise Purchase Order terms and conditions.**

**<u>Request No. 4.</u>**

All Documents regarding Your relationship with any company that may have designed and/or manufactured Pressure Cookers, including but not limited to the Subject Pressure Cooker, including but not limited to any and all contracts, agreements, service agreements, marketing agreements, revenue agreements, manufacturing agreements, and customer agreements.

**See attached vendor agreement and Merchandise Purchase Order terms and conditions.**

**<u>Request No. 5.</u>**

All Documents regarding any and all Pressure Cooker sales activity, marketing activity, manufacturing activity, licensing activity, and agreements or contracts made with any company or corporation.

**Objection.  This request overly broad, vague and is not reasonably calculated to lead to the discovery of admissible evidence as it seeks information for products that are not subject to this litigation, nor are similar to the specific model, brand or manufacturer alleged to be at issue herein.**

**Request No. 6.**

All Documents showing and/or identifying all individuals, companies or entities who have an ownership interest in You, including showing the percentage of ownership.

**Upon advice of counsel defendant objects. This document request is not reasonably calculated to lead to relevant evidence.**

**Without waiving this objection, this information is public and is as available to the plaintiff as it is to the Defendant.**

**Request No. 7.**

All Communications between You and any other company that may have designed and/or manufactured Tristar Pressure Cookers, including but not limited to the Subject Pressure Cooker, concerning designing, manufacturing, selling, distributing, or marketing Tristar Pressure Cookers and the Subject Pressure Cooker, including any Communication regarding the risk of user injury or death from a Pressure Cooker or that a Pressure Cooker may release or eject liquid or steam or items while under pressure

**See attached vendor agreement and Merchandise Purchase Order terms and conditions.**

**Request No. 8.**

All Documents, including all contracts and agreements, related to the manufacture and sale of the Subject Pressure Cookers, including but not limited to when the Subject Pressure Cooker was manufactured, and their complete sale history.

**See attached vendor agreement and Merchandise Purchase Order terms and conditions.**

**Request No. 9.**

All Documents related to the sale and/or marketing of Pressure Cookers, including but not limited to the Subject Pressure, including all purchase brochures or materials.

**See attached vendor agreement and Merchandise Purchase Order terms and conditions**

**Request No. 10.**

All Documents concerning how You track Pressure Cookers after the Pressure Cookers are placed into the stream of commerce, including any and all information regarding serial numbers or other identifying marks on Pressure Cookers You design, manufacture, market, sell, or distribute.

**Defendant does not track pressure cookers as contemplated by this demand.**

**Request No. 11.**

All Documents regarding monitoring, compiling, evaluating, reporting, responding to, and/or reviewing injuries, complaints, concerns or reports pertaining to any way to a Pressure Cooker, including but not limited to a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**None.**

**Request No. 12.**

All Documents, including but not limited to all produced discovery documents, expert reports, deposition transcripts, and trial transcripts, from all legal actions that have been filed against You or by You in any Court in the United States involving injuries or alleged injuries in any way from a Pressure Cooker. Please also include:

   (a)    The caption, jurisdiction, filing number, and counsel of record for all parties in each action;
   (b)    The alleged occurrence and nature of the injury alleged to have been caused by the Pressure Cooker, if applicable;
   (c)    Whether it was alleged that the Pressure Cooker was defective and, if so, the alleged defects, if applicable;
   (d)    The status of each such action, including whether there was a resolution to the legal action, and, if so, the result;
   (e)    The names and addresses of each expert witness who testified in each such action, identifying whether an expert witness for You or for the plaintiff(s); and
   (f)    The names and addresses of each fact witness who testified on Your behalf in each such action.

**Defendant objects as this request is overly burdensome and broad and is not properly directed to Kohl's; the store where Plaintiffs allege they purchased the pressure cooker as it is simply a retailer.  Any such request is more properly directed to other parties.**

**Request No. 13.**

All Documents reflecting action taken by You in response to any United States federal or state reporting requirements regarding the safety of Pressure Cookers, including but not limited to the risk that liquid or steam or items may be ejected or released from a Pressure Cooker while under pressure.

**None.**

**Request No. 14.**

All Documents regarding Pressure Cooker safety and the safe operation of any Pressure Cooker, and any governmental, regulatory or industry-related entity, including but not limited to the Consumer Product Safety Commission ("CPSC"), and/or any trade organizations.

**None.**

**Request No. 15.**

All Documents relating to any recalls of Pressure Cookers, whether discussed or realized; and if discussed but not realized, all Documents involving why a proposed recall was not realized.

**None.**

**Request No. 16.**

All Documents relating to safety recalls of manufacturers' and/or sellers' Pressure Cookers.

**None.**

**Request No. 17.**

Documents sufficient to show Your membership in or participation in trade or industry groups or associations that involve product safety in any way.

**None.**

**Request No. 18.**

All Documents involving Your participation in trade or industry group meetings or conferences in which Pressure Cooker safety or safe use of a Pressure Cooker was discussed.

**None.**

**Request No. 19.**

All Documents relating to any potential safety problems or risks involving Pressure Cookers, including the Subject Pressure Cooker.

**None.**

**Request No. 20.**

All Documents reflecting governmental, company or industry standards, statutes, or regulations that impact any safety design or safety testing of Pressure Cookers.

**None.**

25339778.v1
25369241.v1

**Request No. 21.**

All Documents involving any changes or modifications relating to any safeguards or warnings related to the Pressure Cookers You design, manufacture, market, distribute, and/or sell, whether proposed but not realized or actually realized, since the date in which You first possessed, developed, manufactured, marketed, distributed or sold Pressure Cookers, including but not limited to changes or modifications to the safeguards and/or warnings; and if changes or modifications were proposed but not realized, all Documents involving why the proposed changes or modifications were not realized.

**None.**

**Request No. 22.**

All Documents, including but not limited handbooks and manuals, involving safeguards or warnings given to users of Pressure Cookers or related to operating a Pressure Cooker, and all Documents used in formulating safeguards or warnings for Pressure Cookers, including all drafts and final versions of warnings and changes thereto, whether considered or effectuated by You, for Pressure Cookers.

**None.**

**Request No. 23.**

All Documents reflecting similarities and/or differences between Tristar Pressure Cookers, and similar Pressure Cookers made by other manufacturers, which relate to preventing a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**None.**

**Request No. 24.**

All Documents reflecting any safety differences in any different models of Tristar Pressure Cookers.

**None.**

**Request No. 25.**

All Documents relating to studies You or Your agents performed regarding any changes that may lessen the risk that a Pressure Cooker may release or eject liquid or steam or items while under pressure.

**None.**

**Request No. 26.**

All documents relating to any and all alternatives considered by You or Tristar or any other company or agent for adding any and all safety features to a Pressure Cooker that would protect a Pressure Cooker user or operator from injury or harm from a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**None.**

**Request No. 27.**

All Documents involving You or Your agents and any government agency relating to safety, safeguards, precautions, directions, warnings, and/or alternative designs for any Pressure Cooker related to preventing injury or death from use of a Pressure Cooker, including injury or death from a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure, and any changes thereto, whether considered or effectuated by You.

**None.**

**Request No. 28.**

All Documents relating to any testing, examination, inquiry, study, investigation or evaluation as to the safety of Pressure Cookers, including the Subject Pressure Cooker, conducted by any person, entity and/or governmental body not employed by or affiliated with You, including but not limited to protocols, data, reports, results, published materials, and/or Communications about or with the persons, entities and/or governmental body conducted such testing, examination, inquiry, study, investigation or evaluation.

**None.**

**Request No. 29.**

All Documents relating to press releases or reports in the press involving injuries or death from a Pressure Cooker, or relating to a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**None.**

**Request No. 30.**

All Documents involving any retention of or analysis or studies performed by a human factors expert or professional related to the safe operation of Pressure Cookers, the noticeability of any safety device on Pressure Cookers, and any comprehension studies related to any warnings on Pressure Cookers.

**None.**

**Request No. 31.**

All Documents involving any studies performed regarding or analysis of consumer expectations regarding the safety of Pressure Cookers, or the safe operation of a Pressure Cooker.

**None.**

**Request No. 32.**

All Documents relating to the foreseeability of a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**Defendant objects as this calls for a legal conclusion.**

**Request No. 33.**

All Documents comparing safety warnings on Tristar Pressure Cookers to safety warnings on any similar competitor Pressure Cooker.

**None.**

**Request No. 34.**

All Documents involving former and/or present employees or agents relating to their responsibilities for or involvement with any safety designs related to Pressure Cookers, including the risk that a Pressure Cooker may release or eject liquid or steam or items while under pressure.

**None.**

**Request No. 35.**

If any entities other than You design or manufacture Tristar Pressure Cookers, including the Subject Pressure Cooker, Documents sufficient to identify any entities or employees thereof who design, manufacture and/or sell Tristar Pressure Cookers.

**None.**

**Request No. 36.**

All Documents relating to Your consulting agreements, engagement agreements, employment agreements, and any other agreements, however titled, relating in any way to third parties and Pressure Cookers, including but not limited to developing, testing, precautions, research, development, manufacture, evaluation, safety or promotion of Pressure Cookers.

**Defendant objects as this demand is vague.  Without waiving said objection, none.**

**Request No. 37**.

All Documents concerning experts that have been retained by You regarding the safety of Pressure Cookers, and the possibility that a Pressure Cooker may release or eject liquid or steam or items while under pressure, including but not limited to reports prepared in legal proceedings; opinions expressed in depositions or trial; reports submitted to journals; and opinions provided as testimony, reports or statements in regulatory activities, including but not limited to the CPSC, or other regulatory authority, or any advisory committee thereof.

**None.**

**Request No. 38**.
All Documents concerning all experts and consultants that You have retained regarding this litigation. For each expert, please state their name and address, the subject matter on which each expert is expected to testify, and the substance of each expert's testimony.

**None.**

**Request No. 39.**

All Documents, video recordings, or audio recordings relating to, commenting on, or constituting any statement or identifying any witness to the events and occurrences alleged in the Complaint.

**Defendant objects as this request call for documents privileged by the work product doctrine and attorney client privilege.  Without waiving the objection, Kohl's does not have any documents or recordings described in this request.**

**Request No. 40.**

All liability insurance policies and agreements, excess coverage policies and agreements, any other insurance policies and agreements, or indemnity agreements that may potentially cover any or all of Plaintiffs' claims alleged in the Complaint.

**Tristar has accepted Defendant's tender request.**

**Request No. 41.**

All Documents You sent or submitted to any indemnifier or insurance company, agent, broker, adjuster, or investigator, dealing with any issue arising out of the incident alleged in Plaintiffs' Complaint, including but not limited to applications, notices, proof of loss, reports, letters, Correspondence, or other Documents.

**See attached vendor agreement and purchase order.**

**Request No. 42.**

All Documents involving Your overall profits and sales from the relevant period, including but not limited to Your Profits and Loss statements, sales data, gross volume of sales by revenue and item quantity of any Pressure Cooker sold, and any breakdown of profits and sales derived from the manufacture, marketing, or sale of Pressure Cookers.

**Objection. The information sought is unreasonably burdensome and not related to any of the claims and allegations made in the complaint.  Without waiving the objection, and in a good faith effort to respond, Kohl's does not maintain its records in the manner requested in this request.**

**Request No. 43.**

All Documents involving the advertising, marketing, promotion, sale, or public relations efforts or campaigns planned and/or implemented by You or on Your behalf concerning Pressure Cooker safety that include but are not limited to drafts and final versions of any advertising and/or promotional literature concerning Pressure Cooker, whether authored by You or any advertising agency.

**None at this time.  Discovery is ongoing.  Kohl's reserves the right to amend this response if more information becomes available.**

**Request No. 44.**

All Documents or videos, including any videos posted to any website or social media platform, made by You or any of Your agents during the Relevant Period that contains any safety representations about Pressure Cookers made at any point during the Relevant Period, including representations about the safety of Pressure Cookers.

**None.**

**Request No. 45.**

All Documents relating to Communications with former and/or present sales representatives or other Persons responsible for, or involved with, the marketing or selling of Pressure Cookers and/or safety issues or problems with Pressure Cookers, including the risk that a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**None at this time.  Discovery is ongoing.  Kohl's reserves the right to amend this response if more information becomes available.**

**Request No. 46.**

All transcripts to all depositions in which You or any of Your present and former employees, representatives, and/or agents testified in any case involving injuries or damages allegedly sustained from a Pressure Cooker releasing or ejecting liquid or steam or items while under pressure.

**None.**

**<u>Request No. 47.</u>**

All Documents reflecting warranties, express or implied, given by You to distributors, retailers or purchasers of Tristar Pressure Cookers.

**None.**

**<u>Request No. 48.</u>**

All Documents that relate to your document retention or destruction policies, including but not limited to documents sufficient to identify the steps taken by or on behalf of you to preserve documents that are or may be discoverable in this action. This request includes, but is not limited to, policies for: Paper documents, databases, electronic mail, electronic documents, voicemail and instant messaging. This request includes all documents in the possession, custody and control of You and Your agents.

**Kohl's has a seven year retention period.  Kohl's reserved the right to amend this response if more information becomes available.**

**<u>Request No. 49.</u>**

All documents that relate to or reflect the any Current Good Manufacturing Practices with regard to the manufacture of Pressure Cookers, including but not limited to the Subject Pressure Cooker, including:

    a.    All Documents that relate to any investigation or analysis by you or anyone else concerning potential design or manufacturing problems, product defects, or manufacturing defects; and

    b.    All Documents that relate to any changes you considered making to the design of Pressure Cookers or to the manufacturing process, regardless of whether or not you implemented the changes.

**None.**

**<u>Request No. 50.</u>**

All Documents that relate to any specifications, whether design, manufacturing or performance specifications, concerning the manufacture and assembly of the Subject Pressure Cooker.

**None.**

**<u>Request No. 51.</u>**

All Documents that relate to any Pressure Cooker failure or malfunction, whether actual, purported or potential.

**None.**

**Request No. 52.**

All Documents that relate to the regulation or oversight of Pressure Cooker by any U.S. governmental agency, including but not limited to the United States Consumer Product Safety Commission ("CPSC"), or its foreign equivalent or any foreign regulatory body, including but not limited to the regulation of the approval, testing, sale, marketing, safety, recall, design, manufacture, withdrawal or investigation of Pressure Cookers.

**None.**

**Request No. 53.**
All Documents and Communications that relate to any communication with the CPSC concerning any safety issues with Pressure Cookers.

**None.**

**Request No. 54.**

All Documents that reflect transcripts, recordings of meetings, or meeting minutes, with the CPSC, any foreign regulatory body, other regulatory agency regarding Pressure Cooker safety.

**None.**

**Request No. 55.**

All Documents relating to Your Corporate Compliance Agreement(s) and Code of Business Conduct and Ethics.

**Upon advice of counsel, objection. The information requested is irrelevant and not reasonably calculated to lead to discoverable information.**

**Request No. 56.**

All Documents that relate to any inspection of any facility where Tristar Pressure Cookers, including the Subject Pressure Cooker, or any component thereof, were manufactured, including but not limited to any Investigation Report, any response thereto, and any internal communication regarding the inspection.

**None.**

**Request No. 57.**

Documents sufficient to identify where each Pressure Cooker You design, manufacture, market, or sell has ever been manufactured, including the Subject Pressure Cooker.

**None.**

### Request No. 58.

All Documents that relate to any Communication between You and any sales representatives, third party sales representatives (both natural persons and entities), and any person or entity who sold, distributed or promoted Tristar Pressure Cookers, including but not limited to the Subject Pressure Cooker, regarding any compensation non-monetary compensation, and/or bonus for any such sales, including also any sales or distribution territory and related dates of supply, distribution or promotion. For each person identified, produce a copy of the following: (a) their custodial file; (b) personnel file; (c) call notes/sheets; (d) customer notes; (e) weekly sales notes; (f) customer belief notes; (g) tracking notes; (h) postings on message boards; (i) video files; (j) and/or contracts, agreements, and payments, between you and any person or entity who sold, distributed or promoted the Subject Pressure Cooker.

**None.**

### Request No. 59.

All Documents that relate to or reflect information or materials intended to market or promote for sale or purchase the Pressure Cookers, including the Subject Pressure Cooker, including but not limited to sales brochures, selling or promotional aids, instructional materials to sales representatives, website materials, videos or webcasts, literature, scripts, voice mail blasts, questions and answers or FAQ, and any drafts of same.

**None.**

### Request No. 60.

All Documents that relate to warranties, representations, and promotional statements made by You regarding the safety, efficacy or performance of Pressure Cookers.

**None.**

### Request No. 61.

All Documents that relate to or reflect training materials for the training of sales representatives, distributors or the like employed You or by third parties to promote Pressure Cookers, including but not limited to instructions, memorandum, powerpoints, emails, newsletters, films, scripts, questions and answers, alerts, role plays, electronic media and videos, voice mail blasts, webcasts, pictures, scientific or medical information or other materials or information.

**None.**

**Request No. 62.**

All Documents that relate to or reflect any packaging and accompanying documentation provided with the Subject Pressure Cooker.

**None.**

**Request No. 63.**

All Documents that relate to notice of claims, claims projections, loss estimates or risk management that relate to any Pressure Cookers.

**None.**

**Request No. 64.**

Any and all specifications, drawings, blueprints, or other Documents regarding Tristar Pressure Cookers, including but not limited to the Subject Pressure Cooker, or its individual components or mechanisms, including all Documents which show measurements for the same.

**None.**

**Request No. 65.**

Any and all Documents related to any engineering, design and/or manufacturing changes ("Engineering Change Orders") Tristar Pressure Cookers, including but not limited to the Subject Pressure Cooker, including any such changes that were considered but never implemented.

**None.**

**Request No. 66.**

All Documents responsive to or reflected in Your responses to Plaintiffs' Interrogatories.

**None.**

---

### VERIFICATION

                , hereby state that I am         ; that I am authorized to make this verification on behalf of         in the foregoing action; that I have personal knowledge of the statements made in the foregoing Answers to         ; and that the statements made herein are true and correct to the best of my knowledge, information, and belief

Name *Stephanie Salisbury*

Job Title *Store Manager*

Dated:

KOHL'S CORPORATION

By: _____

Its counsel

Jeffrey A. Holmstrand (#4893)
Jeffrey A. Grove (#6065)
GROVE HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, West Virginia  26003
(304) 905-1961
jholmstrand@ghdlawfirm.com
jgrove@ghdlawfirm.com