IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES CARTER and
RAEANN CARTER,

      Plaintiffs,

v.                                                   Case Number No. 5:19-cv-00284-JPB

TRISTAR PRODUCTS, INC.
and KOHL'S CORPORATION,

      Defendants.

## OPPOSITION OF DEFENDANTS TRISTAR PRODUCTS, INC., AND KOHL'S CORPORATION TO PLAINTIFFS' MOTION TO COMPEL

Defendants Tristar Products, Inc., ("Tristar") and Kohl's Corporation ("Kohl's") oppose Plaintiffs' motion to compel, which improperly and intentionally disregards Rule 26's requirement that discovery be relevant and proportional to the needs of a case by requesting Tristar provide "all documents, including but not limited to all produced discovery documents, expert reports, deposition transcripts, and trial transcripts from all legal actions that have been filed against you or by you in any court in the United States involving injuries or alleged injuries in any way from a pressure cooker." *See* Exhibit B to Plaintiffs' Motion to Compel, Request For Production ("RFP") No. 12. Of the sixty-six (66) requests for production, fifty-four (54)[1] seek information related to all of Tristar's pressure cookers. Likewise, of the twenty-two (22) Interrogatories Plaintiffs propounded on Tristar, seventeen (17) request information related to all of Tristar's pressure cookers.[2]

---

[1] Request for Production No. 6, 16, 17, 38, 39, 40, 41, 44, 48, 50, 55 and 62 are the only requests that do not seek information from every pressure cooker sold by Tristar.

[2] Interrogatories No. 1, 6, 13, 21, and 22 are the only Interrogatories that do not seek information from every pressure cooker sold by Tristar.

1

Tristar has already provided Plaintiffs with over 1300 pages of discovery related to the PPC780, the pressure cooker at issue in this matter. Tristar further intends to provide information related to the PPC770 and PPC790, pressure cookers that are identical to the PPC780, except for differences in size, regardless of the outcome of this motion. Such information will include prior complaints. Given Tristar's position, Plaintiffs' request is disproportionate and their requests may be moot once Tristar provides the information.

Plaintiffs similarly request that Kohl's produce "all documents, including but not limited to all produced discovery documents, expert reports, deposition transcripts, and trial transcripts, from all legal actions that have been filed against you or by you in any court in the United States involving injuries in any way from a pressure cooker." *See* Plaintiff's Exhibit C at RFP No.12.[3] Plaintiffs also request from Kohl's information related to all Tristar pressure cookers; request Kohl's to identify individuals with knowledge of any pressure cooker; provide safety manuals and handbooks related to the manufacture, marketing and sale of all pressure cookers; request sales date since 2008 for any pressure cooker ever sold by Kohl's; provide safety testing Kohl's performed on any pressure cooker; and patents for any pressure cooker ever sold by Kohl's. *See* Plaintiff's Exhibit C, Interrogatory No. 2, 3, 5, 8, 10, 14. In short, almost every interrogatory and RFP propounded by Plaintiff upon Kohl's seeks information as to every pressure cooker ever sold by Kohl's, regardless of make, model, brand or manufacturer.[4][5] Each RFP and Interrogatory that

---

[3] The text of Plaintiff's request reveals it seeks any pressure cooker related lawsuit; not merely lawsuits involving Tristar where Kohl's was a party.

[4] The Interrogatories and RFPs served upon Kohl's are almost identical to the interrogatories served upon Tristar.

[5] Plaintiffs sued Kohl's Corporation, which is a holding corporation. Kohl's Inc. is a separate entity that operate the store where Plaintiffs purchased the subject pressure cooker.

seeks information from all of Tristar's pressure cookers and Kohl's sale of pressure cookers are essentially derivative of Plaintiffs' all-encompassing RFP No.12.[6] *See* Plaintiff's Exhibit B, RFP No.12 and Plaintiffs' Exhibit C RFP NO. 12.

Courts throughout the United States have held discovery requests that seek prior or ongoing collateral litigation carte blanche are irrelevant under Rule 26(b)(1), overly broad as written and improper. *See Goro v. Flower Foods*, 2018 U.S. Dist. LEXIS 203568 at *54 (S.D. Cal. Nov. 22, 2019) ("Asking for all documents produced in another matter is not generally proper. The propounding party cannot meet its burden to establish relevance, as the propounding party is not in a position to even know what they are actually asking for. There could be a number of reasons why documents appropriately requested and provided in another case – even if the subject matter of those cases seem to overlap – would be irrelevant or burdensome to provide in another case."). Courts have termed these overbroad requests as "cloned discovery" and in this case, Plaintiffs seek "cloned discovery" not from a single prior litigation, but from all prior pressure cooker litigation involving Tristar and Kohl's.

Rule 26 (b)(1) further requires discovery to be "proportional" to the needs of the case. "Cloned discovery" requests by definition ignore the proportional language in Rule 26 (b)(1) and violate the Rule's purpose of placing reasonable limits on discovery. *See Benavidez v. Sandia Nat'l Labs*, 319 F.R.D. 696, 718 (D.N.M. 2017) ("Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary indicates that the addition of proportionality to rule 26(b) 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.') (quoting Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary at 6, Supreme Court of the United States, available at

---

[6] Plaintiff does not identify any prior litigation where both Tristar and Kohl's were co-defendants and a Pacer search has not revealed any prior litigation involving both entities.

http://www.supremecourt.gov/publicinfo/year-end/year-endreports.aspx ("2015 Year-End Report")). Application of common sense discovery limits in product liability litigation precludes "cloned discovery" even when such evidence is determined to be relevant. Various courts, including District Courts within the Fourth Circuit, routinely limited such broad discovery requests even prior to the 2015 amendments to Rule 26 (b)(1), which added the "proportional" language. *See Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 124 (M.D.N.C. 1989) (denying request for prior litigation history and recognizing that while requests for prior litigation will always "have some modicum of relevance" "the more critical factor is whether the need for the information, considering its relevancy and the nature of the case, outweighs the burdensomeness of the request."); *see also Chen v. Cincinnati Inc.*, 2007 WL 1191342 at *1 (E.D.N.Y. 2007) (denying Plaintiff's request in product liability litigation to compel deposition transcripts in 70 prior lawsuits when Defendant had already provided information sufficient to establish prior notice of a dangerous condition).

Further, it is Tristar's custom and practice to enter into confidentiality agreements and protective orders when it is involved in litigation. Thus, Plaintiffs discovery demands ignore agreed upon contractual terms among the parties to those prior cases and court orders. "Cloned discovery" requests by their nature are non-specific and generally fail to establish why such agreements and Court orders should be disrupted and disregarded. *See Milliken v. CAN Holdings, Inc.*, 2010 WL 148428 at *1 (W.D.N.C. 2010) (denying motion for early discovery seeking production of all discovery defendant produced in an allegedly related case and noting that Plaintiff sought hundreds of thousands of documents and the information sought is covered by a protective order).

Throughout the meet and confer process, Tristar requested Plaintiffs make requests that were reasonably related to the claims asserted by Plaintiffs by following Rule 26's proportional language and proposing Tristar produce information related to the PPC-780, the subject pressure cooker in this case, as well as the PPC-770 and PPC-790, models that are substantively similar to the PPC-780, but differ only in size. Such information will more than adequately provide Plaintiffs with information they need to support their burdens of proof. But Plaintiffs never offered to accept anything less than all of Tristar's prior litigation material (and Kohl's) in violation of Rule 26, the case law interpreting Rule 26 as well as cases discussing "cloned discovery." Therefore, Tristar and Kohl's respectfully submits the Court deny Plaintiffs' motion to compel.

## STATEMENT OF FACTS

**a.     Plaintiff's medical treatment concluded within a month of the subject accident without the need for surgery.**

Plaintiff alleges on February 16, 2018, he attempted to twist off the lid of a Tristar pressure cooker, model number PPC-780, after the steam had stopped coming out of the release vent when the contents suddenly erupted from the pressure cooker.

The EMS personnel took Plaintiff to the Emergency Room at Ruby Memorial Hospital. The hospital staff diagnosed Plaintiff with first-degree burns to his abdomen, left arm and left wrist area.[7]  Plaintiff's burns totaled less than 2% of his total body surface area. *Ibid*.

Plaintiff followed up at West Penn Burn Center on February 22 and March 2, 2018. By his March visit, Plaintiff's condition improved, less than three weeks following his accident. Plaintiff

---

[7] Plaintiff's initial disclosures provided the February 16, 2018 treatment note, bates stamped CHARLES_CARTER 000012. This record is subject to a confidentiality agreement and can be provided to the Court under seal upon request.

denied any decreased range of motion in his wrist and rated his pain a 1/10.[8]  Plaintiff stopped taking pain medication.  *Ibid*.  Plaintiff's treatment lasted less than a month and he did not incur significant expenses. Accordingly, Plaintiff's injuries do not merit the extensive and all-encompassing discovery that is sought.

**b.**     **Tristar's pressure cookers are not identical.**

Tristar pressure cookers do have some common features regarding the lid design, but they are not identical and have various differences in design.  There are nineteen pressure cookers identified on the notice of settlement in *Chapman*.  Tristar currently make two additional modes that are not on the notice of settlement: the Power Quick Pot and the Power Air Pressure and Air Fryer.  *See* Declaration of Alejandro G. Lozano, attached hereto as Exhibit A.  All Tristar pressure cookers have a locking pin, strike plate and float valve that are intended lock the lid in place and prevent the lid from being removed while the cooker is pressurized.  *Id*. at ¶10.  The PPC 780, 780P 770, 770-1 and 790 are identical other than their size.

The lid locking mechanism for the PPC771, PPC772, PPC773, PPC772P, and the Power Quick Pot and the Power Air Pressure and Air Fryer are different than the PPC780, 770, 770-1 790 and other Tristar models listed on the *Chapman* notice of settlement.  *Id*. at ¶12.  The PPC771, PPC772, PPC773 and PPC772P models have three distinct design characteristics related to the lid locking mechanism.  First, a red pressure indicator on the top of the pressure cooker.  *Id*. at ¶13. When the red pressure indicator is in the "up" position and is visible to the user that means cooker is still pressurized and the lid should not be removed.  *Id*. at ¶14.  When the pressure indicator is in the "down" position, the cooker is no longer pressurized and it is safe to remove the lid.  *Id*. at

---

[8] Plaintiff's initial disclosures provided the March 2, 2018 treatment note, bates stamped CHARLES_CARTER 000026.  This record is subject to a confidentiality agreement and can be provided to the Court under seal upon request.

¶14. Second, these models also have writing on the top of the pressure cooker that indicates what position the lid must be in to be either "locked," "closed" or "open." *Id*. at ¶15. Third, the PPC 771, PPC772, PPC773, and PPC772P have a magnetic sensor that is able to determine whether the lid is properly secured. *Id*. at ¶15. If the lid is not properly secured, the LED display will state "LID" and a beeping sound will occur notifying the user that the lid is not properly secure. *Id*. at ¶15.

The Power Quick Pot and the Power Air Pressure and Air Fryer also have a magnetic sensor that that is able to determine whether the lid is properly secured. *Id*. at ¶17. The Power Quick Pot and the Power Air Pressure and Air Fryer also have a steam release switch. *Id.* at ¶18. These differences demonstrate that Plaintiffs' broad requests are inappropriate because the products are not all similar in design.

    c.       **Producing "cloned discovery" is a burden to Tristar.**

Plaintiffs' motion incorrectly assumes that because Tristar produced discovery in prior litigation it would be simple, easy, and not burdensome to produce the requested discovery. Plaintiff's assumption is incorrect. Tristar's previously produced discovery cannot simply be handed over to Plaintiffs as if it sitting on a bookshelf waiting to be copied and mailed to Plaintiffs. First, multiple firms and vendors were involved in representing Tristar in prior litigation. Second, the materials that were previously produced are, in part at least, stored with various off-site vendors. Third, additionally requested e-discovery must be searched for with the use of an e-vendor, upon the reopening of the Tristar's headquarters, which is currently closed due to the COVID-19 crisis. *See* Declaration of Geovanny Urgiles at ¶6, attached hereto as Exhibit B. The proportional language was specifically added to Rule 26 to address concerns with e-discovery. *See*

*Benavidez*, *supra*, at 717 ("The proportionality requirement was relocated to 26(b)(1) to address the 'explosion' of information that 'has been exacerbated by the advent of e-discovery' ".).

To demonstrate the burdensome nature of Plaintiffs' "cloned discovery" requests, Tristar performed a keyword search for emails across seven identified custodians who are most likely to have information related to the discovery Plaintiffs seek. *Id.* at ¶4. That search resulted in 202,382 emails that equal to 121 gigabytes of data. *Id.* at ¶5. The search does not include additional network drives and internal document management systems that would still need to be searched upon reopening of the building, with the assistance of a vendor. *Id.* at ¶6.

Estimating that an attorney can review one email per minute, at 60 emails per hour, the review of these emails would take 3,373 hours to determine responsiveness and privilege. *See Chen, supra*, at *2 (finding that 150 hours work to review requested depositions transcripts from prior litigation outweighed the need for the material). The burden of the requests as drafted is clear.

d.  **Plaintiffs request Kohl's provide the same information but for pressure cookers designed, manufactured and sold by non-parties.**

Plaintiffs' discovery requests wrongfully treat Kohl's as being identical to Tristar. Plaintiffs served Kohl's with nearly identical discovery requests despite the fact Kohl's and Tristar are distinct and separate entities, with no relation, and no common business model. Kohl's sells pressure cookers distributed, designed and manufactured by entities that are not parties to this litigation. Thus, Plaintiffs seek discovery from Kohl's outside of Kohl's possession and control, and that is entirely irrelevant to this lawsuit.

Plaintiffs also challenge that Kohl's responded "none" to certain responses. *See* Memorandum of law at *fn*. 5. Such a response may not be what Plaintiffs would hope for, but it is nonetheless valid. It reflects the fact that Kohl's does not have possession of the documents or

information Plaintiffs seek. A court cannot compel a party to produce what it does not have, and so Plaintiffs' motion to do so is improper.

## ARGUMENT

**I.     CLONED DISCOVERY REQUESTS FAIL TO SATISFY RULE 26's RELEVANCY REQUIREMENT.**

Plaintiffs move to compel all documents related to prior lawsuits involving Tristar and Kohl's, including information pertaining to those lawsuits that was not produced in discovery, based upon nothing more than "information and belief" that the Tristar products are similar and are therefore discoverable in the present action. *See* RFP No. 12; *see* Plaintiffs' memorandum of law at 2. But mere allegations in products liability litigation that a company's products are similar is insufficient to establish relevancy under Rule 26(b)(1). *See Reising v. The Toro Company*, 2018 WL 5499568 at *4 (S.D. Ohio Oct. 29, 2018). "Cloned discovery, requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial unless the fact that particular documents were produced or received by a party is relevant to the subject matter of the subject case." *Travelpass Grp. V. Caesars Entm't Corp.*, 2020 U.S. Dist. Lexis 26558 at *18 (E.D.T.X. Jan. 16, 2020) (quoting *King Cty. v. Merrill Lynch & Co., Inc.*, , 2011 U.S. Dist. LEXIS 86775, at *3 (W.D. Wash. Aug. 5, 2011) (quoting *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, U.S. Dist. LEXIS 8098, , at *1 (S.D. Ind. Mar.7, 2000)). "This is because, without more, the Court cannot ascertain whether the documents requested actually relate to Plaintiffs' claims and defenses." *Id*. at *19 (quoting *King Cty*, *supra*, at *3) (quoting *Wollam v. Wright Medical Group, Inc.*, 2011 U.S. Dist. LEXIS 56649 at *2 (D. Colo. 2011) ("Direct requests allow a court to consider the relevance of the information sought to the specific claims and defenses in the pending case.")).

Other courts have likewise held "cloned discovery" requests are not relevant to the specific claims and defenses involved in the case. *See In re Volkswagen "Clean Diesel" Mktg., Sales*

*Practices, & Prod. Liab. Litig.*, 2017 U.S. Dist. LEXIS 173165 at *1 (N.D. Cal. Oct. 18, 2017) (citing *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633 at *2 (S.D. Cal. Aug. 14, 2009) ("Although Plaintiff identifies certain similarities between the state cases and this case, such similarities are not enough to require a carte blanche production of all documents from the state cases."); *King Cty.*, *supra*, at *3 ("It may very well be that each and every document produced in the government investigations is relevant to Plaintiff's claims. However, Plaintiff must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses."); *Goro*, *supra*, at *54 (S.D. Cal. Nov. 22, 2019).

Plaintiffs cloned discovery requests therefore fail to establish relevancy pursuant to Rule 26 and are improper as a matter of law. Proper discovery requests involve identifying "relevant and proportional documents . . . in the custody or control of the responding party . . . ." *Ibid*. Plaintiffs failed to perform such an analysis in crafting their discovery requests.

"Moreover, compelling a responding party to do duplicate searches – one for responsive documents in their custody and control and one for all documents . . . that were previously produced in other litigation – is definitely unduly burdensome, as it would consume resources without providing any additional benefit to the propounding party." *Ibid*. For example, Plaintiffs request Tristar and Kohl's to perform duplicative searches because the discovery requests to both parties are nearly identical. The result would therefore require Tristar to perform a search for Tristar pressure cookers and Kohl's would need to repeat that identical process, in addition to looking for pressure cookers distributed, designed and manufactured by other non-party entities. *See* Rule 26(b)(2)(C)(i) (permitting the Court to prevent cumulative or duplicative discovery and precluding discovery when it can be achieved in a less expensive and more convenient manner).

Accordingly, Plaintiffs discovery requests are not relevant, are unduly burdensome and inherently duplicative.

Moreover, the Plaintiffs' memorandum of law fails to argue how its "cloned discovery" requests are relevant or proportional pursuant to Rule 26(b)(1). "Usually, a party cannot raise new matters in a reply brief when the opposing party has no opportunity to respond to these new matters. *See Gaddy v. United States*, 2011 U.S. Dist. LEXIS 151407 at *15 (N.D.W.V. Dec. 15, 2011) (citing *United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993)). Therefore, Plaintiffs should be precluded from responding to Tristar's and Kohl's arguments on cloned discovery.

II. **PLAINTIFFS' DISCOVERY REQUESTS IGNORE AND CONTRAVENE THE PROPORTIONALITY REQUIREMENT OF FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1).**

    a. **Rule 26's requirement that discovery be proportional to the needs of the case is intended to restrict discovery by placing common sense limits on discovery requests, impose careful and realistic assessment of needs and eliminate unnecessary or wasteful discovery.**

Federal Rule of Civil Procedure Rule 26(b)(1) expressly limits discovery to relevant information that is proportional to the needs of the case. The rule states

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case**, **considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources**, **the importance of the discovery in resolving the issues**, and **whether the burden or expense of the proposed discovery outweighs its likely benefit**. Information within this scope of discovery need not be admissible in evidence to be discoverable.
> [*See* Fed R. Civ. Pro. 26(b)(1). (Emphasis added).]

While discovery is generally broad under rule 26, it is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant. *See Kennicott v.*

11

*Sandia Corp.*, 327 F.R.D. 454, 465 (D. N.M. 2018) (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995)).  Further, discovery is not intended to be conducted based upon mere conjecture, allegations or possibilities.  *See In re Bard IVC Filters Products Liability Litigation*, 317 F.R.D. 562, 566 (D. AZ. 2016); *McGee v. Hayes*, 43 App'x. 214, 217 (10th Cir. 2000) (a district court is not required to "permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim.").

The 2000 amendments to Rule 26 reflect the desire to permit only narrowly tailored discovery requests by modifying the language of the rule and requiring "good cause" for discovery on any matter relevant to the subject matter involved in the action.  *Kennicott*, *supra*, at 465.  The 2015 amendments to Rule 26 further restricted the scope of discovery by adding "proportionality as a requirement for permissible discovery.  **Relevancy alone is no longer sufficient – discovery must be proportional to the needs of the case**."  *In re Bard IVC Filters Products Liability Litigation*, *supra,* at 564.  "The advisory Committee Note makes clear . . . the parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes . . . ."  *Ibid*.

Chief Justice Roberts articulated that the purpose of Rule 26's proportionality text is to have courts "eliminate unnecessary or wasteful discovery," impose "careful and realistic assessment of actual need," and the language "crystallizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." *Kennicott*, *supra*, at 470.  This assessment requires "judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information."  *State Farm Mutual Auto. In. Co. v. Fayda*, 2015 WL 7871037 at *7 (S.D.N.Y.  Dec. 3, 2015); *see also Robertson v. The Cincinnati Insurance Co.*,

WL 1398342 at *3 (S.D.W.V. April 18, 2017) (denying plaintiff's motion to compel requesting all information related to insurance department complaints because "from a proportional standpoint, a request for all insurance department complaints filed against TCIC in all 49 states in which it does business, regarding all types of matters, is simply too broad based to constitute discovery focused upon the claims and defenses in this case.").

Plaintiffs ignore discussing proportionality because their requests are not proportional. Plaintiffs' motion appears premised on the fact that because Tristar produced discovery in a class action that alleged defective pressure cookers, the text of Rule 26(b)(1) is inapplicable. Plaintiffs' memorandum of law never discusses the robust case law holding that such requests are neither relevant nor proportional. A party is not exempt from satisfying Rule 26(b)(1) simply because the party it seeks discovery from previously defended itself in a class action. Nor is product liability litigation exempt from following Rule 26(b)(1), as discussed below in the following section.

For the record, the *Chapman* class settlement did not involve claims for personal injury but rather focused on warranty claims, and settled after Plaintiffs encountered significant weaknesses in their case following the first day of trial testimony. *See Chapman v. Tristar Prods.*, Inc., 940 F.3d 299, 302 (6th Cir. 2019) ("By the end of the first day of trial, things were not going well for plaintiffs. According to the district court, 'after a significant amount of testimony on the first day of trial, it was not obvious either that a defect existed or that the defect made Tristar's pressure cookers worthless.' During a recess on the first day of trial, both sides agreed to a settlement of the case with a nationwide class.").[9] The case involved different issues, different legal theories

---

[9] The amount of the settlement was challenged by the attorney general of Arizona, appealing that the settlement was unfair to the class members, but the settlement was ultimately upheld as valid.

and did not establish a defect existed, let alone a defect that was similar to all Tristar pressure cookers.

**b. Rule 26's proportional requirements apply to product liability litigation and limits both the substance and scope of permissible discovery.**

Plaintiffs argue they are entitled to all of Tristar's prior litigation documents and discovery because of their conclusory allegations that Tristar's pressure cookers "all possess the same basic characteristics." *See* Plaintiff's memorandum of law at 10. Plaintiffs simultaneously argue they are entitled to an exorbitant amount of discovery regardless of whether the pressure cookers are similar. "To the extent there are any other differences in such Tristar models, such differences go directly to the alternative feasible safer design to the subject pressure cooker." *Id*. at 12. Notwithstanding that Plaintiff's argument is logically inconsistent and contradicted by the very case law it relies upon in support of its motion, see *Edwards v. Arctic Cat, Inc*., 2013 U.S. Dist. LEXIS 110199 at * 11-12 (S.D.W.V. Aug. 6, 2013) (permitting discovery of defendant's other machines in product liability lawsuit because they shared the same component parts manufactured by the same entity as the subject machine)[10], Plaintiffs' argument fails to consider proportionality and is therefore flawed. Rule 26 "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Lynn v. Monarch recovery Management, Inc*., 285 F.R.D. 350, 355 (D. Md. 2012).

---

[10] In *Edwards*, the Southern District of West Virginia permitted discovery of other incidents involving different products, because those products all used the same component part, a cast aluminum knuckle manufactured by DEE, Inc. But the Court did not compel Defendants to provide "information about any cast aluminum knuckles and about any other component part used in Arctic Cat products [because such a request] is too broad." *Id*. at *12.

Product liability litigation, like any other type of litigation, must adhere to the Rule 26's proportionality requirement. *See Pertile v. General Motors, LLC* 2016 WL 1059450 at *4 (D. Colo. March 17, 2016) (holding models pertaining to information GM knew during the design process of its Chevy Silverado in a rollover case were not proportional to the needs of the case because Plaintiff did not have a factual basis to argue the already produced discovery was inadequate). In *Pertile*, the court applied proportionality to limit relevant discovery despite knowing that Plaintiffs alleged their daughter was "catastrophically injured during a rollover accident . . . ." *Id*. at *1. Thus, even when the "amount in controversy" is significant proportionality can limit relevant discovery.

Furthermore, courts have applied proportionality to place temporal restrictions on relevant discovery in product liability litigation. *See Fassett v. Sears Holdings Corp*., 319 F.R.D. 143, 157 (M.D. Penn. 2017) (discussing that courts "have noticed that the lack of reasonable temporal bounds in a discovery request may render it 'abusive and 'facially objectionable' and holding that discovery was limited to no earlier than five years from the date on which the product was manufactured); *Bates v. Michelin N. Am., Inc*., 2012 WL 453233 at *2 (N.D. Ga. Jan. 13, 2012) (restricting discovery in products liability case to "a four year period surrounding the date the [defective] tire was manufactured."); *N.U. v. Walmart Stores Inc.*, WL 3654759 at *4 (D. Kan. July 8, 2016) (placing temporal restrictions on discovery between 2008 and 2014).

These temporal restrictions on discovery in product liability litigation are appropriate even when the Plaintiff sustains a life altering and catastrophic injury. In *Fassett*, Plaintiff's lawnmower sprayed him with gasoline and he subsequently ignited in flames sustaining "serious injuries." *Id*. at *147. In *N.U.*, plaintiff, a female child, suffered "severe burns to her body." *Id*. at *1. Here, Plaintiff is not catastrophically injured, unlike the plaintiffs in *Pertile*, *Fassett*, and *N.U.* Plaintiff

15

concluded his medical treatment within a month of the incident without needing surgical intervention and with burns covering less than 5% of his body. Yet Plaintiff's request for "cloned discovery" is as broad, if not broader, than the discovery requested in these other cases. Thus, Plaintiff's "cloned discovery" requests are not proportional to the needs of the case or the amount in controversy.

Here, the burden and expense to Tristar comporting with Plaintiffs' discovery requests is unduly burdensome and is not proportional to the value or needs of the case. Tristar will be required to spend thousands of hours and significant resources responding to Plaintiffs' requests as they currently stand, with much of it being duplicative. Balancing the burden of Plaintiffs' broad discovery requests placed upon Tristar with the nature of Plaintiff's injury and Plaintiffs need for the material as required by Rule 26(b)(1), favors Tristar and requires the scope of discovery be limited. *See Chen*, *supra*, at *2 (finding that 150 hours work to review requested depositions transcripts from prior litigation outweighed the need for the material); *Fassett*, *supra*, at 156 (weighing cost-benefit analysis of expense and burden to defendant and need of material for plaintiff to determine if broad discovery was proportional and holding discovery must be limited to satisfy Rule 26(b)(1); *Goro*, *supra*, at *53-54 (holding requiring defendant to produce "cloned discovery" that would require reviewing thousands and thousands of pages of material was an undue burden and not proportional to the needs of the case).

Plaintiffs' argument entirely ignores proportionality,[11] and they fail to acknowledge that Federal Courts in West Virginia have applied proportionality to limit discovery. *See In re: American Medical Systems, Inc. Pelvic Repair Systems Product Liability Litigation*, 2016 WL 4411506 at *3-4 (S.D.W.V. Aug. 17, 2016) (applying proportionally analysis to restrict

---

[11] Each case cited by Plaintiffs is prior to the 2015 amendment to Rule 26(b)(1) and therefore do not address proportionality.

16

depositions in both scope and time); *see also Robertson*, *supra*, at *3.  Accordingly, Plaintiffs do not cite any precedent finding "cloned discovery" of every lawsuit a party has ever been involved in is proportional to the needs of the case, and it is inappropriate for Plaintiff to argue otherwise in a reply brief.  *See Gaddy, supra,* *15.

**III.    TRISTAR AND KOHL'S REQUEST THAT THE COURT DENY PLAINTIFFS' MOTION TO COMPEL AND INSTEAD ORDER THAT DEFENDANTS PRODUCE PROPORTIONAL DISCOVERY.**

Here, information related to the PPC-770, PPC-780 and PPC-790, including complaints, from three years prior to the date of the incident will provide Plaintiff with sufficient evidence to support its claims.  Such discovery properly balances Plaintiffs' right for discovery to support their claims with Defendants' rights to not unduly burdened in providing discovery to Plaintiffs, and creating balance upon competing interests in litigation is the fundamental purpose of Rule 26(b)(1)'s proportional language.  And for the reasons stated above, to further maintain this balance, Kohl's should not have to produce any additional discovery.

## CONCLUSION

For the aforementioned reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to compel.

                                    /s Jeffrey A. Holmstrand
Jeffrey A. Holmstrand (#4893)
Jeffrey A. Grove (#6065)
**Grove, Holmstrand & Delk, PLLC**
44 ½ 15th Street
Wheeling, WV 26003
(304) 905-1961
jholmstrand@ghdlawfirm.com
jgrove@ghdlawfirm.com

17

>Thaddeus J. Hubert, IV (admitted *pro hac vice*)
>**Goldberg Segalla LLP**
>301 Carnegie Center Driver
>Suite 200
>Princeton, NJ 08540
>
>
>**Attorneys for Defendants**

<p align="center">**CERTIFICATE OF SERVICE**</p>

 Service of the foregoing OPPOSITION OF DEFENDANTS TRISTAR PRODUCTS, INC., AND KOHL'S CORPORATION TO PLAINTIFFS' MOTION TO COMPEL was had by filing the same with the Court's CM/ECF system this 20th day of May, 2020.

      /s Jeffrey A. Holmstrand
Jeffrey A. Holmstrand (#4893)
Jeffrey A. Grove (#6065)
**Grove, Holmstrand & Delk, PLLC**
44 ½ 15th Street
Wheeling, WV 26003
(304) 905-1961
jholmstrand@ghdlawfirm.com
jgrove@ghdlawfirm.com


Thaddeus J. Hubert, IV, Esq., admitted pro hac vice
**Goldberg Segalla LLP**
301 Carnegie Center Driver
Suite 200
Princeton, NJ 08540


**Attorneys for Defendants**