IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES CARTER and RAEANN
CARTER,

        Plaintiffs,

v.                            Case Number: 5:19-cv-00284-JPB

TRISTAR PRODUCTS, INC. and KOHL'S
CORPORATION,

        Defendants.

## PLAINTIFF'S SECOND MOTION TO COMPEL
## DEFENDANT TRISTAR PRODUCTS, INC. TO PRODUCE DISCOVERY

Plaintiffs Charles Carter and RaeAnn Carter, by and through undersigned counsel,

respectfully moves this Court for an Order compelling Defendant Tristar Products, Inc. ("Tristar")

to produce discovery as described herein.[1]

This is a product liability case involving a defectively designed and manufactured Tristar

Pressure Cooker (the "Subject Pressure Cooker") that exploded and horribly burned Plaintiff

Charles Carter.  Dozens of other lawsuits and claims have been filed in various federal and state

courts around the country against Defendant Tristar by individuals who have likewise been burned

by Tristar Pressure Cookers.  Defendant Tristar has already settled a class action lawsuit filed in

the Northern District of Ohio (related solely to economic damages) that alleged the same exact

---

[1]     On May 5, 2020, Plaintiffs filed their First Motion to Compel Discovery from Defendants.  (ECF No. 41.)  Plaintiffs subsequently withdrew their motion after Defendants agreed to produce the requested discovery.

defects in 19 different Tristar Pressure Cooker models, including the Subject Pressure Cooker model.  *See Chapman et al v. Tristar Products, Inc.,* Case No. 16-cv-01114 (N.D. Ohio).[2]

All Tristar Pressure Cookers, regardless of model, are substantially similar and contain the same exact defect—namely, a defective safety lid locking mechanism which is supposed to prevent a cooker's lid from coming off if any pressure is still inside the cooker.  Yet here, as well as in numerous other similar filed cases, the Tristar Pressure Cookers' marketed safety features failed, causing the cookers to explode when the lid was released, injuring numerous individuals.

Plaintiffs now bring this motion because Defendant Tristar has again refused to produce relevant discovery.  Specifically, Tristar has refused to produce all expert reports and related expert testimony from other Tristar pressure cooker personal injury cases that involve the same or similar Tristar Pressure Cookers.  Such expert reports and related testimony will show the same or similar Tristar pressure cooker defects and show when Tristar was aware of such defects.  Such expert reports and testimony will also show Tristar's previous defenses regarding such defects, allowing Plaintiffs to examine Tristar's defenses here for any inconsistencies.  Such expert reports and testimony are therefore unquestionably relevant to the claims and defenses in this case.

Such expert reports and testimony are stored electronically and therefore easily accessible to Tristar.[3]  Indeed, Tristar has already produced some expert reports from previous litigations—it simply has no basis to refuse to produce the other expert reports and expert testimony.   Such discovery is proportional to the needs of this case and will evidence pressure cooker defects (or

---

[2]     Tristar Pressure Cooker models with identical defects that were included as part of the class action settlement include model numbers:  PPC 770, PPC770-1, PPC 780, PPC 780P, PPC 790, PCXL/PRO8, PC-PR08, YDB60-100, PC-WAL1, PC-TRI6, PCXL/PRO6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC 773, PC-WAL 2, PC-WAL 3, and PC-WAL 4.

[3]     There have been *at least* 19 separate personal injuries lawsuits filed against Tristar related to its Pressure Cookers, in addition to the class action lawsuit refenced above.

related defenses) which are directly related to Plaintiffs' claims, and Tristar's knowledge and understanding of such defects.

As set forth herein, Defendant's objections to producing the discovery described herein are meritless.  The Court should issue an Order compelling Tristar to produce such discovery within ten (10) days of its order.

## FACTS REGARDING TRISTAR'S PRESSURE COOKERS

This case involves Plaintiff Charles Carter, a 48-year-old EMT and a volunteer fireman in Marion County, WV and father of two, who, on February 16, 2018, suffered serious second degree burn injuries and permanent scarring to his abdomen, left hand, and left arm when the family's Subject Tristar Pressure Cooker exploded, spewing scalding hot liquid onto Charles.  *See* March 18, 2021 Affidavit of Patrick C. Booth, Esq. ("Booth Aff"), Pls' Compl. at ¶ 12, attached as Exhibit A.  The Subject Pressure Cooker was manufactured and sold by Defendant Tristar.  *Id*. at ¶ 11.

Defendant Tristar's various electronic pressure cooker models are all substantially similar—they all come with a basic cooker base and lid but contain slight differences such as quart size (*e.g*., 6 quarts vs. 8 quarts) and additional features (such as faster cooking time).  Defendant Tristar touts that all its pressure cooker models are designed with several "Built- In Safety Features," which purport to keep individuals safe while using the pressure cookers.  Such safety features include a supposed "lid safety device."  The "lid safety device" is intended to prevent the cooker from building up pressure inside the cooker if the lid is not closed properly, as well as to prevent the lid from opening or coming off until all pressure is released from the cooker.

Defendant Tristar aggressively warrants, markets, advertises and sells its pressure cookers as "state of the art kitchen science," allowing users to cook "wholesome, sit down, family-style

meal[s] with just the push of a button;" "in a fraction of the time" as other kitchen appliances; and that "[t]here's no safer way to cook." Additionally, on its website, Defendant Tristar emphasizes the "Built-In Safety Features" as one of the characteristics that helped its pressure cookers become "The Best Electronic Power Cooker On The Market."

Unfortunately, Tristar Pressure Cookers' "Safety Features" are defective and fail to properly function to prevent a cooker's lid from coming off or being removed with normal force while the cooker remains pressurized, despite the appearance that all the pressure had been released from the cooker. As stated *supra*, at least 19 different Tristar Pressure Cooker models have the same exact defect with their "Built -In Safety Features", and all such models contain the same insufficient and misleading safety warnings. The same defects in these Tristar Pressure Cookers have now horribly burned and injured countless Tristar Pressure Cooker users across the country, including Plaintiff Charles Carter, leading to dozens of lawsuits.

## FACTS REGARDING DISCOVERY SOUGHT

At issue in this case is, *inter alia*, the specific defects (of lack thereof, according to Tristar) that make Tristar Pressure Cookers dangerous to unsuspecting users. Also at issue is, *inter alia*, when Tristar became aware of those defects (and what, if anything, did the company do in response). Therefore, specific pressure cooker defects and hazards, and Tristar's knowledge of those defects and, hazards is a material and critical issue in this case.

Accordingly, Plaintiffs sought, *inter alia*, all expert reports from other filed Tristar pressure cooker personal injury cases that involve the same or similar Tristar pressure cookers. *See* Booth Aff., Exhibit B, Pl's First Set of Interrogatories and Requests to Tristar at Req. Nos. 12, 37 ("All Documents, including [] expert reports [] from all legal actions that have been filed against You [] any Court [] involving injuries or alleged injuries in any way from a Pressure Cooker [].); ("All

Documents concerning experts that have been retained by You regarding the safety of Pressure Cookers, [] including but not limited to reports prepared in legal proceedings [].")  Plaintiffs also sought, *inter alia*, all related expert testimony from other Tristar pressure cooker personal injury cases that involve the same or similar Tristar pressure cookers.   *See* Booth Aff., <u>Exhibit C,</u> Pl's Second Set of Interrogatories and Requests to Tristar at Req. No. 4 ("All deposition and trial transcripts of any of Your [] experts, or agents who testified regarding any alleged defect or injury related to the [various] models of Your Pressure Cookers [].")

In response to the above, Tristar produced a handful of expert reports, but refused to produce all expert reports from previous pressure cooker cases beyond the few reports that Tristar produced.  See Booth Aff., <u>Exhibit D,</u> Tristar Responses to Pl's First Set of Interrogatories and Requests to Tristar at Req. Nos. 12, 37; <u>Exhibit E,</u> Tristar Responses to Pl's Second Set of Interrogatories and Requests to Tristar at Req. No. 4.  Tristar flatly refused to produce any expert deposition testimony from previous pressure cooker cases.

Thereafter, the parties exchanged correspondence, and met and conferred, regarding Tristar's refusal to produce this discovery.  *See* Booth Aff., <u>Exhibits F-H.</u>

On February 18, 2021, the parties attended a discovery conference before the Court regarding the discovery dispute described herein.  The Court ordered that if the parties could not reach a resolution, Plaintiffs may file their motion to compel discovery.

On February 23, 2021, Plaintiffs' counsel emailed Tristar's counsel inquiring if there was anything further the parties needed to discuss prior to Plaintiffs filing their motion to compel.  *See* Booth Aff., <u>Exhibit I.</u>  On February 24, 2012, Tristar's counsel responded to Plaintiffs' counsel's email, and did not state there was anything further to discuss, thus confirming that the parties were at an impasse and could not reach a resolution of the discovery dispute.

## ARGUMENT

Plaintiffs bring this motion because Defendant Tristar has unilaterally limited, and refused to produce, relevant discovery. Defendant's burden, relevancy, and proportionality objections are meritless. Accordingly, Plaintiffs respectfully request that this Court issue an order compelling Defendant to provide all responsive discovery within ten (10) days of its order.

### I.    DEFENDANT TRISTAR'S OBJECTIONS ARE WITHOUT MERIT AND TRISTAR SHOULD BE COMPELLED TO PRODUCE PRIOR EXPERT REPORTS AND TESTIMONY

Defendant Tristar has impermissibly failed to produce the discovery described herein based on relevancy, burden, and proportionality objections. Without more, Defendant's objections regarding burden are not a basis for refusing to produce to this discovery. Further, Defendant has wholly failed to specify how these requests are not reasonably calculated to lead to the discovery of admissible evidence, or how this discovery is not proportional to the needs of this case. Indeed, unless limited by a court order, parties in civil litigation enjoy broad discovery as detailed in Fed. R. Civ. P. 26(b)(1) which states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"[T]he discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). The discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1). To be relevant, the information sought must be "any matter that bears on, or that

reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Hickman*, 329 U.S. at 501.  "Relevancy" for the purposes of Fed. R. Civ. P.  26(b)(1) is construed broadly.  *Hughes v. Sears, Roebuck and Co*., 09-cv-93, 2010 WL 4978996, at *7 (N.D. W.Va. Dec. 2, 2010) (citing *Katz v. Batavia Marine & Sporting Supplies, Inc*., 984 F.2d 422, 425 (Fed. Cir. 1993).  "[T]he burden is on the party resisting discovery to support an objection based on lack of relevancy".  *Edwards v. Arctic Cat, Inc*., 12-cv-3269, 2013 WL 4017152, at *3-4 (S.D. W.Va. Aug. 6, 2013) (internal citation omitted).

As explained herein, Tristar has failed to meet its burden showing that this relevant discovery should not be produced.  Accordingly, Plaintiff's motion should be granted.

## A. The Discovery Sought is Not Unduly Burdensome.

Numerous courts have held that the mere objection that a request is unduly burdensome is inadequate.  "[W]hile it is not *per se* unreasonable for a party to object on the basis that a request is overly broad, burdensome, or seeks irrelevant information, the objecting party has an obligation to show specifically why responding to the request would create a burden or how the request is overly broad in relation to the claims and defenses presented in the litigation." *Patrick v. Teays Valley Trustees, LLC*, 297 F.R.D. 248, 256 (N.D. W. Va. 2013).

Here, Defendant Tristar does not explain or show how the discovery sought is unduly burdensome, nor could it.  Indeed, the expert reports and depositions Plaintiff seek are stored electronically and are easily assessable to Tristar.  Therefore, the discovery is clearly not unduly burdensome.

**B.  The Discovery Sought is Relevant.**

Expert reports and related testimony from other Tristar pressure cooker personal injury cases that involve the same or similar Tristar pressure cookers is also unquestionably relevant to the claims and defenses in this case.

As stated above, the Subject Pressure Cooker and other model pressure cookers all possess the same exact characteristics pertinent to the legal issues in this case—namely, each possess the same exact defective safety lid that allows the lid to come off the pressure cooker while there is still built-up pressure in the cooker, despite the fact that the cooker's safety features are supposed to lock the lid in place if any pressure is inside the cooker. Each of Tristar's Pressure Cooker models comes with an identical safety feature to prevent a pressure cooker's lid from coming off the cooker if pressure is still inside the product, and each comes with the same safety warnings.  Each pressure cooker can also injure a user in a similar fashion—namely, a user can be doused with scalding hot liquid when the cooker's lid comes off and violently ejects the liquid onto the unsuspecting user, which is exactly what happened to Plaintiff Charles Carter.

Expert reports and related testimony from previous pressure cooker litigation will therefore evidence the same or similar Tristar pressure cooker defects and show when Tristar was aware of such defects.  Such expert reports and testimony will also show Tristar's previous defenses regarding such defects, allowing Plaintiffs to examine Tristar's defenses here for any inconsistencies.  Such discovery is thus relevant to the claims or defenses raised in this action and certainly discoverable.  *See. e.g., Infernal Technology, LLC v. Microsoft Corp*., 18-cv-0014, 2019 WL 5388442, at *2 (E.D. Tex. May 3, 2019)(granting motion to compel and ordering production of expert reports because "prior litigation positions regarding the same claims

8

asserted in this case are relevant to the claims and defenses in this case.")(internal citation omitted); *Bayer Healthcare Pharmaceuticals, Inc. v. River's Edge Pharmaceuticals, LLC*, No. 11-cv-1634, 2014 WL 11516551, at *2 (N.D. Ga. April 7, 2014) (granting motion to compel and ordering party to "produce all transcripts [] and expert reports from [other] litigation that are in their possession, custody, or control []"); *Guiden v. Leatt Corp.*, 10–cv–0017, 2013 WL 4500319, at *(W.D. Ky. Aug. 21, 2013)(granting motion to compel expert reports and testimony from "other personal injury lawsuits concerning the same or similar [] products as is at issue in this litigation."); *Endotach LLC v. Cook Medical Inc.*, 13-cv-01135, 2014 WL 12753789, at *3 (S.D. Ind. May 16, 2014)(granting motion to compel expert reports from prior litigation involving the same product as the "Court finds these reports are relevant to this litigation [].");  *Brown v. Overhead Door Corp.*, 06-cv-50107, 2008 WL 1924885 at *1 (N.D. Ill. Apr. 29, 2008)(granting motion to compel prior expert testimony because a party "is entitled to explore [party's] experts' prior testimony in hopes of uncovering inconsistencies between the opinions [] in this case and the opinions [] in other cases."); *Hughes*, 2010 WL 4978996, at *7 (granting plaintiff's motion to compel discovery concerning defendant's knowledge of problems with similar product models); *Edwards*, 2013 WL 4017152, at *3-4 (granting plaintiff's motion to compel regarding discovery related to other models of off-road vehicles because "[i]t is widely-accepted that discovery of other incidents involving the same or similar claims and the same or similar products is permissible in a products liability action.").

Accordingly, Tristar's relevancy objections are meritless, and Plaintiffs' motion should be granted.

**C.  The Discovery Sought is Proportional to the Needs of this Case.**

The discovery Plaintiffs seek is also proportional to the needs of this case.

"Notwithstanding Rule 26(b)(1)'s recent amendment placing an emphasis on the proportionality of discovery, the discovery rules, including Rule 26, remain subject to 'broad and liberal construction.'"  *Scott Hutchison Enterprises, Inc. v. Cranberry Pipeline Corp*., 15-cv-13415, 2015 WL 5219633 at \*2-3 (S.D. W. Va. Sept. 20, 2016).  For "good cause shown" under Rule 26, a court may restrict or prohibit "discovery that seeks relevant information when necessary to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense."  *Id*.  To succeed under the "good cause" standard, "a party moving to resist discovery on the grounds of burdensomeness and oppression must do more to carry its burden than make conclusory and unsubstantiated allegations."  *Id*.  "The party resisting discovery, not the party seeking discovery, bears the burden of persuasion."  *Id*.

A party seeking to resist discovery on Rule 26(b)(1) grounds bears the burden of showing that the discovery sought fails the proportionality calculation by coming forward with specific information to address: (i) the importance of the issues at stake in the action, (ii) the amount in controversy, (iii) the parties' relative access to relevant information, (iv) the parties' resources, (v) the importance of the discovery in resolving the issues, and (vi) whether the burden or expense of the proposed discovery outweighs its likely benefit.  *See, e.g., Accord First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc*., No. 15-cv-638, 2017 WL 2267149, at \*1 (E.D. La. May 24, 2017) (granting motion to compel discovery where defendant did not sufficiently demonstrate the burden or expense in producing discovery).

Defendant Tristar has not met its burden of showing "good cause" as to why the relevant discovery Plaintiffs seek should not be produced under the relevant proportionality factors.

The first factor is the "importance of the issues at stake in the action" and the "importance of the discovery in resolving the issues" proportionality factors.  Here, the discovery sought is critical and necessary in order for Plaintiffs to prove their claims against Defendants.  Both the exact defect in Tristar's Pressure Cookers and when Tristar knew about those defects, and any defenses related thereto, are key elements of Plaintiffs' product liability claims, and also go directly to Plaintiffs' punitive damages claim.  Therefore, the first factor favors Plaintiffs.

Under the second factor, "the amount in controversy", Plaintiff Charles Carter suffered second degree burns to 5% of his total body surface area from his defective Tristar pressure cooker, including to his abdomen, left arm, and left wrist area which have resulted in permanent scarring and skin discoloration.  *See supra*.  Further, Plaintiffs filed this action in West Virginia State Court.  Defendants then removed this case to this Court, asserting that Plaintiff's injuries and damages met the threshold to be in federal court.  *See Heller v. TriEnergy, Inc.*, 877 F.Supp.2d 414 (N.D. W. Va. 2012)(party removing a case on the basis of diversity jurisdiction must show that the claim is for more than the jurisdictional amount).  Given Plaintiff's injuries here, and after removing this case, Tristar cannot now claim that the injuries and damages here are so minimal that they do not have to search for and produce relevant discovery.  Simply put, Tristar's burden to produce relevant discovery here does not outweigh the needs and value of this case.  *See, e.g., Shulin v. Werner Enterprises, Inc*., 15-cv-87, 2016 WL 11500217 at *2 (N.D. W. Va. Mar. 31, 2016) (discussing proportionality under Rule 26 and granting motion to compel discovery where defendant had maintained the requested discovery).  As such, the second factor favors Plaintiffs.

The "parties' resources", "the parties' relative access to relevant information", and "the burden or expense of the proposed discovery" proportionality factors also favor Plaintiffs.

Defendant Tristar is a large corporation that is an Inc. 5000 company.  In contrast, Plaintiff Charles Carter is a 48-year-old EMT and a volunteer fireman in Marion County, WV.

As to relative access to information, the expert reports and testimony that Plaintiffs are seeking are stored electronically and thus easily accessible.  As such, Tristar's burden to produce this electronically stored discovery is not overly burdensome or expensive.  In contrast, such discovery is not publicly available, and Plaintiffs can only get such relevant and critical documents from Tristar.

For all the reasons stated above, Plaintiffs' motion should be granted.  Defendant Tristar should be compelled to produce all expert reports and testimony from other Tristar Pressure Cooker cases.

## CONCLUSION

This Court should compel Defendant to fully produce responsive documents as described herein within ten (10) days of its order.

Dated: March 18, 2021

s/ Patrick C. Booth
Eric T. Chaffin, Esq.
Patrick C. Booth, Esq.
Steven D. Cohn, Esq.,
admitted *pro hac vice*
**CHAFFIN LUHANA LLP**
3200 Main Street
Weirton, WV 26062
Phone: (888) 480-1123
Fax: (888) 499-1123

Timothy Manchin, Esq.
Taylor B. Downs, Esq.
**MANCHIN INJURY LAW GROUP**
1543 Fairmont Ave., Suite 203
Fairmont, WV 26554

***Attorneys for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused the foregoing document to be served on the counsel of record below *via* the Court's ECF system on March 18, 2021.

<u>s/ Steven D. Cohn</u>
Steven D. Cohn

Jeffrey A. Holmstrand, Esq.
GROVE, HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, West Virginia 26003
jholmstrand@ghdlawfirm.com

Thaddeus J. Hubert, IV, Esq.
GOLDBERG SEGALLA
301 Carnegie Center Drive, Suite 200
Princeton, NJ 08540-6587
Thubert@goldbergsegalla.com

*Counsel for Defendant Tristar Products, Inc.
and Kohl's Corporation*