# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| Charles Carter, Jr. and RaeAnn Carter, | CIVIL ACTION |
| Plaintiffs, | No: 5:19-cv-00284-FPS |
| vs. | |
| Tristar Products, Inc., et al.; | |
| Defendants. | |

To:   Thaddeus J. Hubert, IV, Esq.
      GOLDBERG SEGALLA
      301 Carnegie Center Drive, Suite 200
      Princeton, NJ 08540-6587
      Thubert@goldbergsegalla.com

*Counsel for Defendant Tristar Products, Inc.*

**PLAINTIFFS' SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO
<u>DEFENDANT TRISTAR PRODUCTS, INC.</u>**

Plaintiffs, through counsel, herein propound the following Second Set of Interrogatories and First Requests for Production of Documents on the Defendant, Tristar Products, Inc., to be answered separately and fully in writing and under oath within thirty (30) days of service hereof, pursuant to the Federal Rules of Civil Procedure.

**<u>DEFINITIONS AND INSTRUCTIONS</u>**

As used herein, the following terms are defined as follows:

(A)   The pronoun "you" or "your" refers to the party to whom these requests are addressed, counsel for such party, such party's agents, representatives, employees, contractors, servants, experts, consultants, affiliates, subsidiaries, assigns, employees, directors or officers,

related entity or entities, including but not limited to any entity in the business of insurance, both collectively and individually.

(B)  The term "Plaintiffs" refers to Plaintiffs Charles Carter and RaeAnn Carter.

(C)  The term "Defendant" or "Tristar" refers to Tristar Products, Inc., and all related entities, and any of their respective agents, contractors, representatives, servants, experts, consultants, affiliates, subsidiaries, assigns, employees, directors or officers, both collectively and individually.

(D)  The term "Kohls" refers to Kohl's Corporation, and all related entities, and any of their respective agents, contractors, representatives, servants, experts, consultants, affiliates, subsidiaries, assigns, employees, directors or officers, both collectively and individually.

(E)  The term "Incident" refers to the February 16, 2018 incident referenced in Plaintiffs' Complaint.

(F)  The term "Pressure Cooker" includes any model of Pressure Cooker, including but not limited to all Tristar Power Pressure Cookers, including but not limited to Tristar Power Pressure Cooker XL, Model No. PPC780, that are designed, manufactured, marketed, and/or sold by any company, including but not limited to Defendant Tristar.

(G)  The Relevant Time Period for the below Interrogatories and Requests is January 1, 2008 to present.

(H)  The term "person" is used in its broadest possible sense and includes, without limitation, any natural person, corporation, partnership, limited partnership, limited liability partnership, limited liability company, business trust, proprietorship, joint venture, association, government entity, group, or other form of legal entity.

(I)     The term "document" is to be construed in its broadest possible sense and includes, but is not limited to, all paper writings, mechanical or electrical transcriptions, notes of oral conversations, reports, studies and test results, if any, in the possession of or under the control of the Defendant, Defendant's agents, employees or representatives.

(J)     The term "document" or "documents" also means the original and any non-identical copy, regardless of origin or location, of any writing or record of any type or description; including but not limited to the original and any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study inter-office or intra-office communication, regardless of whether stored in tangible or electronic form.

(K)     The term "communication" is used in its broadest sense and refers to any oral, written, video, photographic, or other means utilized to express an idea, thought, or information from one person to another, or among persons. "Communication" includes, without limitation, the substance of oral or written information recorded by a person in any way or transmitted from one person to another in any way and includes the tangible or intangible things in which such information is embodied, including documents, instant messaging, SMS messaging, voicemail, electronic communications, e-mails, facsimiles, telephone conversations, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" includes instances where one party addresses one or more other parties, regardless of whether the other part(ies) respond.

(L)     The term "concerning," "involving," "reflecting," "relating to," "related to," or "regarding" include, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying,

surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

(M)   The term "thing" is to be construed in its broadest possible sense, including tangible things and things stored in electronic form.

(N)   The term "all" includes the collective as well as the singular and shall also mean "each," "any," and "every." "Any" shall be construed to mean "any and all."

(O)   The term "or", "and" and "and/or" should be construed so as to require the broadest possible response. If, for example, an interrogatory calls for information about "A or B" or "A and B," You should provide all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" mean "and/or."

(P)   Each of the following Interrogatories shall be deemed continuing up to the time of trial in that supplementary answers shall be supplied by the Defendant if different, more complete, or additional information becomes known to the Defendant.

(Q)   Each of the following Interrogatories not only calls for your knowledge, but also for all knowledge that is available to you by reasonable inquiry, including inquiry of your employees, representatives, agents, investigators and attorneys and not only such information known to you by your personal knowledge.

(R)   Where the Interrogatory answer requested, or any part thereof, is based upon information not within the personal knowledge of the person or persons responding, that answer shall also identify, as defined below, the source of that information.

(S)   If you cannot answer the following Interrogatories in full and complete detail after exercising due diligence to secure the information to do so, please state and answer to the extent possible, specifying in each instance your inability to answer the remainder and stating whatever

information or knowledge you have concerning the unanswered portions, and to the best of your knowledge the names, addresses and telephone numbers of all persons and organizations where such information is, will be or is believed to be. The following Interrogatories must be answered in full even if you believe that the number of Interrogatories or subparts to Interrogatories has exceed the number of Interrogatories allowed per the Federal Rules of Civil Procedure or local rule.

(T)   The Requests for production are to be considered continuing in nature such that all requested documents and things obtained, prepared or otherwise generated in the future through the completion of these proceedings are requested to be produced.

(U)   Each document or thing produced in response to any of the specifications herein is to be marked to indicate the specific number in response to which it is being submitted.

(V)   In answering these Requests for production, please furnish all documents or things which are available to you or your agents, including documents or tangible things in the possession of your counsel or investigators for you or your counsel, and note merely such documents or tangible things in your personal possession.

(W)   If any documents or things are withheld under any claim of privilege, with respect to each such document or thing, please produce a privilege log regarding the source of any such information, which includes:

    (1)   the identity of the document or thing;

    (2)   the document or thing's date of creation;

    (3)   if sent to any person or entity, its sender and its recipient(s), both of the original and any copies; and

    (4)   the subject matter and basis for any claim of privilege.

(X) "Identify", "identity" or "identification", as applied to a person, including persons living or dead, means to state the following:

    (1) Full name, including maiden name, if applicable;

    (2) Relationship of the person to Defendant, including job title;

    (3) Job description;

    (4) Present business and home address;

    (5) The name of the person's immediate supervisor; and

    (6) The telephone number where that person may be reached.

(Y) "Identify", "identity" or "identification" as applied to any writing or documents means to state the following:

    (1) The creation date or date on which it was executed;

    (2) The identity of its author;

    (3) The identity of its sender, if applicable;

    (4) The identity of its recipient, if applicable;

    (5) The document title and format;

    (6) A complete summary of its contents;

    (7) The identity of persons knows or believed to have possession, custody, or access to the writing;

    (8) The document's location; and

    (9) In lieu of subparagraphs 1, 5, and 6, above, and to obviate a request to produce said writing or document, the Defendant may attach a true and accurate copy thereof to the answers to these Interrogatories.

(Z) "Identify", "identity" or identification", as applied to a company, corporation, association, partnership, or any legal entity other than a natural person, means to state its:

(1) Full name and type of organization or entity;

(2) Address of principal place of business;

(3) Jurisdiction and date of incorporation of organization.

## INTERROGATORIES

**INTERROGATORY NO. 1**
Please identify each and every report or communication You have received, from 2014 to present, of a burn or similar injury from the following models of Your Pressure Cookers: PPC 770, PPC770-1, PPC 780, PPC 780P, PPC 790, PCXL/PRO8, PC-PR08, YDB60-100, PC-WAL1, PC-TRI6, PCXL/PRO6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC 773, PC-WAL 2, PC-WAL 3, and PC-WAL 4.  For each such report or communication, please state the date of the incident, the date the report or communication was received by You, the model of Pressure Cooker involved, and state the specific injury alleged.

ANSWER:

**INTERROGATORY NO. 2**
Please identify each and every report or communication You have received, from 2014 to present, of the lid of coming off one of Your Pressure Cookers while there was pressure inside the cooker, or of a failure of Your Pressure Cooker's safety locking system which is designed to keep the lid on the cooker while there is pressure inside the cooker, for the following models of Your Pressure Cookers:  PPC 770, PPC770-1, PPC 780, PPC 780P, PPC 790, PCXL/PRO8, PC-PR08, YDB60-100, PC-WAL1, PC-TRI6, PCXL/PRO6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC 773, PC-WAL 2, PC-WAL 3, and PC-WAL 4.  For each such report or communication, please state the date of the incident, the date of the report or communication was received by You, the model of Pressure Cooker involved, and state the specific defect alleged.

ANSWER:

**INTERROGATORY NO. 3**
Please identify each and every modification related in any way to Pressure Cooker safety, or to reducing the risk that a Pressure Cooker user will be injured from a Pressure Cooker, made or considered by You or Your agents (including any forging manufacturer) for the following models of Your Pressure Cookers: PPC 770, PPC770-1, PPC 780, PPC 780P, PPC 790, PCXL/PRO8, PC-PR08, YDB60-100, PC-WAL1, PC-TRI6, PCXL/PRO6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC 773, PC-WAL 2, PC-WAL 3, and PC-WAL 4.  For each such

modification, please state the date of the modification, the specific modification made, and state the reason any such modification was made or considered.

ANSWER:

## REQUESTS FOR PRODUCTION

**Request No. 1.**
All Documents and Communications concerning each and every report or communication You have received, from 2014 to present, of a burn or similar injury from the following models of Your Pressure Cookers: PPC 770, PPC770-1, PPC 780, PPC 780P, PPC 790, PCXL/PRO8, PC-PR08, YDB60-100, PC-WAL1, PC-TRI6, PCXL/PRO6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC 773, PC-WAL 2, PC-WAL 3, and PC-WAL 4.

**Request No. 2.**
All Documents and Communications concerning each and every report or communication You have received, from 2014 to present, of the lid of coming off one of Your Pressure Cookers while there was pressure inside the cooker, or of a failure of Your Pressure Cooker's safety locking system which is designed to keep the lid on the cooker while there is pressure inside the cooker, for the following models of Your Pressure Cookers:  PPC 770, PPC770-1, PPC 780, PPC 780P, PPC 790, PCXL/PRO8, PC-PR08, YDB60-100, PC-WAL1, PC-TRI6, PCXL/PRO6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC 773, PC-WAL 2, PC-WAL 3, and PC-WAL 4.

**Request No. 3.**
All Documents and Communications concerning each and every modification made by You or Your agents (including any forging manufacturer) related in any way to Pressure Cooker safety, or to reducing the risk that a Pressure Cooker user will be injured from a Pressure Cooker, made or considered by You for the following models of Your Pressure Cookers: PPC 770, PPC770-1, PPC 780, PPC 780P, PPC 790, PCXL/PRO8, PC-PR08, YDB60-100, PC-WAL1, PC-TRI6, PCXL/PRO6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC 773, PC-WAL 2, PC-WAL 3, and PC-WAL 4.

**Request No. 4.**

All deposition and trial transcripts of any of Your employees, experts, or agents who testified regarding any alleged defect or injury related to the following models of Your Pressure Cookers: PPC 770, PPC770-1, PPC 780, PPC 780P, PPC 790, PCXL/PRO8, PC-PR08, YDB60-100, PC-WAL1, PC-TRI6, PCXL/PRO6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC 773, PC-WAL 2, PC-WAL 3, and PC-WAL 4.

**Request No. 5.**
All Documents responsive to or reflected in Your responses to Plaintiffs' Interrogatories above.

DATE: June 18, 2020

                                                <u>*s/ Patrick C. Booth*</u>
                                                Eric T. Chaffin, Esq.
                                                Patrick C. Booth, Esq.
                                                Steven D. Cohn, Esq.
                                                CHAFFIN LUHANA LLP
                                                615 Iron City Drive
                                                Pittsburgh, PA 15205

                                                Timothy Manchin, Esq.
                                                Taylor B. Downs, Esq.
                                                MANCHIN INJURY LAW GROUP
                                                1543 Fairmont Ave., Suite 203
                                                Fairmont, WV 26554

                                                *Counsel for Plaintiffs*

## **VERIFICATION**

I, _____, hereby state that I am _____; that I am authorized to make this verification on behalf of _____ in the foregoing action; that I have personal knowledge of the statements made in the foregoing Answers to _____; and that the statements made herein are true and correct to the best of my knowledge, information, and belief.

_____
Name

_____
Job Title

Dated:

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2020, I caused PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT TRISTAR PRODUCTS, INC. to be served on the below counsel of record *via* U.S. Mail and electronic mail.

Jeffrey A. Holmstrand, Esq.
GROVE, HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, West Virginia 26003
jholmstrand@ghdlawfirm.com


Thaddeus J. Hubert, IV, Esq.
GOLDBERG SEGALLA
301 Carnegie Center Drive, Suite 200
Princeton, NJ 08540-6587
Thubert@goldbergsegalla.com

*Counsel for Defendant Tristar Products, Inc. and Kohl's Corporation*

                                                                             s/ Steven D. Cohn
                                                                             Steven D. Cohn