# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Charles Carter, Jr. and RaeAnn Carter,

    Plaintiffs,

        vs.                                      CIVIL ACTION No: 5:19-cv-00284-JPB

Tristar Products, Inc., et al.;

    Defendants.

**OBJECTIONS, ANSWERS, AND RESPONSES OF TRISTAR PRODUCTS, INC., TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**OBJECTIONS TO "DEFINITIONS AND INSTRUCTIONS"**

1.    The Responding Defendant, Tristar Products, Inc. ("Tristar") objects to the following DEFINITIONS AND INSTRUCTIONS" to the extent they are inconsistent with the provisions of the Northern District of West Virginia Local Rule of Civil Procedure 26.02. The responding Defendant will use the definitions set forth in that rule:

    a.    "You" or "Your" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(5);

    b.    "Defendant" or "Tristar" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(5);

    c.    "Kohls" as being inconsistent with N.D.W.Va. L. R.Civ.P. 26.02(c)(5);

    d.    "Person" as being inconsistent with N.D.W.Va. L. R. Civ.P. 26.02(c)(6);

    e.    "Document" or "Documents" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(2);

    f.    "Communication" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(1);

g. "Concerning," "involving," "reflecting," "relating to," "relating to," and "regarding" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(7); and

h. "Identify," "identity," or "identification" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.02(c)(3) and (4).

2. Responding Defendant objects to the Paragraph (G) of the "Instructions and Definitions (purporting to define "Relevant Time Period") as not being proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3. Responding Defendant objects to Paragraphs (P) and (T) of the "Instructions and Definitions" as being inconsistent with Federal Rule of Civil Procedure 26(3) and the Court's November 18, 2019 Scheduling Order.

4. Responding Defendant objects to Paragraph Q of the "Instructions and Definitions" to the extent that it purports to extend the requirement of "reasonable inquiry" beyond that encompassed in Federal Rule of Civil Procedure 26(g).

5. Responding Defendant objects to Paragraph (S) of the "Instructions and Definitions" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.01(c).

6. Responding Defendant objects to Paragraph (W) of the "Instructions and Definitions" as being inconsistent with N.D.W.Va. L.R.Civ.P. 26.04(a)(2).

**GENERAL OBJECTIONS**

Tristar asserts the following Objections to the Interrogatories. Tristar's Answers to Interrogatories are subject to and otherwise limited in accordance with the following Objections,

2

which are incorporated therein as if fully set forth, and information subject to those objections will not be provided unless otherwise indicated. Tristar hereby expressly reserves the right to object to the introduction into evidence, at trial or in any other proceeding, of any information contained in or referred to in the following discovery Answers on any ground, including, without limitation, relevance and materiality.

      a.    Nothing herein is intended to waive the following objections, which are all expressly reserved: (a) objections as to competency, relevancy, materiality and/or admissibility of the subject matter of the Interrogatories; (b) objections on any ground as to the use of any information provided in response to the Interrogatories; and (c) objections on any ground to any request for further Answers to those Interrogatories.

      b.    All of the Answers herein will be subject to and limited by these Objections, and information subject to those objections will not be disclosed unless otherwise indicated. Tristar's failure to object to an individual Interrogatory, or its agreement to produce documents/information, does not constitute a representation that such documents/information exist, or that the documents/information produced are all of the documents/information responsive to the Interrogatories in Tristar's possession, custody and control, but only that Tristar has made, and will continue to make a good faith effort to search for and retrieve responsive documents/information and, subject to any and all of the Objections, to produce such responsive documents/information when and if they are located.

      c.    While specific objections may be raised in answers to the Interrogatories, each of the Objections are expressly incorporated in these answers as well.

      d.    Subject to the foregoing objections and to the particular objections set forth in the answers below, Tristar has made a good faith effort to answer Plaintiff's

3

Interrogatories to the extent they seek relevant and material information and as though they were properly propounded and reserve the right to object on these grounds to any further discovery.

   e. Tristar reserves the right to amend or supplement its objections and answers as may be appropriate.

## TRISTAR'S ANSWERS TO PLAINTIFFS' INTERROGATORIES

### INTERROGATORY NO. 1

Please identify each and every report or communication You have received, from 2014 to present, of a burn or similar injury from the following models of Your Pressure Cookers: PPC 770, PPC770-1, PPC 780, PPC 780P, PPC790, PCXL/PRO8, YDB60-100, PC-WAl1, PC-TRI6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC773, PC-Wal 2, PC-WAL 3, and PC-WAL 4. For each such report or communication, please state the date of the incident, the date of the report or communication was received by You, the model of Pressure Cooker involved, and state the specific injury alleged.

**ANSWER: Tristar objects as this interrogatory request violates Local Rule Of Civil Procedure 26.01(c)(4), the Court's November 18, 2019 Scheduling Order, and Federal Rule of Civil Procedure 33(a)(1), all of which limit the number of interrogatories to "25 written interrogatories, including all discrete subparts." Plaintiff previously propounded 22 Interrogatories. Of those 22 interrogatories the following interrogatories contained discrete subparts: no. 3a-f, no. 6a-e and if responded to in the affirmative, a-c, no. 8a-c, no. 9a-b, 12a-d and 18a-e. Accordingly, Plaintiff must seek leave of Court to serve these Interrogatories.**

**Without waiving the above objection, Tristar states it has already produced the information responsive to this interrogatory in response to Plaintiffs' First Set of Requests for Production and such documents were produced as kept in the usual course of business. Furthermore, Tristar objects as it is under no obligation to identify or label this information as the information was provided in the usual course of business.** *See* **Rule 34(b)(2)(E)(i). Additionally, production of all of the requested discovery is not relevant, necessarily duplicative and not proportional to the needs of the case.** *See* **Rule 26(b)(1).**

### INTERROGATORY NO. 2

Please identify each and every report or communication You have received, from 2014 to present, of the lid coming off one of Your Pressure Cookers while there was pressure inside the cooker, or of a failure of Your Pressure Cooker's safety locking system which is designed to keep the lid on the cooker while there is pressure inside the cooker, for the following models of Your Pressure Cookers: PPC 770, PPC770-1, PPC 780, PPC 780P, PPC790, PCXL/PRO8, YDB60-100, PC-WAl1, PC-TRI6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC773, PC-Wal 2, PC-WAL 3, and PC-WAL 4. For each such report or communication, please state the date of the incident, the date of the report or communication was received by You, the model of Pressure Cooker involved, and state the specific defect alleged.

**ANSWER: Tristar objects as this interrogatory request violates Local Rule Of Civil Procedure 26.01(c)(4), the Court's November 18, 2019 Scheduling Order, and Federal Rule of Civil Procedure 33(a)(1), all of which limit the number of interrogatories to "25 written interrogatories, including all discrete subparts." Plaintiff previously propounded 22**

5

**Interrogatories. Of those 22 interrogatories the following interrogatories contained discrete subparts: no. 3a-f, no. 6a-e and if responded to in the affirmative, a-c, no. 8a-c, no. 9a-b, 12a-d and 18a-e. Accordingly, Plaintiff must seek leave of Court to serve these Interrogatories.**

**Without waiving the above objection, Tristar states it has already produced the information responsive to this interrogatory in response to Plaintiffs' First Set of Requests for Production and such documents were produced as kept in the usual course of business. Furthermore, Tristar objects as it is under no obligation to identify or label this information as the information was provided in the usual course of business.** *See* **Rule 34(b)(2)(E)(i). Additionally, production of all of the requested discovery is not relevant, necessarily duplicative and not proportional to the needs of the case.** *See* **Rule 26(b)(1).**

### INTERROGATORY NO. 3

Please identify each and every modification related in any way to Pressure Cooker safety, or to reducing the that a Pressure Cooker user will be injured from a Pressure Cooker, made or considered by You or Your agents (including any foreign manufacturer) for the following models of Your Pressure Cookers:  PPC 770, PPC770-1, PPC 780, PPC 780P, PPC790, PCXL/PRO8, YDB60-100, PC-WAl1, PC-TRI6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC773, PC-Wal 2, PC-WAL 3, and PC-WAL 4.  For each such modification, please state the date of the modification, the specific modification made, sand state the reason any such modification was made or considered.

**ANSWER:   Tristar objects as this interrogatory request violates Local Rule Of Civil Procedure 26.01(c)(4), the Court's November 18, 2019 Scheduling Order, and Federal Rule of Civil Procedure 33(a)(1), all of which limit the number of interrogatories to "25 written interrogatories, including all discrete subparts." Plaintiff previously propounded 22 Interrogatories. Of those 22 interrogatories the following interrogatories contained discrete subparts: no. 3a-f, no. 6a-e and if responded to in the affirmative, a-c, no. 8a-c, no. 9a-b, 12a-d and 18a-e. Accordingly, Plaintiff must seek leave of Court to serve these Interrogatories.**

**Without waiving the above objection, Tristar states it has already produced the information responsive to this interrogatory in response to Plaintiffs' First Set of Requests for Production and such documents were produced as kept in the usual course of business. Furthermore, Tristar objects as it is under no obligation to identify or label this information as the information was provided in the usual course of business.** *See* **Rule 34(b)(2)(E)(i). Additionally, production of all of the requested discovery is not relevant, necessarily duplicative and not proportional to the needs of the case.** *See* **Rule 26(b)(1).**

## TRISTAR'S RESPONSE TO PLAINTIFFS' REQUESTS FOR PRODUCTION

**Request No. 1**

All Documents and Communications concerning each and every report or communication You have received, from 2014 to present, of a burn or similar injury from the following models of Your Pressure Cookers: PPC 770, PPC770-1, PPC 780, PPC 780P, PPC790, PCXL/PRO8, YDB60-100, PC-WAl1, PC-TRI6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC773, PC-Wal 2, PC-WAL 3, and PC-WAL 4.

**Answer: Tristar objects because this Request for Production seeks the same Documents sought in Requests For Production contained in Plaintiff's First Set of Discovery Requests To Defendant to which Tristar has already responded and Tristar has produced relevant, responsive documents as kept in the usual course of business. Federal Rule Civil Procedure 26(b)(2)(C)(i).**

**Furthermore, Tristar is under no obligation to identify or label this information as the information was provided in the ordinary course of business.** *See* **Rule 34(b)(2)(E)(i). Additionally, production of all of the requested discovery is not relevant, necessarily duplicative and not proportional to the needs of the case.** *See* **Rule 26(b)(1).**

**Request No. 2**

All Documents and Communications concerning each and every report or communication You have received, from 2014 to present, of the lid of coming off one of Your Pressure Cookers while there was pressure inside the cooker, or of a failure of Your Pressure Cooker's safety locking system which is designed to keep the lid on the cooker while there is pressure inside the cooker, for the following models of Your Pressure Cookers: PPC 770, PPC770-1, PPC 780, PPC 780P, PPC790, PCXL/PRO8, YDB60-100, PC-WAl1, PC-TRI6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC773, PC-Wal 2, PC-WAL 3, and PC-WAL 4.

**Answer: Tristar objects because this Request for Production seeks the same Documents sought in Requests For Production contained in Plaintiff's First Set of Discovery Requests To Defendant to which Tristar has already responded and Tristar has produced relevant, responsive documents as kept in the usual course of business. Federal Rule Civil Procedure 26(b)(2)(C)(i).**

**Furthermore, Tristar is under no obligation to identify or label this information as the information was provided in the ordinary course of business.** *See* **Rule 34(b)(2)(E)(i). Additionally, production of all of the requested discovery is not relevant, necessarily duplicative and not proportional to the needs of the case.** *See* **Rule 26(b)(1).**

**Request No. 3**

All Documents and Communications concerning each and every modification made by You or Your agents (including any foreign manufacturer) related in any way to Pressure Cooker safety,

or to reducing the risk that a Pressure Cooker user will be injured from a Pressure Cooker, made or considered by You for the following models of Your Pressure Cookers:  PPC 770, PPC770-1, PPC 780, PPC 780P, PPC790, PCXL/PRO8, YDB60-100, PC-WAl1, PC-TRI6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC773, PC-Wal 2, PC-WAL 3, and PC-WAL 4.

**Answer: Tristar objects because this Request for Production seeks the same Documents sought in Requests For Production contained in Plaintiff's First Set of Discovery Requests To Defendant to which Tristar has already responded and Tristar has produced relevant, responsive documents as kept in the usual course of business.  Federal Rule Civil Procedure 26(b)(2)(C)(i).**

**Furthermore, Tristar is under no obligation to identify or label this information as the information was provided in the ordinary course of business.  *See* Rule 34(b)(2)(E)(i). Additionally, production of all of the requested discovery is not relevant, necessarily duplicative and not proportional to the needs of the case.  *See* Rule 26(b)(1).**

**Request No. 4**

All deposition and trial transcripts of any of Your employees, experts, or agents who testified regarding any alleged defect or injury related to the following models of Your Pressure Cookers: PPC 770, PPC770-1, PPC 780, PPC 780P, PPC790, PCXL/PRO8, YDB60-100, PC-WAl1, PC-TRI6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC773, PC-Wal 2, PC-WAL 3, and PC-WAL 4.

**Answer:  Tristar objects because this Request for Production seeks the same Documents sought in Requests For Production contained in Plaintiff's First Set of Discovery Requests To Defendant to which Tristar has already responded and Tristar has produced relevant, responsive documents as kept in the usual course of business.  Federal Rule Civil Procedure 26(b)(2)(C)(i).**

**Tristar further objects to this Request For Production.  The deposition of every employee, expert, or "agent" is not relevant to the specific claims and defenses in this case.  *See* Rule 26(b)(1).  For example, Tristar is under no obligation to produce copies of reports from experts it has not retained in this case, and at this time, Tristar has not retained any experts.  Further, this request is necessarily duplicative and not proportional to the needs of the case.  *See* Rule 26(b)(1).**

**Request No. 5.**

All Documents responsive to or reflected in Your responses to Plaintiffs' Interrogatories above.

**Answer:   Trisar objects based upon the objections identified to the Answers to Interrogatories.  Tristar further objects because Request for Production seeks the same**

8

**Documents sought in Requests For Production contained in Plaintiff's First Set of Discovery Requests To Defendant to which Tristar has already responded and Tristar has produced relevant, responsive documents as kept in the usual course of business. Federal Rule Civil Procedure 26(b)(2)(C)(i).**

TRISTAR PRODUCTS, INC.,

By: _____
Its counsel

Jeffrey A. Holmstrand (#4893)
Jeffrey A. Grove (#6065)
GROVE HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, West Virginia 26003
(304) 905-1961
jholmstrand@ghdlawfirm.com
jgrove@ghdlawfirm.com


Thaddeus J. Hubert, IV (*admitted pro hac vice*)
GOLDBERG SEGALLA LLP
301 Carnegie Center, Suite 200
Princeton, NJ 08540
(609)986-1300
thubert@goldbergsegalla.com

## VERIFICATION

I, _Astrid Hunton_, hereby state that I am authorized to make this verification on behalf of Tristar Products Inc., in the foregoing action; that I have personal knowledge of the statements made in the foregoing Answers to Interrogatories; and that the statements made herein are true and correct to the best of my knowledge, information and belief.

_____
Name

_Vice President Customer Experience_
Job Title

Dated:

25373195.v1