# Exhibit F



**600 THIRD AVENUE**
**12TH FLOOR**
**NEW YORK, NEW YORK 10016**

TOLL FREE: (888) 480-1123
FAX: (888) 499-1123
www.ChaffinLuhana.com

November 3, 2020

<u>*Sent Via Email and US Mail*</u>
Jeffrey A. Holmstrand, Esq.
Grove, Holmstrand & Delk, PLLC
44 ½ 15th Street
Wheeling, West Virginia 26003
jholmstrand@ghdlawfirm.com

Thaddeus J. Hubert, IV, Esq.
Goldberg Segalla
301 Carnegie Center Drive, Suite 200
Princeton, NJ 08540-6587
Thubert@goldbergsegalla.com

  **Re:**  *Charles Carter, Jr. and RaeAnn Carter v. Tristar Products, Inc. et al.*
    **No. 5:19-cv-00284-FPS**

Dear Ted:

  I write in response to your October 30, 2020 letter and November 2, 2011 email regarding certain outstanding discovery matters as outlined below. As follow up, please see the below:

1. **Depositions**: Plaintiff will take Tristar's 30(b)(6) deposition on December 15, 2020 and the deposition of Matt Fisher on December 17, 2020. Please see the enclosed deposition notices for these depositions. Please let us know your preferred locations for these witnesses so that we may schedule respective court reporters and videographers for these depositions.

   Plaintiff reserves the right and intends to depose the other witnesses Plaintiff has identified previously after these first depositions are conducted, including deposing Adam Levy when he returns from China. Please note that we have not requested Mr. Mirichandani's deposition *prior* to deposing any Tristar employees, as you erroneously

2. **Deposition Transcripts and Exhibits**: Per your October 30, 2020 letter, we appreciate your efforts to obtain this necessary discovery. Please continue your efforts to obtain this discovery which is in Tristar's custody, possession, and/or control and apprise us of your efforts to obtain such discovery.

state. Rather, as we have stated previously, we intend to depose Mr. Mirchandani after other initial Tristar depositions have been taken place, dependent upon information obtained at these depositions and through discovery. I further note that when Jim Meyers testified in place of Keith Mirchandani previously, he was unable to answer numerous relevant questions on Mr. Keith Mirchandani's behalf.

3. **Information Stating Which Produced Documents are Responsive to Propounded Interrogatories**: You stated that you would provide this information by November 2, 2020. To date, you have not produced this information. Please immediately produce this information as stated.

4. **Amended Scheduling Order**: Please see the attached draft Joint Motion and Proposed Amended Scheduling Order. Please let us know if you have any proposed edits, or please let us know if we may add your e-signature to the Joint Motion and file.

5. **Expert Depositions and Reports from Previous Litigation**: As you know, Plaintiff has requested that Tristar produce expert depositions and reports from previous litigations involving Tristar's Pressure Cookers. At our last meet and confer, you indicated that Defendant Tristar would likely not produce this requested discovery based on relevancy, burden, and proportionality objections. As we have stated previously, such discovery is not only easily obtainable and proportional to the needs of this case, but such discovery will show or eliminate pressure cooker defects which are directly related to Plaintiffs' claims, and Tristar's knowledge and understanding of such defects. Accordingly, please produce such responsive discovery by no later than November 13, 2020 or we will move to compel.

6. **Expert Inspection of the Subject Pressure Cooker**: We will consider your request to ship the Subject Pressure Cooker to Illinois and get back to you shortly.

7. **Motion to Waive the Appearance of Local Counsel at the Depositions**: We are fine with a Joint Motion to Waive the Appearance of Local Counsel at the Depositions. Please send us a draft motion.

As always, please let us know if you have any questions regarding the above.

Sincerely,

s/ Steven D. Cohn

Steven Cohn

Encls.
cc:    Patrick C. Booth, Esq.