IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES CARTER and RAEANN
CARTER,

        Plaintiffs,

v.                                  Case Number: 5:19-cv-00284-JPB

TRISTAR PRODUCTS, INC. and KOHL'S
CORPORATION,

        Defendants.

### PLAINTIFFS' STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37 AND LOCAL CIVIL RULE 37.02 IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO COMPEL DEFENDANT TRISTAR PRODUCTS, INC. TO PRODUCE DISCOVERY

I, Steven D. Cohn, Esq., hereby certify that the parties have conferred in good faith as required by Federal Rule of Civil Procedure 37, as follows:

1. The parties exchanged correspondence, and met and conferred, regarding the discovery dispute at issue.

2. On February 18, 2021, the parties attended a discovery conference before the Court regarding the discovery dispute described in Plaintiffs' motion. The Court ordered that if the parties could not reach a resolution, Plaintiffs may file their motion to compel discovery.

3. On February 23, 2021, Plaintiffs' counsel emailed Tristar's counsel inquiring if there was anything further the parties needed to discuss prior to Plaintiffs filing their motion to compel. On February 24, 2012, Tristar's counsel responded to Plaintiffs' counsel's email, and did not state there was anything further to discuss, thus confirming that the parties were at an impasse and could not reach a resolution of the discovery dispute.

4. Based on the above, the parties have sufficiently met and conferred regarding the discovery requested in Plaintiffs' Second Motion to Compel.

**PLAINTIFFS' LOCAL CIVIL RULE 37.02 REQUESTS AT ISSUE**

As stated in detail in Plaintiffs' Second Motion to Compel Defendant Tristar to Produce Discovery, responsive discovery to the below should be produced pursuant to Fed. R. Civ. P. 26(b)(1). Plaintiffs' Document Requests at issue are:

1. Plaintiffs' First Set of Interrogatories and Requests to Tristar at Req. No. 12: All Documents, including but not limited to all produced discovery documents, expert reports, deposition transcripts, and trial transcripts, from all legal actions that have been filed against You or by You in any Court in the United States involving injuries or alleged injuries in any way from a Pressure Cooker. Please also include: The caption, jurisdiction, filing number, and counsel of record for all parties in each action; The alleged occurrence and nature of the injury alleged to have been caused by the Pressure Cooker, if applicable; Whether it was alleged that the Pressure Cooker was defective and, if so, the alleged defects, if applicable; The status of each such action, including whether there was a resolution to the legal action, and, if so, the result; The names and addresses of each expert witness who testified in each such action, identifying whether an expert witness for You or for the plaintiff(s); and The names and addresses of each fact witness who testified on Your behalf in each such action.

Tristar's Response to Req. No. 12: Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PC-TRI6

at issue in this case. With respect to the non-objectionable portion of this Request, Tristar will produce responsive, non-privileged depositions, trial transcripts, or expert reports produced in prior PPC-780 cases which do not contain personal plaintiff information subject to privacy restraints.

2.      Plaintiffs' First Set of Interrogatories and Requests to Tristar at Req. No. 37: All Documents concerning experts that have been retained by You regarding the safety of Pressure Cookers, and the possibility that a Pressure Cooker may release or eject liquid or steam or items while under pressure, including but not limited to reports prepared in legal proceedings; opinions expressed in depositions or trial; reports submitted to journals; and opinions provided as testimony, reports or statements in regulatory activities, including but not limited to the CPSC, or other regulatory authority, or any advisory committee thereof.

Tristar's Response to Req. No. 37: Objection. This request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Tristar objects to this Request as premature to the extent it seeks expert discovery from Tristar for this lawsuit before it is required to disclose information and/or opinions that may or may not be used. Tristar further objects to this Request to the extent it seeks material protected by the attorney-client privilege, the work product doctrine, and/or the consulting expert privilege. Tristar further objects to this Request as seeking documents relating to pressure cookers other than the PCTRI6 at issue in this case. With respect to the non-objectionable portion of this Request, Tristar states that it will comply with scheduling orders and court rules regarding the disclosure of experts and

expert opinions in this case and reserves the right to supplement this response as discovery continues.

3.      <u>Plaintiffs' Second Set of Interrogatories and Requests to Tristar at Req. No. 4</u>: All deposition and trial transcripts of any of Your employees, experts, or agents who testified regarding any alleged defect or injury related to the following models of Your Pressure Cookers: PPC 770, PPC770-1, PPC 780, PPC 780P, PPC 790, PCXL/PRO8, PC-PR08, YDB60-100, PC-WAL1, PC-TRI6, PCXL/PRO6, PCXL/PRO6 (date code 1442), PPC 771, PPC 772, PPC 772P, PPC 773, PC-WAL 2, PC-WAL 3, and PC-WAL 4.

<u>Tristar's Response to Req. No. 4</u>:  Tristar objects because this Request for Production seeks the same Documents sought in Requests For Production contained in Plaintiff's First Set of Discovery Requests To Defendant to which Tristar has already responded and Tristar has produced relevant, responsive documents as kept in the usual course of business. Federal Rule Civil Procedure 26(b)(2)(C)(i). Tristar further objects to this Request For Production. The deposition of every employee, expert, or "agent" is not relevant to the specific claims and defenses in this case. See Rule 26(b)(1). For example, Tristar is under no obligation to produce copies of reports from experts it has not retained in this case, and at this time, Tristar has not retained any experts. Further, this request is necessarily duplicative and not proportional to the needs of the case. See Rule 26(b)(1).

Dated: March 18, 2021

s/ Patrick C. Booth
Eric T. Chaffin, Esq.
Patrick C. Booth, Esq.
Steven D. Cohn, Esq.,
admitted *pro hac vice*
**CHAFFIN LUHANA LLP**
3200 Main Street
Weirton, WV 26062
Phone: (888) 480-1123
Fax: (888) 499-1123

Timothy Manchin, Esq.
Taylor B. Downs, Esq.
**MANCHIN INJURY LAW GROUP**
1543 Fairmont Ave., Suite 203
Fairmont, WV 26554

***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

      I certify that I caused the foregoing document to be served on the counsel of record below *via* the Court's ECF system on March 18, 2021.

s/ Steven D. Cohn
Steven D. Cohn

Jeffrey A. Holmstrand, Esq.
GROVE, HOLMSTRAND & DELK, PLLC
44 ½ 15th Street
Wheeling, West Virginia 26003
jholmstrand@ghdlawfirm.com


Thaddeus J. Hubert, IV, Esq.
GOLDBERG SEGALLA
301 Carnegie Center Drive, Suite 200
Princeton, NJ 08540-6587
Thubert@goldbergsegalla.com

*Counsel for Defendant Tristar Products, Inc. and Kohl's Corporation*